# EXHIBIT 1

| | |
|---|---|
| **From:** | Roberts, Clement <croberts@orrick.com> |
| **Sent:** | Wednesday, September 30, 2020 8:11 PM |
| **To:** | Patrick Curran; Caridis, Alyssa |
| **Cc:** | Dan Smith; Rory Shea; Sean Sullivan; Matt Sampson; de Blank, Bas; Maruska, Amy; qe-google-sonos-ndca-3845; Sonos-NDCA03845-service |
| **Subject:** | RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer |

**[EXTERNAL EMAIL]**

Patrick –

Is there a reason you are unable or unwilling to send someone from, e.g., your Silicon Valley office to look at the code and answer your own questions?  According to Google Maps it is an 11 min drive.

For what its worth, the majority of the code is C++ but (like all commercial code bases) there are other languages including Java and Objective C.

Clem

**From:** Patrick Curran <patrickcurran@quinnemanuel.com>
**Sent:** Wednesday, September 30, 2020 4:57 PM
**To:** Roberts, Clement <croberts@orrick.com>; Caridis, Alyssa <acaridis@orrick.com>
**Cc:** Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Maruska, Amy <amaruska@orrick.com>; qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>; Sonos-NDCA03845-service <Sonos-NDCA03845-service@orrick.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

Clem,

Thank you for the information below.  We appreciate the responses on health & safety issues review candidates asked about for potential in-person review.  We may have follow-up questions on safety issues once we locate available reviewers with bandwidth.  For now we suggest the parties table those points and agree to work together on creating a safe review platform in the city or cities where in-person review will occur.  Please also let us know if Sonos reconsiders conducting remote source code review for this material.

Your email did not answer our first two questions, which address important gating issues:  What language or languages is the source code for the accused functionalities written in?  And how many lines of source code is Sonos making available for review, in how many versions?  Sonos has this information.  Sonos wrote this code.  Sonos identified this code as material that should be produced.  We need Sonos to share basic information about the code with us.  Without knowing what languages are at issue we cannot retain appropriate reviewers for that code – just as we could not retain interpreters for a document written in a foreign language without knowing which language the document was written in.  Can you please provide that requested information?  To ensure we know how many reviewers we will need, please also let us know how much code Sonos is making available across the three versions of code Sonos has produced.  Thanks again.

Regards,
Patrick

- -

Patrick Curran  |  T: +1 (617) 712-7103 (Boston) |  T: +1 (212) 849-7216 (NY) |  patrickcurran@quinnemanuel.com

**From:** Roberts, Clement <croberts@orrick.com>
**Sent:** Monday, September 28, 2020 10:53 PM
**To:** Patrick Curran <patrickcurran@quinnemanuel.com>; Caridis, Alyssa <acaridis@orrick.com>
**Cc:** Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Maruska, Amy <amaruska@orrick.com>; qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>; Sonos-NDCA03845-service <Sonos-NDCA03845-service@orrick.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

**[EXTERNAL EMAIL]**

Patrick –

I disagree with your email.  Nevertheless because you claim you cannot proceed without responses to your specific question:

1. What language or languages is the code Sonos making available written in?

2. How many lines of source code is Sonos making available for review at present, in how many different versions?

>>> If you will not simply talk to your colleagues about these issues than it is probably best for you to come look at the code and answer these questions (and any others questions you have) for yourself.

3. Can you please confirm that Sonos is willing to provide an additional copy of this code in any of Orrick's US offices, depending on where reviewers are located?

>>> Unfortunately, I cannot confirm, but we will do our best to accommodate you in line with my previous email on this topic.

We have also been asked the following health and safety questions by potential source code reviewers:

1. How many review computers will be made available for inspections?

>>> At the moment one computer is available.  If you feel you need more than one in order to provide prompt source-code level contentions we are open to discussing it.

2. In each office where Sonos is making code available, will Sonos make multiple review computers available in separate individual rooms, to allow reviewers to remain socially distant?

>>> To the extent we agree to provide multiple computers and, on the day you want to visit, multiple rooms are available, we would be happy to accommodate this request.  However, as I am sure you know, space appropriate for hosting a code review is limited, and demands for that space change on a day to day basis.

