1  Clement S. Roberts, Esq. (CA Bar No. 209203)
   croberts@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
3  405 Howard Street
   San Francisco, CA 94105-2669
4  Tel.: (415) 773-5700
   Fax: (415) 773-5759
5
   Bas de Blank, Esq. (CA Bar No. 191487)
6  basdeblank@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
7  1000 Marsh Road
   Menlo Park, CA 94025-1015
8  Tel.: (650) 614-7400
   Fax: (650) 614-7401
9
   Alyssa Caridis, Esq. (CA Bar No. 260103)
10 acaridis@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
11 777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
12 Tel.: (213) 629-2020
   Fax: (213) 612-2449
13
   Attorneys for Defendant
14 SONOS, INC.

15 *Additional Attorney Information on Next Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>    Defendant. | Case No. 3:20-CV-3845<br><br>**SONOS, INC.'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** |

***Additional Attorney Information***

George I. Lee, Esq.
lee@ls3ip.com
Sean M. Sullivan, Esq.
sullivan@ls3ip.com
Rory P. Shea, Esq.
shea@ls3ip.com
J. Dan Smith, Esq.
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St, Floor 5W
Chicago, IL 60661
Tel: (312) 754-0002
Fax: (312) 754-0003

1     Pursuant to Civil L.R. 3-12 and 7-11, Defendant Sonos, Inc. ("Sonos") submits its
2  opposition to Google LLC's ("Google") motion to consider whether the following cases are
3  related: *Google LLC v. Sonos, Inc.*, No. 3:20-cv-03845-EMC (the "Current Action"); and *Google
4  LLC v. Sonos, Inc.*, No. 3:20-cv-06754-LB (the "DJ Action").

## I.     INTRODUCTION

Google's motion should be rejected both on the merits and on the equity.

*On the merits*, the motion fails because the two cases are not related under the local rules or the applicable case law. While the cases concern the same parties, they do *not* concern the same patents, inventors, accused products or technologies. Because of this minimal overlap, there is little risk of "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges" as Civil L.R. 3-12 requires.

*On the equity*, Google's motion should be rejected or (at a minimum) stayed pending resolution of Sonos's motion to dismiss Google's DJ Action. As explained in that motion (*see* DJ Action, ECF No. 11) on Monday, September 28, Sonos sent Google a "courtesy copy" of its complaint along with a note saying that Sonos planned to file that complaint in the Western District of Texas (*i.e.*, near Google's Austin office) the following day, on Tuesday, September 29. In response, Google raced into court in this District to file a bare-bones declaratory judgment complaint a few minutes before midnight. As explained in Sonos's motion to dismiss the DJ Action, the DJ Action is a classic anticipatory suit. *See Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("[T]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse.").

In evaluating a motion to dismiss a suit as anticipatory, *one of* the things a court should consider is the convenience factors in a traditional §1404(a) analysis. In filing this motion, Google is hoping to collaterally attack the positions raised in Sonos's earlier-filed motion. Specifically, if Google can convince the Court that the cases substantially overlap, it can use *that* holding to argue that the § 1404(a) factors counsel against dismissing its DJ Action. The Court should not permit Google to use a five-page administrative motion to preempt Sonos's motion to

dismiss Google's DJ Action and/or prop up its improperly filed anticipatory suit. The Court should, therefore, either deny the administrative motion, or hold it in abeyance until Sonos' (earlier-filed) motion to dismiss the DJ action can be fully briefed and considered.

## II.     ARGUMENT

To establish that cases are related, Google must show (1) "[t]he actions concern substantially the same parties, property, transaction or event" *and* (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civil L.R. 3-12(a). Although the two cases here concern the same parties, they have little else in common, and Google has not shown there is any appreciable risk of duplication or conflicting results.

### A.     The Current Action and the DJ Action Involve Little More in Common Than the Same Parties.

The two cases here concern "the same parties, property, transaction or event" in only the most superficial sense: they involve the same parties, Google and Sonos. But the parties are situated differently in each case: in the Current Action, Google is the patentee and Sonos is the accused infringer; in the DJ Action, Sonos is the patentee and Google is the accused infringer. And the cases involve different property (*i.e.*, different patents and different accused products) and different transactions or events (*i.e.*, Sonos's alleged infringement and Google's alleged infringement).

Google's motion tries to gloss over these substantial differences by rewriting the "related case" definition and arguing the cases involve the "same… legal issues" and "same technologies." That's not true. Indeed, the legal issues are the "same" only insofar as both cases are patent cases. But because different patents (stemming from entirely different specifications and with completely different inventors) are involved in each case, the legal questions that must actually be decided—*e.g.*, claim construction, infringement, invalidity, priority, and conception dates—will be completely different. Similarly, the technology is the "same" only in the sense that both companies make network-connected audio players. In contrast, the Current Action will focus on accused Sonos products, while the DJ Action will focus on accused Google products.

1   And even if, as Google suggests, some products are relevant to both cases—as an accused product
2   in one case and as a patent-practicing product in the other—the *features* of those products that are
3   relevant in each case will be guided by the subject matter of the asserted patents. But those
4   features bear essentially no relation to each other. This is apparent from Google's own
5   descriptions of the subject matter of the patents as shown in the following chart:

| The Current Action | The DJ Action |
|---|---|
| Google's patents relate to:<br>• "improved introduction of devices into a domain-based digital rights management system"<br>• "exchange of data among audio devices within a mesh network, wherein the data is targeted at specific devices based on an identification code in a data packet"<br>• "adaptive echo cancellation and noise suppression in an audio device"<br>• "personalized and global searching of media content over a network, such as the Internet" | Sonos's patents relate to:<br>• "music playback in a network"<br>• "music playback device management in a network"<br>• "dynamic sound equalization in an audio device" |

(ECF No. 50 at 2-3.). Again, even at the heightened level of generality reflected in a "one sentence" description of the patent's subject matter, and using Google's *own* articulations, it is apparent that the patents in the two actions do not relate to *any* of the same subject matters.

