Clement S. Roberts, Esq. (CA Bar No. 209203)
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel.: (415) 773-5700
Fax: (415) 773-5759

Bas de Blank, Esq. (CA Bar No. 191487)
basdeblank@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Tel.: (650) 614-7400
Fax: (650) 614-7401

Alyssa Caridis, Esq. (CA Bar No. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel.: (213) 629-2020
Fax: (213) 612-2449

Attorneys for Defendant
SONOS, INC.

*Additional Attorney Information on Next Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>          Defendant. | Case No. 3:20-CV-3845<br><br>**DECLARATION OF ALYSSA CARIDIS IN SUPPORT OF SONOS, INC.'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** |

*Additional Attorney Information*

George I. Lee, Esq.
lee@ls3ip.com
Sean M. Sullivan, Esq.
sullivan@ls3ip.com
Rory P. Shea, Esq.
shea@ls3ip.com
J. Dan Smith, Esq.
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St, Floor 5W
Chicago, IL 60661
Tel: (312) 754-0002
Fax: (312) 754-0003

I, Alyssa Caridis, hereby declare:

1. I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for Defendant Sonos, Inc. in the above-captioned matter. I am a member of good standing of the Bar of the State of California. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matter set forth herein. I submit this declaration in support of Sonos, Inc.'s Opposition to Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12.

2. Attached hereto as **Exhibit A** is a true and correct copy of Order Denying Administrative Motion to Relate Cases, dated June 27, 2018, filed in *Twilio, Inc. v. Telesign Corp.*, No. 16-cv-06925-LHK (N.D. Cal.) at ECF No. 198.

3. Attached hereto as **Exhibit B** is a true and correct copy of Order Denying Motion to Relate, dated November 19, 2010, filed in *Vendio Servs., Inc. v. P.S. Prods., Inc.*, No. 10-cv-04455-JW (N.D. Cal.) at ECF No. 20.

4. Attached hereto as **Exhibit C** is a true and correct copy of Order Modifying Schedule; Denying Motion to Relate, dated January 13, 2009, filed in *NXP Semiconductors USA, Inc. v. LSI Corp.*, No. 08-cv-00775-JW (N.D. Cal.) at ECF No. 195.

5. Attached hereto as **Exhibit D** is a true and correct copy of Order Denying Motion to Relate, dated October 2, 2015, filed in *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-LHK (N.D. Cal.) at ECF No. 2152.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 19th day of October 2020 in Los Angeles, California.

/s/ *Alyssa M. Caridis*
ALYSSA M. CARIDIS

- 1 -

CASE NO. 3:20-CV-3845
CARIDIS DECL. ISO OPP. TO ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWILIO, INC.,<br><br>           Plaintiff,<br><br>    v.<br><br>TELESIGN CORPORATION,<br><br>           Defendant. | Case No. 16-CV-06925-LHK<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>Re: Dkt. No. 196 |

On April 30, 2015, Telesign filed a complaint in the Central District of California alleging that Twilio infringed claims of U.S. Patent No. 7,945,034 ("the '034 Patent"), No. 8,462,920 ("the '920 Patent"), and No. 8,687,038 ("the '038 Patent") ("the Telesign Case"). *Telesign Corp. v. Twilio, Inc.*, No. CV 15-3240 PSG, ECF No. 1. The district court denied a motion to dismiss, ECF No. 75, and denied a motion for a preliminary injunction, ECF No. 78. On March 9, 2016, the district court denied a motion for judgment on the pleadings. ECF No. 123. Also on March 9, 2016, the district court granted a motion to stay the Telesign Case pending *inter partes* review ("IPR"). ECF No. 124. On May 16, 2017, the district court granted Twilio's motion to consolidate and stay the related case of *Telesign Corp. v. Twilio, Inc.*, CV 16-2106 PSG. ECF No. 146. On April 13, 2018, the district court granted Telesign's ex parte application to reopen the

1

1  case because the relevant IPR proceedings had concluded. ECF No. 151. On May 30, 2018, the

2  district court granted Twilio's unopposed motion to transfer the case to the Northern District of

3  California based on the conclusion that venue was improper in the Central District of California

4  after *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017). ECF No.

