CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:    +1 650 614 7401

GEORGE I. LEE (admitted *pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (admitted *pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (admitted *pro hac vice*)
smith@ls3ip.com
MATT SAMPSON (admitted *pro hac vice*)
sampson@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:    +1 312 754 0003

Attorneys for Defendant
Sonos, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>         Defendant. | Case No. 3:20-cv-03845-EMC<br><br>**DEFENDANT SONOS, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Judge:   Edward M. Chen |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-cv-03845-EMC

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

1. Defendant Sonos, Inc. ("Sonos") answers Plaintiff Google LLC's ("Google") First Amended Complaint for Patent Infringement ("FAC") as follows. Sonos denies all allegations that it does not expressly admit. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the FAC. The headings used by Plaintiff in the FAC are restated below for ease of reference, but no admissions are made thereby.

### NATURE OF ACTION

2. Sonos admits that Google asserts infringement of the five listed patents, but notes that the Court granted Sonos's Motion to Dismiss the cause of action asserting infringement of U.S. Patent No. 8,583,489 (the "'489 patent") because the claimed invention is patent ineligible under 35 U.S.C. § 101 (Dkt. 60). As such the patent is no longer at issue in this case.

### BACKGROUND

3. Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 and on that basis denies them.

4. Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4 and on that basis denies them.

5. Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 and on that basis denies them.

### GOOGLE'S PARTNERSHIP WITH SONOS

6. Sonos admits that it has worked with Google in the past as a business partner, and that Sonos has worked with Google to host certain Google services on Sonos products. Sonos lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 6 and on that basis denies them.

7. Sonos admits that it partnered with Google in 2013 to provide access to Google's music service from Sonos products, and that Google worked together with Sonos for that purpose. Sonos lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 7 and on that basis denies them.

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

- 2 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-cv-03845-EMC

8.     Sonos admits that it partnered with Google in 2016 to host Google's Assistant software on Sonos products, and that Google worked together with Sonos for this purpose. Sonos lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8 and on that basis denies them.

9.     Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9 and on that basis denies them.

10.    Sonos denies the allegations of paragraph 10.

### SONOS' INFRINGEMENT OF GOOGLE'S INTELLECTUAL PROPOERTY

11.    Sonos denies the allegations of paragraph 11.

12.    Sonos admits that Google has been granted patents, including patents in the audio space. Sonos otherwise denies the allegations of paragraph 12.

13.    Sonos denies that it is infringing Google's intellectual property. Sonos lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 13 and on that basis denies them.

### THE PARTIES

14.    Sonos admits that Google claims to be a subsidiary of Alphabet Inc. with its principal place of business located in Mountain View, California 94043.

15.    Sonos admits the allegations of paragraph 15.

### JURISDICTION AND VENUE

16.    Sonos admits that the FAC alleges an action arising under the patent laws of the United States, Title 35 of the United States Code. Sonos admits that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338(a).

17.    For purposes of this litigation, Sonos does not challenge this Court's exercise of personal jurisdiction. Sonos admits that it is registered to do business in the state of California, that its headquarters are in the state of California, and that Sonos has offices in this District. Sonos admits that it does, solicits, and transacts business in this District and throughout California. Sonos denies that its business activities have injured Google in a manner that violates any law. Sonos denies any remaining allegations of paragraph 17.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-cv-03845-EMC

18. Sonos admits that, for purpose of this case, venue is proper. Sonos admits that it has a regular and established place of business in this District, including an office and employees located at 550 Montgomery Street, Suite 750, San Francisco, CA 94111. Sonos admits that it lists this address on its website, and that Sonos advertises this office location as a current place of business. Sonos denies that it has ever committed acts of infringement in this District. Sonos denies any remaining allegations of paragraph 18.

**INTRADISTRICT ASSIGNMENT**

19. Sonos admits the allegations of paragraph 19.

**FIRST CAUSE OF ACTION**

**(Infringement of Patent No. 7,899,187)**

20. Sonos repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

21. Sonos admits that the face of U.S. Patent No. 7,899,187 ("the '187 Patent") lists the issue date as March 1, 2011, and the title as "Domain-Based Digital-Rights Management System with Easy and Secure Device Enrollment." Sonos admits that a purported copy of the '187 Patent is attached to the FAC as Exhibit 2. Sonos lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of paragraph 21 and on that basis denies them.

22. Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 and on that basis denies them.

23. Sonos denies the allegations of paragraph 23.

24. Sonos denies the allegations of paragraph 24.

25. Sonos admits that it had knowledge of the '187 Patent as of October 25, 2016. Sonos denies any remaining allegations of paragraph 25.

26. Sonos denies the allegations of paragraph 26.

27. Sonos admits that the products accused by Google can be accurately characterized as apparatuses. Sonos otherwise denies the allegations of paragraph 27.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC

1  28. Sonos admits that what Google has labeled the "Accused '187 Products" can connect to other devices via an ad hoc or infrastructure Wi-Fi network connection or a wired, Ethernet connection. Sonos admits that Google attempts to paraphrase Sonos product documentation. Sonos admits that a purported copy of a Sonos User Guide is attached to the FAC as Exhibit 3. Sonos otherwise denies the allegations of paragraph 28.

29. Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 and on that basis denies them.

30. Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 and on that basis denies them.

31. Sonos denies the allegations of paragraph 31.

32. Sonos admits that it promotes and advertises what Google has labeled the "Accused '187 Products" on its website. Sonos admits that purported copies portions of its website are attached to the FAC as Exhibits 4, 5, and 6. Sonos otherwise denies the allegations of paragraph 32.

33. Sonos admits that a purported copy of a portion of its website is attached to the FAC as Exhibit 7. Sonos otherwise denies the allegations of paragraph 33.

34. Sonos denies the allegations of paragraph 34.

35. Sonos denies the allegations of paragraph 35.

36. Sonos denies the allegations of paragraph 36.

## SECOND CAUSE OF ACTION

**(Infringement of Patent No. 8,583,489)**

37. Sonos repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

38. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

39. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC

response to this paragraph is required. Dkt. 60.

40. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

41. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

42. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

43. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

44. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

45. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

46. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

47. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

48. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC

49. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

50. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

51. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

52. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

53. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

54. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

55. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

56. Because Google's Second Cause of Action was dismissed when the Court found that the invention claimed in the '489 Patent is patent ineligible under 35 U.S.C. § 101, no response to this paragraph is required. Dkt. 60.

### **THIRD CAUSE OF ACTION**

### **(Infringement of Patent NO. 10,140,375)**

57. Sonos repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC

58. Sonos admits that the face of U.S. Patent No. 10,140,375 ("the '375 Patent") lists the issue date as November 27, 2018, and the title as "Personalized Network Searching." Sonos admits that a purported copy of the '375 Patent is attached to the FAC as Exhibit 12. Sonos lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of paragraph 58 and on that basis denies them.

59. Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 59 and on that basis denies them.

60. Sonos denies the allegations of paragraph 60.

61. Sonos denies the allegations of paragraph 61.

62. Sonos admits that it had knowledge of the '375 Patent as of November 13, 2018. Sonos denies any remaining allegations of paragraph 62.

63. Sonos denies the allegations of paragraph 63.

64. Sonos admits that the Sonos S1 Controller App and S2 App are application programs which may be stored into the memory of a smartphone, laptop, or computer device. Sonos denies the remaining allegations of paragraph 64.

65. Sonos denies the allegations of paragraph 65.

66. Sonos denies the allegations of paragraph 66.

67. Sonos denies the allegations of paragraph 67.

68. Sonos denies the allegations of paragraph 68.

69. Sonos admits that it promotes and advertises what Google has labeled the "Accused '375 Products" on its website. Sonos admits that a purported copy of a portion of its website is attached to the FAC as Exhibit 13. Sonos otherwise denies the allegations of paragraph 69.

70. Sonos admits that purported copies portions of its website are attached to the FAC as Exhibits 14, 15, 25, and 26. Sonos otherwise denies the allegations of paragraph 70.