3. Can Sonos confirm the HVAC system in each review location will be well maintained with proper filtration, and not re-circulating air from the entire office into the review rooms (for example, by closing/blocking vents in the review room, if the building has not taken broader measures to protect occupants)?

>>>  Unfortunately, Orrick cannot make specific representations about the quality of the HVAC filtering system in our

office.  And while we ask visitors to certify that they do not have covid symptoms or positive test results before visiting our offices, we strongly suggest that individuals with compromised immune systems or who are may be particularly susceptible to infections or complications stay away from any indoor space in which others may be present – including our offices.

What review hours will Sonos accommodate – will Sonos be flexible on available review hours to avoid busy travel times on public transit?

>>>  Review hours are Monday through Friday during normal business hours excluding legal holidays.  You have the flexibility to start late and/or end early if it is helpful for your reviewer's ability to avoid public transit.  There is also ample and free parking around the silicon valley office, so reviewers may wish to drive a personal vehicle as a way to avoid public transit.

Clem

---

**From:** Patrick Curran <patrickcurran@quinnemanuel.com>
**Sent:** Monday, September 28, 2020 6:32 PM
**To:** Roberts, Clement <croberts@orrick.com>; Caridis, Alyssa <acaridis@orrick.com>
**Cc:** Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Maruska, Amy <amaruska@orrick.com>; qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>; Sonos-NDCA03845-service <Sonos-NDCA03845-service@orrick.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

Clem and Alyssa,

Thank you for the information below.  Most of the questions we asked last Friday about the source code review have not been answered.  Our questions about the January 2020 code apply equally to the May 2014 and June 2020 code referenced below.  We need answers to our questions from Friday in order to retain appropriate reviewers, disclose those reviewers under the protective order, and arrange source code inspections in available locations after reviewers are clear to begin review.  Can you please provide the information we requested last Friday, and provide that information for the May 2014, January 2020, and June 2020 code?

Clem, your email referenced the ITC action and suggested obtaining information from our colleagues in the ITC action for purposes of inspections in this case.  As you know, the ITC protective order bars use of protected information in other actions.  We are not permitted to use any information learned in the ITC action in this case, just as Sonos is not permitted to use any information learned in the ITC action in any other litigation.  Sonos and Google cannot unilaterally amend that protective order.  Only the ITC can amend the protective order.  Our firm takes its protective order obligations very seriously.  We know the ITC takes those obligations seriously as well.  Your suggestion that we obtain information about Sonos code from QE attorneys working in the ITC action is not helpful – we need Sonos to provide that information, in this case, under the protective order applicable in this case.  Sonos has the information we are asking for.  We trust that Sonos will provide the information we are requesting, so that the parties can work constructively to arrange for in-person review while the COVID situation is ongoing.

We appreciate the information on Orrick's NY office.  We will eliminate NY reviewers from consideration for an in-person review.  If Sonos decides to make this code available for remote inspection, please let us know, and we will reevaluate NY-area candidates.  Please let us know if any other Orrick offices will not work for source code inspection consistent with the concerns articulated below by some of our existing review candidates.  Thanks.

Regards,
Patrick

- -

Patrick Curran  |  T: +1 (617) 712-7103 (Boston) |  T: +1 (212) 849-7216 (NY)  |  patrickcurran@quinnemanuel.com

---

**From:** Roberts, Clement [mailto:croberts@orrick.com]
**Sent:** Monday, September 28, 2020 7:54 PM
**To:** Caridis, Alyssa <acaridis@orrick.com>; Patrick Curran <patrickcurran@quinnemanuel.com>
**Cc:** Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Maruska, Amy <amaruska@orrick.com>; qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>; Sonos-NDCA03845-service <Sonos-NDCA03845-service@orrick.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

**[EXTERNAL EMAIL]**

---

For clarity, *all* of this code is *currently* available at our Silicon Valley office and is being made available under the source code provisions of the ND Cal default protective order, and via the same logistics that QE has been using to successfully review Sonos's code in the ITC.