### B.   There Is No Risk of Unduly Burdensome Duplication or Conflicting Results Between the Two Actions.

The minimal overlap between the two cases means there is also minimal risk of duplicate efforts or conflicting results if the cases are conducted before different judges. Courts in this District have repeatedly found that cases involving unrelated patents and/or different accused products do *not* meet the definition of "related cases" under Civil L.R. 3-12. *See, e.g.*, Order Denying Administrative Motion to Relate Cases, *Twilio, Inc. v. Telesign Corp.*, No. 16-cv-06925-LHK (N.D. Cal. June 27, 2018), ECF No. 198 (different patents); Order Denying Motion to Relate, *Vendio Servs., Inc. v. P.S. Prods., Inc.*, No. 10-cv-04455-JW (N.D. Cal. Nov. 19, 2010), ECF No. 20 (overlapping patents but different accused products); Order Modifying Schedule; Denying Motion to Relate, *NXP Semiconductors USA, Inc. v. LSI Corp.*, No. 08-cv-00775-JW (N.D. Cal. Jan 13, 2009), ECF No. 195 (different patents); Order Denying Motion to Relate,

*Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-LHK (N.D. Cal. Oct. 2, 2015), ECF No. 2152 (different patents).[1]

*Twilio*, for example, involved the same situation as here: an attempt to relate a second case between the same parties but with patentee and accused infringer roles reversed. The court noted that "[a]lthough the parties to the two actions are the same, there is no overlap in the patents, claims, specifications, prosecution histories, intrinsic records, or inventors at issue in the two cases." Caridis Decl. Ex. A, at 3 (*Twilio*). The court found "[b]ecause the two cases do not involve the same patents or even the same patent families, there is a low risk of inconsistent results" and concluded the cases were not related. *Id.* The same is true here.

*NXP* is also informative: like Google, the plaintiff in *NXP* argued that the cases involved the same general technology—there, semiconductor devices. Caridis Decl. Ex. C, at 3 (*NXP*). But the court found that was not enough: "[a]lthough Plaintiff represents that the patents in both cases generally involve the same type of technology, the two cases involve entirely different sets of patents. It does not appear . . . that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases [are] conducted before different judges." *Id.*

As in *Twilio* and *NXP*, there simply is not enough overlap between the Current Action and the DJ Action to present an appreciable risk of unduly burdensome duplication or conflicting results. Google notably does not identify any specific efforts that would be duplicated or potential results that might be in conflict. There are none.

### C. The Court Should Not Allow Google to Use an Administrative Motion to Prop Up an Improper Anticipatory Suit.

The Court should also deny this motion to prevent Google from using an order relating these cases to justify its improper anticipatory suit. As explained in Sonos's pending motion to dismiss, although it is *technically* the first filed action, Google's DJ Action should be dismissed or transferred to the Western District of Texas because (1) it is an improper anticipatory suit filed strictly to "deprive a plaintiff of his conventional choice of forum and timing" (*Z-Line Designs*,

---

[1] Copies of these decisions are attached as exhibits to the concurrently filed Declaration of Alyssa Caridis ("Caridis Decl.").

1   218 F.R.D. at 665), (2) Google improperly cut corners on its pre-suit investigation in its haste to

2   win the race to courthouse, and (3) the traditional convenience factors used in conjunction with §

3   1404(a) motions to transfer support dismissal or transfer.  *See* DJ Action, ECF No. 11 at 6-15.

4         This administrative motion is an attempt by Google to manipulate the convenience factor

5   analysis.  In particular, if the Court grants Google's motion to relate these cases, Google will use

6   that ruling to suggest that consolidation is also appropriate and that its anticipatory suit should

7   therefore be allowed to proceed.

8         The Court should not allow Google to use the abbreviated schedule and format of an

9   administrative motion to preempt Sonos's pending motion to dismiss especially where—as

10  here—the argument for relating the cases is so weak.  Thus, even if the Court is not inclined to

11  simply deny Google's motion on the merits, it should delay ruling on the motion until Sonos's

12  motion to dismiss the DJ Action has been adjudicated or (at the very least) fully briefed.  The

13  Court has the power to defer this decision under its inherent power "to control the disposition of

14  the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

15  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* David F. Herr, Manual for Complex

16  Litigation (4th ed. last updated May 2020), § 22.314 ("stay[ing] or defer[ring] decisions in the

17  cases before it until … dispositive motions pending in other courts are concluded" is a

18  recommended case management technique).  Indeed, depending on the outcome of Sonos's

19  pending motion to dismiss/transfer, this motion may be entirely mooted and thus deferral also

20  serves the goal of conserving judicial resources.

21  **III.   CONCLUSION**

22        Sonos respectfully requests that the court find the DJ Action is not related to the above-

23  captioned case within the meaning of Civil L.R. 3-12 or, at a minimum, defer ruling on the

24  motion until Sonos's motion to dismiss has been decided.

1 | Dated: October 19, 2020

ALYSSA M. CARIDIS
Orrick, Herrington & Sutcliffe LLP

By: /s/ *Alyssa M. Caridis*
ALYSSA M. CARIDIS
Attorneys for Defendant
SONOS, INC.