5  155. The Telesign Case was then transferred to the Northern District of California and assigned to

6  Judge Vince Chhabria. *Telesign Corp. v. Twilio, Inc.*, No. 18-cv-3279-VC, ECF No. 162.

7  In this Court, on December 1, 2016, Twilio filed a complaint alleging that Telesign

8  infringed claims of U.S. Patent Nos. 8,306,021 ("the '021 Patent"), 8,837,465 ("the '465 Patent"),

9  8,755,376 ("the '376 Patent"), 8,738,051 ("the '051 Patent"), 8,737,962 ("the '962 Patent"),

10  9,270,833 ("the '833 Patent"), and 9,226,217 ("the '217 Patent") ("the Twilio Case"). ECF No. 1.

11  On March 31, 2017, the Court granted Telesign's motion to dismiss with respect to the '926 and

12  '833 Patents and denied the motion to dismiss the '021, '376, and '465 Patents. ECF No. 57. On

13  April 17, 2017, the Court granted Telesign's motion to dismiss with respect to the '051 Patent and

14  the '217 Patent. ECF No. 64. On October 13, 2017, the Court issued an order construing claim

15  terms of the '021, '465, and '376 Patents. ECF No. 137.

16  On April 3, 2018, the Court stayed the case pending *inter partes* review of the '376 and

17  '465 Patents. ECF No. 195.

18  On June 18, 2018, Twilio filed an administrative motion to consider whether the Telesign

19  Case before Judge Chhabria should be related to the Twilio Case in this Court. ECF No. 196. On

20  June 22, 2018, Telesign filed an opposition. ECF No. 197.

21  Both parties had previously represented in their joint case management statement that the

22  Telesign Case and Twilio Case are not related. ECF No. 45 at 7 ("This case is not related to any

23  other pending action. The parties are litigating different patents and different claims asserted by

24  Telesign against Twilio in [the Telesign Case]."). Moreover, in the Twilio Case, Twilio did not

25  file a notice of pendency of related case for the Telesign Case.

26  Civil Local Rule 3-12(a) provides that one action is related to another when "[t]he actions

27  concern substantially the same parties, property, transaction or event; and [i]t appears likely that

2

Case No. 16-CV-06925-LHK
ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES

1  there will be an unduly burdensome duplication of labor and expense or conflicting results if the
2  cases are conducted before different Judges."

3        The Court concludes that the Twilio Case and Telesign Case are not related under this
4  definition. Although the parties to the two actions are the same, there is no overlap in the patents,
5  claims, specifications, prosecution histories, intrinsic records, or inventors at issue in the two
6  cases, nor do the parties contend that the intellectual property covers substantially similar
7  technology. Because the two cases do not involve the same patents or even the same patent
8  families, there is a low risk of inconsistent results. In similar circumstances, other courts in this
9  district have found that cases are not related. *See NXP Semiconductors USA, Inc. v. LSI Corp.*,
10  No. C-08-00775-JW, ECF No. 196, (N.D. Cal. Jan. 13, 2009); *Hynix Semiconductor Inc. v.*
11  *Rambus Inc.*, Nos. C-00-20905 RMW, C-05-334 RMW, C-05-2298 RMW, C-06-244 RMW, C-
12  08-3343 SI, 2008 WL 3916304 (N.D. Cal. Aug. 24, 2008).

13        Accordingly, Twilio's administrative motion to consider whether the Twilio Case and
14  Telesign Case are related is DENIED.

15  **IT IS SO ORDERED.**

17  Dated: June 27, 2018

18  _____
19  LUCY H. KOH
    United States District Judge

3
Case No. 16-CV-06925-LHK
ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vendio Services, Inc., | NO. C 10-04455 JW |
| Plaintiff, | **ORDER DENYING MOTION TO RELATE** |
| v. | |
| P.S. Products, Inc., et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Vendio Services, Inc.'s Administrative Motion to Consider Whether Cases Should be Related.[1] Plaintiff's Motion seeks the Court's determination as to whether Alibaba.com Hong Kong, et al. v. P.S. Products, Inc., et al., Case No. 10-CV-04457-WHA ("Alibaba Case") should be related to Vendio Services, Inc. v. P.S. Products, Inc., et al., Case No. 10-CV-4455-JW. (Motion at 1.)