71. Sonos denies the allegations of paragraph 71.

72. Sonos denies the allegations of paragraph 72.

73. Sonos denies the allegations of paragraph 73.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC

## FOURTH CAUSE OF ACTION

### (Infringement of Patent No. 7,065,206)

74. Sonos repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

75. Sonos admits that the face of U.S. Patent No. 7,065,206 ("the '206 Patent") lists the issue date as June 20, 2006, and the title as "Method and Apparatus for Adaptive Echo and Noise Control." Sonos admits that a purported copy of the '206 Patent is attached to the Complaint as Exhibit 16. Sonos lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of paragraph 75 and on that basis denies them.

76. Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 76 and on that basis denies them.

77. Sonos denies the allegations of paragraph 77.

78. Sonos denies the allegations of paragraph 78.

79. Sonos admits that it has knowledge of the '206 Patent as of the service of the original Complaint in this action. Sonos denies the remaining allegations of paragraph 79.

80. Sonos denies the allegations of paragraph 80.

81. Sonos admits that the products accused by Google can be accurately characterized as electronic devices. Sonos otherwise denies the allegations of paragraph 81.

82. Sonos admits that at least some products that Google has identified as "the Accused '206 Products" have a microphone array and associated circuitry. Sonos otherwise denies the allegations of paragraph 82.

83. Sonos admits that at least some products that Google has identified as "the Accused '206 Products" have multiple speakers and associated circuitry. Sonos otherwise denies the allegations of paragraph 83.

84. Sonos admits that the products that Google has identified as "the Accused '206 Products" have wired and wireless networking capabilities. Sonos otherwise denies the allegations of paragraph 80.

85. Sonos denies the allegations of paragraph 85.

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 9 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-cv-03845-EMC

1   86.    Sonos denies the allegations of paragraph 86.

2   87.    Sonos denies the allegations of paragraph 87.

3   88.    Sonos denies the allegations of paragraph 88.

4   89.    Sonos denies the allegations of paragraph 89.

5   90.    Sonos admits that it promotes and advertises what Google has labeled the "Accused '206 Products" on its website. Sonos admits that purported copies of portions of its website are attached to the FAC as Exhibits 17, 18, 19, 20, and 21. Sonos otherwise denies the allegations of paragraph 90.

9   91.    Sonos denies the allegations of paragraph 91.

10  92.    Sonos denies the allegations of paragraph 92.

11  93.    Sonos denies the allegations of paragraph 93.

## FIFTH CAUSE OF ACTION

### (Infringement of Patent No. 10,229,586)

14  94.    Sonos repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

16  95.    Sonos admits that the face of U.S. Patent No. 10,229,586 ("the '586 Patent") lists the issue date as March 12, 2019, and the title as "Relaying Communications in a Wireless Sensor System." Sonos admits that a purported copy of the '586 Patent is attached to the Complaint as Exhibit 22. Sonos lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of paragraph 95 and on that basis denies them.

21  96.    Sonos lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 96 and on that basis denies them.

23  97.    Sonos denies the allegations of paragraph 97.

24  98.    Sonos denies the allegations of paragraph 98.

25  99.    Sonos admits that it has knowledge of the '586 Patent as of the service of the original Complaint in this action. Sonos denies the remaining allegations of paragraph 99.

27  100.   Sonos denies the allegations of paragraph 100.

28  101.   Sonos denies the allegations of paragraph 101.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC

102. Sonos admits that at least some products that Google has identified as "the Accused '586 Products" include a speaker and/or amplifiers. Sonos denies the remaining allegations of paragraph 102.

103. Sonos denies the allegations of paragraph 103.

104. Sonos denies the allegations of paragraph 104.

105. Sonos denies the allegations of paragraph 105.

106. Sonos denies the allegations of paragraph 106.

107. Sonos admits that it promotes and advertises what Google has labeled the "Accused '586 Products" on its website. Sonos admits that a purported copy of a portion of its website is attached to the FAC as Exhibit 23. Sonos otherwise denies the allegations of paragraph 107.

108. Sonos admits that a purported copy of a portion of its website is attached to the FAC as Exhibit 24. Sonos otherwise denies the allegations of paragraph 108.

109. Sonos denies the allegations of paragraph 109.

110. Sonos denies the allegations of paragraph 110.

111. Sonos denies the allegations of paragraph 111.

**PRAYER FOR RELIEF**

Sonos denies that Google is entitled to any judgment or relief.