---

**From:** Caridis, Alyssa <acaridis@orrick.com>
**Sent:** Monday, September 28, 2020 4:48 PM
**To:** Roberts, Clement <croberts@orrick.com>; Patrick Curran <patrickcurran@quinnemanuel.com>
**Cc:** Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Maruska, Amy <amaruska@orrick.com>; qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>; Sonos-NDCA03845-service <Sonos-NDCA03845-service@orrick.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

Patrick –

Following up on this e-mail chain, I can confirm that the following source code is available for inspection:

1. Sonos source code for the accused products, as they existed in January 2020;
2. Sonos source code for the accused products, as they existed in May 2014 (six years prior to complaint); and
3. Sonos source code for the accused products, as they existed in June 2020.

Thank you for the draft case management report; we are working to revert with our edits.

Alyssa

---

**From:** Roberts, Clement <croberts@orrick.com>
**Sent:** Friday, September 25, 2020 8:16 PM
**To:** Patrick Curran <patrickcurran@quinnemanuel.com>
**Cc:** Caridis, Alyssa <acaridis@orrick.com>; Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Maruska, Amy <amaruska@orrick.com>; qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>; Sonos-NDCA03845-service <Sonos-NDCA03845-service@orrick.com>
**Subject:** Re: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

Patrick -

It's the exact same set up as in the ITC and we already told you that you could talk to your colleagues about their review and the code.   Even if you have concerns about talking with them about the substance of the code (notwithstanding our express approval) certainly you can talk to them about the logistics.  Put differently, QE has spent months reviewing this exact code under the exact conditions it is being made available.

Not all orrick offices are equally able to accommodate review because Covid restrictions vary by geographic location.  For example, NY is difficult because of building and elevator restrictions. But if you have a request for a particular location we will certainly consider it and accommodate you if we can.

Call me tomorrow if you have additional questions.  My cell is 1 (415) 806-6800

Clem

Sent from my iPhone

> On Sep 25, 2020, at 7:59 PM, Patrick Curran <patrickcurran@quinnemanuel.com> wrote:
>
> Alyssa,
>
> Attached please find a draft case management report.  This attempts to memorialize our earlier discussion on case management issues.  Where Sonos has not yet provided its position we've indicated the need for that information with placeholders.
>
> We are attempting to locate source code reviewers who can begin to analyze code in the near term.  We have the following questions to facilitate locating appropriate experts with bandwidth for near-term review:
>
> 1. What language or languages is the code Sonos making available written in?
>
> 2. How many lines of source code is Sonos making available for review at present, in how many different versions?
>
> 3. Can you please confirm that Sonos is willing to provide an additional copy of this code in any of Orrick's US offices, depending on where reviewers are located?
>
> We have also been asked the following health and safety questions by potential source code reviewers:
>
> 1. How many review computers will be made available for inspections?
>
> 2. In each office where Sonos is making code available, will Sonos make multiple review computers available in separate individual rooms, to allow reviewers to remain socially distant?
>
> 3. Can Sonos confirm the HVAC system in each review location will be well maintained with proper filtration, and not re-circulating air from the entire office into the review rooms (for example, by closing/blocking vents in the review room, if the building has not taken broader measures to protect occupants)?

4. What review hours will Sonos accommodate – will Sonos be flexible on available review hours to avoid busy travel times on public transit?

Thank you for your help obtaining answers to this questions, and for your attention to the draft case management report.  Please also let us know when we can expect Sonos's comments on the draft protective order and draft ESI order we circulated on September 15.

Regards,
Patrick

- -

Patrick Curran  |  T: +1 (617) 712-7103 (Boston) |  T: +1 (212) 849-7216 (NY) |
patrickcurran@quinnemanuel.com

---

**From:** Caridis, Alyssa [mailto:acaridis@orrick.com]
**Sent:** Tuesday, September 22, 2020 11:02 AM
**To:** Patrick Curran <patrickcurran@quinnemanuel.com>; Roberts, Clement <croberts@orrick.com>; Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Matt Sampson <sampson@ls3ip.com>; Maruska, Amy <amaruska@orrick.com>
**Cc:** qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>; Sonos-NDCA03845-service <Sonos-NDCA03845-service@orrick.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