Civil Local Rule 3-12(a) provides:

An action is related to another action when:

(1)  The action concerns substantially the same parties, property, transaction or event; and

(2)  It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Here, while the Court finds that the actions involve two overlapping patents, the Alibaba Case contains an additional patent. Moreover, the accused products at issue in the two cases are different. Because the cases raise different questions of infringement, there is no risk of inconsistent

---

[1] (hereafter, "Motion," Docket Item No. 17.)

judgments. Thus, the Court finds that there is no risk of "unduly burdensome duplication of labor and expenses or conflicting results if the cases are conducted before different Judges."

Accordingly, the Court finds that <u>Alibaba.com Hong Kong, et al. v. P.S. Products, Inc., et al.</u>, Case No. 10-CV-04457-WHA is not related to <u>Vendio Services, Inc. v. P.S. Products, Inc., et al.</u>, Case No. 10-CV-4455-JW within the meaning of Rule 3-12(a).

Dated: November 19, 2010

                _____
                JAMES WARE
                United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bruno W. Tarabichi btarabichi@owenstarabichi.com
Chris H. Stewart arklaw@comcast.net
Darryl Michael Woo dwoo@fenwick.com
Leslie A Kramer lkramer@fenwick.com
Ryan Jared Marton rmarton@fenwick.com

**Dated: November 19, 2010**                          **Richard W. Wieking, Clerk**

                                        **By:   /s/ JW Chambers**
                                            **Elizabeth Garcia**
                                            **Courtroom Deputy**

# Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP Semiconductors USA, Inc., | NO. C 08-00775 JW |
|       Plaintiff,<br>  v.<br>LSI Corp., et al.,<br>      Defendants.<br>_____/ | **ORDER MODIFYING SCHEDULE;<br>DENYING MOTION TO RELATE** |

Presently before the Court are Defendants' Motion to Enlarge Time to File Opposition (hereafter, "Motion to Enlarge Time") and Plaintiff's Motion to Consider Whether Cases Should Be Related (hereafter, "Motion to Relate"). (See Docket Item Nos. 174, 187.) Plaintiff has filed an opposition to Defendants' motion. (See Docket Item No. 181.) The Court considers each motion in turn.

**A.    Motion to Enlarge Time**

Pursuant to the Court's June 5, 2008 Scheduling Order, the parties are currently scheduled for a hearing on Plaintiff's various motions for partial summary judgment[1] on February 23, 2009. (See Docket Item No. 38.) Under the June 5, 2008 Order, Defendants' opposition to Plaintiff's motions are due no later than January 15, 2009. (Id.) Defendants seek an extension of time to file their oppositions to Plaintiff's various motions on the ground that they will not be able to depose a key fact witness until after their oppositions are due. (Motion to Enlarge Time at 3.) Defendants

---

[1] (Docket Item Nos. 124, 128.)