**DEMAND FOR JURY TRIAL**

Sonos admits that Google demands a jury trial on all issues so triable.

**AFFIRMATIVE DEFENSES**

Sonos alleges the following affirmative defenses. Sonos reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**First Defense: Failure to State a Claim**

The Complaint fails to state a claim upon which relief can be granted.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC

**Second Defense: Invalidity**

Each of the asserted claims of the Asserted Patents are invalid for failure to satisfy the conditions of patentability set forth in Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

By way of example only:

- Asserted claims of the '206 Patent are anticipated by and/or rendered obvious in view of Beaugeant, et al., *New Optimal Filtering Approaches for Hands-Free Telecommunication Terminals*, Signal Processing 64 (1998) 33-47.

- Asserted claims of the '187 Patent are anticipated by and/or rendered obvious in view of U.S. Patent Application No. 2002/0166047;

- Asserted claims of the '375 Patent are anticipated by and/or rendered obvious in view of U.S. Patent No. 6,493,702; and

- Asserted claims of the '586 Patent are rendered obvious by U.S. Patent No. 7,027,773 in view of U.S. Patent No. 6,624,750.

**Third Defense: Non-Infringement**

Sonos does not and has not infringed and valid and enforceable claim of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents. Sonos also has not induced, and is not inducing, infringement of the Asserted Patents either literally, under the doctrine of equivalents, or under the reverse doctrine of equivalents. Sonos is listing non-infringement as an affirmative defense out of abundance of caution, but Google (not Sonos) has the burden of proof on infringement.

**Fourth Defense: Prosecution History Estoppel**

Plaintiff's claims of infringement are barred in whole or in part by the doctrine of prosecution history estoppel. Google's conduct during prosecution of the Asserted Patents shortened the term of the patents and/or argued bases for allowance that now estop Google from arguing that the alleged inventions recited in the claims of the Asserted Patents cover Sonos's accused products.

**Fifth Defense: Equitable Estoppel**

Plaintiff's claims of infringement are barred in whole or in part by the doctrine of equitable estoppel in that Plaintiff's conduct lead Sonos to reasonably infer that Plaintiff did not intend to enforce its patents.

The '206 Patent issued more than fourteen years ago, on June 26, 2006. The '187 Patent issued on March 1, 2011, the '489 Patent issued on November 12, 2013, the '375 Patent issued on November 27, 2018, and the '586 Patent issued on March 12, 2019.

In its FAC, Google alleges that it partnered with Sonos as early as 2013, providing "engineering resources, technical support, and other resources" to help Sonos integrate Google services in Sonos products. Through this collaboration, Google gained access to Sonos's engineers and knowledge of Sonos's products and technology, including products and technology accused in this action.

More particularly, beginning in 2016 and continuing throughout 2017 and 2018, Google and Sonos collaborated to integrate Google's voice assistant into Sonos's products. As a part of this collaboration, Sonos shared significant confidential detail regarding how Sonos devices practiced voice recognition technology, including how Sonos devices practiced noise suppression and echo cancellation. It is against this very technology that Google now has asserted its '206 Patent.

As a result of getting this backstage look at how Sonos devices practiced voice recognition technology, Google learned that Sonos does not infringe the '206 Patent. As such, Google has no good faith basis to believe that Sonos infringes the '206 Patent.

However, to the extent that Google has a basis to believe that Sonos infringes the '206 Patent, it formed this belief based on confidential information showing how Sonos implemented Sonos's voice recognition technology that Sonos had shared with Google during the aforementioned collaboration. And, despite having multiple opportunities to raise the prospect of Sonos's alleged infringement of the '206 Patent, Google took no action and remained silent throughout the parties' relationship. By this silence and inaction, Google communicated its

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 13 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC

1  understanding that Sonos did not infringe the '206 Patent or that Google acquiesced in Sonos's
2  alleged infringement.