**[EXTERNAL EMAIL]**

---

Thanks Patrick.
The source code for the Accused Products as of January 2020 is available for immediate inspection in Orrick's Silicon Valley office.  (We also may have the ability to move this to another Orrick office on request (subject to local Covid restrictions)).  We are in the process of gathering the code for the Accused Products that post-date January 2020; we expect that code to be available by the beginning of next week, but we will confirm when it is available.  All of this code is being made available for inspection pursuant to the NDCA Patent Local Rule 2-2 Interim Model Protective Order, while the parties negotiate a formal protective order.
We will get you comments shortly on the draft orders that you circulated.  Can you please let me know when we should expect Google's draft of the 26(f) statement?
Going forward, please include our e-mail reflector, copied here.
Alyssa
p.s. I assume it was just an oversight in your e-mail, but our proposal was not to "stay Sonos's invalidity contentions", but rather to require that initial infringement contentions include pincite source code citations, and give Google additional time to do so if it felt it needed to.  But I hear you that Google is not accepting this proposal.

---

**From:** Patrick Curran <patrickcurran@quinnemanuel.com>
**Sent:** Monday, September 21, 2020 2:01 PM
**To:** Caridis, Alyssa <acaridis@orrick.com>; Roberts, Clement <croberts@orrick.com>; Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Matt Sampson

<sampson@ls3ip.com>; Maruska, Amy <amaruska@orrick.com>
**Cc:** qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

Alyssa,

Following up on our discussion last week – thank you for confirming Sonos will produce source code, and for the offer to produce source code early in the case.  We look forward to reviewing source code as it is made available.

At this time we cannot agree to stay Sonos's invalidity contentions in the manner you proposed last week.  We believe the local rules should govern each party's disclosures.  Google will provide infringement contentions in accordance with those rules, and will commence source code review as code is made available.  Google will also supplement infringement contentions consistent with the local rules once Sonos completes an adequate production of source code and provides other discovery that may be necessary to analyze the code (for example, design documents and other technical documentation, as well as a corporate representative on relevant code).  We look forward to moving forward with that process.  We believe the parties should do so in parallel with invalidity contentions and claim construction, as the local rules require.

The draft protective order and ESI order that Google provided last week contain provisions that are relevant to source code and technical documents Sonos must produce under the local rules.  Please let us know when Sonos intends to provide comments on the drafts Google circulated last week.  Thank you.

Regards,
Patrick

- -

Patrick Curran  |  T: +1 (617) 712-7103 (Boston) |  T: +1 (212) 849-7216 (NY) |
patrickcurran@quinnemanuel.com

---

**From:** Patrick Curran
**Sent:** Wednesday, September 16, 2020 8:57 PM
**To:** 'Caridis, Alyssa' <acaridis@orrick.com>; Roberts, Clement <croberts@orrick.com>; Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Matt Sampson <sampson@ls3ip.com>; Maruska, Amy <amaruska@orrick.com>
**Cc:** qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

Alyssa,

We will circulate a dial-in for 1pm PT tomorrow.

As I mentioned below, "Although Sonos has elected not to answer Google's amended complaint while its partial motion to dismiss is pending, a meaningful discussion on a discovery plan will require discussion of the claims and defenses Sonos intends to raise in this case."  Your email does not appear to address

that issue. If Sonos intends to advance counterclaims in addition to affirmative defenses that will obviously be material to the discovery and case management plans. We trust Sonos will be forthright on these issues so that the parties can meaningfully discuss an appropriate case management framework for this litigation. Please be prepared to discuss what claims Sonos intends to pursue, and provide that information in advance of tomorrow's discussion if possible. Disclosure of that information, which Sonos already possesses, will facilitate our ability to exchange an appropriate proposal for the anticipated scope of the case. Thank you.

Regards,
Patrick

- -
Patrick Curran  |  T: +1 (617) 712-7103 (Boston) |  T: +1 (212) 849-7216 (NY) |
patrickcurran@quinnemanuel.com

---

**From:** Caridis, Alyssa [mailto:acaridis@orrick.com]
**Sent:** Wednesday, September 16, 2020 8:34 PM
**To:** Patrick Curran <patrickcurran@quinnemanuel.com>; Roberts, Clement <croberts@orrick.com>; Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>; Matt Sampson <sampson@ls3ip.com>; Maruska, Amy <amaruska@orrick.com>
**Cc:** qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

**[EXTERNAL EMAIL]**

---

Patrick,

We are available at 1:00 pm PT; if that works for you, please circulate a dial-in.