1  also seek a corresponding extension for filing a Joint Statement of Undisputed Facts with Plaintiff
2  and Plaintiff's reply briefs. (Id. at 4.) Plaintiff opposes Defendants' motion to enlarge the ground
3  that Defendants delayed in noticing the needed deposition. (See Docket Item No. 181.)
4      Under Fed. R. Civ. P. 16(b)(4), a court may modify a schedule for "good cause." Here,
5  Defendants represent that Jan Galama is an important fact witness in this case and that his deposition
6  will not be conducted until January 16, 2008, one day after Defendants' oppositions are due and the
7  same day that a Joint Statement of Undisputed Facts is due. (Motion to Enlarge Time at 2-3.) In
8  light of these representations and the lack of any prejudice to Plaintiff, the Court finds that good
9  cause exists for modification of the parties' briefing schedule.
10     Accordingly, the Court GRANTS Defendants' Motion to enlarge time and ORDERS as
11 follows:
12     (1) Defendants shall file their oppositions[2] to Plaintiff's Partial Motions for Summary
13         Judgment on or before **January 23, 2009**;
14     (2) The parties shall collaborate in good faith and submit a Joint Statement of Undisputed
15         Facts on or before **January 30, 2009**;
16     (3) Plaintiff shall file its reply briefs on or before **February 6, 2009**;
17     (4) In light of the modification in the briefing schedule, the Court continues the hearing
18         on Plaintiff's Motions for Partial Summary Judgment from February 23, 2009 to
19         **March 9, 2009 at 9 a.m.** The Court also continues the Case Management
20         Conference to the same day at the 10 a.m. calendar.
21     The Court encourages the parties to work together in good faith regarding these briefing
22 schedule and other administrative issues as to not generate these types of motions. The Court will
23 not entertain any further request for modification of the above schedule.

---

[2] Based the Court's preference for hearing both of Plaintiff's Motions for Partial Summary Judgment together, the Court finds it appropriate to assign identical briefing schedules.

2

### B. Motion to Relate

Plaintiff seeks to have this action related to Case No. C 08-05682 MMC on the ground that both are patent cases involving the same parties and technology, and would avoid a burdensome duplication of labor and expense. (Motion to Relate at 1.)

Civil Local Rule 3-12(a) provides that an action is related to another when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Plaintiff contends that the two cases are related because they involve the same parties and "concern semiconductor technology related to integrated circuits, namely, semiconductor devices built on semiconductor substrates." (Motion to Relate at 1.) Although Plaintiff represents that the patents in both cases generally involve the same type of technology, the two cases involve entirely different sets of patents. It does not appear, based on Plaintiff's representation and the Court's independent review of both complaints, that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases conducted before different judges. Thus, the cases are not related within the meaning of Rule 3-12.

Accordingly, the Court DENIES Plaintiff's Motion to Relate.

Dated: January 13, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brett Michael Schuman bschuman@morganlewis.com
Crawford Maclain Wells mwells@irell.com
Daniel Johnson djjohnson@morganlewis.com
Gregg Paris Yates gyates@morganlewis.com
Herman Joseph Freder Hoying hhoying@morganlewis.com
Jason George Sheasby JSheasby@Irell.com
Jonathan Henry Steinberg jsteinberg@irell.com
Michael Eric Molland mmolland@morganlewis.com
Ryan Lindsay Scher rscher@morganlewis.com
Samuel Kai Lu slu@irell.com
Zachariah Bo Summers zsummers@irell.com

**Dated: January 13, 2009**                           **Richard W. Wieking, Clerk**

                                                      **By:    /s/ JW Chambers**
                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**

# Exhibit D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>            Defendants. | Case No. 12-CV-00630-LHK<br><br>**ORDER DENYING MOTION TO RELATE**<br><br>Re: Dkt. No. 2151 |

  Plaintiff ZeroClick, LLC ("ZeroClick") has filed a motion to relate cases pursuant to Civil Local Rule 3-12. ZeroClick seeks to relate *ZeroClick, LLC v. Apple Inc.*, Case No. 15-CV-04417, to the above-captioned case. Case No. 12-CV-00630, ECF No. 2151.

  Under Civil Local Rule 3-12(a), actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." The Court finds that this standard is not met. The *ZeroClick* action concerns U.S. Patent 8,549,443 and U.S. Patent 7,818,691. Case No. 12-CV-00630, ECF No. 2151 at 2. Neither of these patents was asserted in the above-captioned case, and issues of validity, claim construction, and infringement of the '443 and '691 patents were not

addressed in the above-captioned case. Thus, there is no risk of "unduly burdensome duplication of labor and expense or conflicting results" if these cases are not related. Accordingly, ZeroClick's Motion to Relate is DENIED.

**IT IS SO ORDERED.**

Dated: October 2, 2015

_____
LUCY H. KOH
United States District Judge