3  Sonos relied on, at least: (i) the fact that Sonos divulged to Google confidential
4  information regarding the way in which Sonos devices practiced voice recognition technology,
5  including how Sonos devices practiced noise suppression and echo cancellation; and (ii) the fact
6  that Google was aware of how Sonos devices practiced such technology but was silent as to any
7  belief that Sonos may infringe the '206 Patent and took no action as a result of any such belief.
8  Sonos relied on these facts by, at least, continuing to invest in their research and development in
9  support thereof and by continuing to sell products that practice voice recognition technology.

10  Sonos would be materially harmed if Google were permitted to assert the '206 Patent as
11  such assertion would be inconsistent with Google's earlier silence and/or inaction regarding
12  Sonos's alleged infringement of the '206 Patent. Sonos has worked continuously since its
13  founding in 2002 to develop innovative audio solutions, investing heavily in its products and
14  business. Sonos will be materially prejudiced if Google is permitted to proceed with its claims.
15  Among other things, had Google brought its claims in a timely manner, Sonos could have
16  modified its products in ways that would have avoided any possible claim of infringement. Sonos
17  will be further materially prejudiced if Google is permitted to proceed with its claims at least as a
18  result of further defending itself in this lawsuit as well as the prospect of facing liability for
19  alleged infringement of the '206 Patent.

20  After a reasonable opportunity for investigation and discovery, additional evidence will
21  further show and support that Google had knowledge of Sonos's activities (including non-public
22  knowledge) between 2013 and 2020, but did not apprise Sonos of its intent to file this suit or of
23  its belief that Sonos infringed the '206 Patent, and that Sonos reasonably inferred that Google did
24  not intend to file this suit and detrimentally relied on Google's misleading conduct including by
25  continuing to sell the accused technology without modification.

### Sixth Defense: Waiver

27  Plaintiff's claims of infringement are barred in whole or in part by the doctrine of waiver.
28  In its FAC, Google alleges that it partnered with Sonos as early as 2013, providing "engineering

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 14 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-cv-03845-EMC

1  resources, technical support, and other resources" to help Sonos integrate Google services in
2  Sonos products. Through this collaboration, Google gained access to Sonos's engineers and
3  knowledge of Sonos's products, and technology.

4  More particularly, beginning in 2016 and continuing throughout 2017 and 2018, Google
5  and Sonos have collaborated to help integrate Google's voice assistant into Sonos's products. As
6  a part of this collaboration, Sonos shared significant confidential detail regarding how Sonos
7  devices practiced voice recognition technology, including how Sonos devices practiced noise
8  suppression and echo cancellation. It is against this very technology that Google now has asserted
9  its '206 Patent.

10  As a result of getting this backstage look at how Sonos devices practiced voice
11  recognition technology, Google learned that Sonos does not infringe the '206 Patent. As such,
12  Google has no good faith basis to believe that Sonos infringes the '206 Patent.

13  However, to the extent that Google has a basis to believe that Sonos infringes the '206
14  Patent, it formed this belief based on confidential information showing how Sonos implemented
15  Sonos's voice recognition technology that Sonos had shared with Google during the
16  aforementioned collaboration. And, despite having multiple opportunities to raise the prospect of
17  Sonos's alleged infringement of the '206 Patent, Google took no action and remained silent
18  throughout the parties' relationship. By this silence and inaction, Google communicated its
19  understanding that Sonos did not infringe the '206 Patent or that Google acquiesced in Sonos's
20  alleged infringement.

21  Google became the apparent owner of the '206 Patent at least as early as October 2014 in
22  connection with the apparent assignment of the '206 Patent from Motorola Mobility LLC to
23  Google Technology Holdings LLC. Google became aware of how Sonos devices practiced the
24  Sonos voice recognition technology through the confidential information Sonos shared with
25  Google during the aforementioned collaboration, beginning in 2016 and continuing throughout
26  2017 and 2018. As above, Google learned that Sonos does not infringe the '206 Patent during this
27  time—but to the extent that Google formed a belief that Sonos infringed the '206 Patent and thus
28  that Google had a right to assert the '206 Patent against Sonos, Google formed this belief during

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 15 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC

1  the parties' collaboration. Google relinquished this right by reviewing Sonos confidential

2  information regarding how Sonos devices practiced the Sonos voice recognition technology and

3  then failing to bring its belief that Sonos infringed the '206 Patent to Sonos's attention and by

4  otherwise failing to exercise any right under the '206 Patent.