We will be prepared to discuss the items required pursuant to the NDCA rules. As the plaintiff, we expected that Google would circulate its proposals prior to any meet-and-confer. I would ask again that you do that so we can have a meaningful discussion.

Google just sent its draft ESI and Protective Orders last night. At least the PO deviates in material respects from the NDCA model order and the protective order agreed to in the ITC action. We are not now, nor will we be by tomorrow, in a position to discuss. But we will review and get back to you.

We can agree to treat electronic service as hand service. Please continue to serve the individuals copied here until we circulate an e-mail reflector.

Alyssa

---

**From:** Patrick Curran <patrickcurran@quinnemanuel.com>
**Sent:** Wednesday, September 16, 2020 11:45 AM
**To:** Caridis, Alyssa <acaridis@orrick.com>; Roberts, Clement <croberts@orrick.com>; Dan Smith� <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>; Matt Sampson <sampson@ls3ip.com>; de Blank, Bas <basdeblank@orrick.com>
**Cc:** qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>
**Subject:** Re: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

Alyssa,

We think it would be premature to move the case management conference at this stage, before we know if Judge Chen wants a hearing on the pending motion.  Please let us know what times later in the day tomorrow work for your team.  Please also let us know Sonos's thoughts on the other points below.  Thanks.

Regards,
Patrick

- -

Patrick Curran  |  T: +1 (617) 712-7103 (Boston) |  T: +1 (212) 849-7216 (NY) |
patrickcurran@quinnemanuel.com

---

**From:** "Caridis, Alyssa" <acaridis@orrick.com>
**Date:** Wednesday, September 16, 2020 at 1:05 PM
**To:** Patrick Curran <patrickcurran@quinnemanuel.com>, "Roberts, Clement" <croberts@orrick.com>, Dan Smith <smith@ls3ip.com>, Rory Shea <shea@ls3ip.com>, Sean Sullivan <sullivan@ls3ip.com>, Matt Sampson <sampson@ls3ip.com>, "de Blank, Bas" <basdeblank@orrick.com>
**Cc:** qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>
**Subject:** RE: Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

**[EXTERNAL EMAIL]**

---

Patrick,

We are not available at 9:30 am PT tomorrow.  While we could talk later in the day, we think it makes sense to jointly approach the Court seeking to continue the October 8 CMC so that it coincides with the hearing on Sonos's motion to dismiss (currently set for October 15).  Please let us know if this is acceptable; if so, we can draft a stipulation.

Alyssa

**From:** Patrick Curran <patrickcurran@quinnemanuel.com>
**Sent:** Tuesday, September 15, 2020 6:34 PM
**To:** Roberts, Clement <croberts@orrick.com>; Caridis, Alyssa <acaridis@orrick.com>; Dan Smith <smith@ls3ip.com>; Rory Shea <shea@ls3ip.com>; Sean Sullivan <sullivan@ls3ip.com>
**Cc:** qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>
**Subject:** Google v. Sonos, No. 3:20-cv-03845-EMC - meet and confer

Counsel,

We need to meet and confer in the above-captioned case on the topics in Rule 26(f), the points required in the joint case management statement due Oct. 1, and on ADR options per the NDCA local rules.  We are available at 9:30am PT / 12:30pm PT on Thursday September 17 to discuss these issues.  Please let us know your availability.

Although Sonos has elected not to answer Google's amended complaint while its partial motion to dismiss is pending, a meaningful discussion on a discovery plan will require discussion of the claims and defenses Sonos intends to raise in this case.  Please be prepared to address that issue as part of the upcoming meet and confer.

In addition to the points noted above, we would like to discuss potential agreements on (1) a protective order and (2) an order governing electronically stored information.  A draft protective order and draft ESI order are attached.  Please let us know if Sonos will agree to those drafts, or let us know (preferably in redline) what edits Sonos proposes.

Finally, please let us know if Sonos will agree to treat electronic service as hand service, and whether Sonos has an email reflector or reflectors for service in this litigation.  Our email reflector is copied here.  Thank you.

Regards,
Patrick

- -
Patrick Curran  |  T: +1 (617) 712-7103 (Boston) |  T: +1 (212) 849-7216 (NY) |
patrickcurran@quinnemanuel.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.


**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.


**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

<12344988_5_Google_Sonos - Draft Case Management Report (2).DOCX>

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.