5  After a reasonable opportunity for investigation and discovery, evidence will likely further

6  show that Google was aware of Sonos's activities between 2013 and 2020, but permitted Sonos to

7  continue them and did not assert Google's patents against Sonos. Upon information and belief,

8  throughout this time Google was aware that it was required to assert any patents it believed Sonos

9  to have infringed, but failed to do so. Upon information and belief, Google knowingly waived its

10  right to assert the patents at issue in this litigation.

**Seventh Defense: Implied License**

12  Plaintiff's claims of infringement are barred in whole or in part by implied licenses to one

13  or more of the patents asserted in this litigation granted by Google to Sonos. In its FAC, Google

14  alleges that it partnered with Sonos as early as 2013, providing "engineering resources, technical

15  support, and other resources" to Sonos in helping integrate Google services in Sonos products.

16  Through this collaboration, Google gained access to Sonos's engineers and knowledge of Sonos's

17  products, and technology.

18  More particularly, beginning in 2016 and continuing throughout 2017 and 2018, Google

19  and Sonos collaborated to integrate Google's voice assistant into Sonos's products. As a part of

20  this collaboration, Sonos shared significant confidential detail regarding how Sonos devices

21  practiced voice recognition technology, including how Sonos devices practiced noise suppression

22  and echo cancellation generally. Specifically, Google was aware of how Sonos devices

23  implemented voice processing technology in connection with the use of Google's voice assistant

24  on Sonos devices. At times, Google even directed Sonos to implement certain voice processing

25  technology in certain ways in connection with the use of Google's voice assistant on Sonos

26  devices.

27  With respect to at least the voice processing technology used by Sonos devices in

28  connection with Google's voice assistant, and particularly with respect to the technology that

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 16 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-cv-03845-EMC

1  Google directed Sonos to implement, Sonos inferred that Google consented to any use by Sonos
2  of the patented technology.
3  After a reasonable opportunity for investigation and discovery, evidence will likely further
4  show that Google was aware of Sonos's activities between 2013 and 2020, but permitted Sonos to
5  continue using them and did not assert Google's patents against Sonos. Upon information and
6  belief, throughout this time Google was aware that it was required to assert any patents it believed
7  Sonos to have infringed, but failed to do so. During this time Google entered into one or more
8  agreements with Sonos permitting Sonos to continue using the accused technology, granting
9  Sonos one or more implied licenses to the patents asserted in this litigation and confirming that
10 Sonos's alleged use of the accused technology was proper.

**Eighth Defense: Unavailability of Injunctive Relief**

12 Plaintiff is not entitled to injunctive relief because any injury to Google is not immediate
13 or irreparable and could be adequately remedied by money damages. After a reasonable
14 opportunity for investigation and discovery, evidence will likely show that Google does not
15 practice any claims of the patents asserted in this litigation. For the same reasons, the harm to
16 Google would be outweighed by the harm to Sonos and the public interest would not be served by
17 an injunction.

**DEMAND FOR JURY TRIAL**

19 Pursuant to Federal Rule of Civil Procedure 38(b), Sonos hereby demands a trial by jury
20 on all issues so triable.

**PRAYER FOR RELIEF**

22 WHEREFORE, Sonos prays for relief as follows:
23     A.    Judgment in favor of defendant Sonos, and against plaintiff Google;
24     B.    A judgment that this is an "exceptional case" and an aware of reasonable
25         attorney's fees, expenses, and costs under 35 U.S.C. § 285;
26     C.    An award of costs and reasonable attorney's fees; and
27     D.    An award of such other relief as the Court may deem appropriate.
28

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 17 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-cv-03845-EMC

Dated: November 16, 2020

CLEMENT SETH ROBERTS
BAS DE BLANK
ALYSSA CARIDIS
EVAN BREWER
Orrick, Herrington & Sutcliffe LLP

By: */s/ Alyssa Caridis*
ALYSSA CARIDIS
Attorneys for Defendant
Sonos, Inc.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 18 -

ANSWER TO 1ST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
3:20-CV-03845-EMC