# EXHIBIT 9

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Messerges et al. | ) |
| | | ) |
| For: | Domain-Based Digital-Rights | ) |
| | Management System with Easy | ) |
| | and Secure Device Enrollment | ) |
| | | ) |
| Serial No.: | 10/306,494 | ) |
| | | ) |
| Filed: | November 27, 2002 | ) |
| | | ) |
| Examiner: | Dada, B. | ) |
| | | ) |
| Art Unit: | 2135 | ) |

Mail Stop Appeal Brief - Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Attention: Board of Patent Appeals and Interferences

### APPELLANTS' BRIEF

This brief is in furtherance of the NOTICE OF APPEAL, mailed on September 19, 2007.

Any fees required under § 1.17, and any required petition for extension of time for filing this brief and fees therefor, are dealt with in the accompanying TRANSMITTAL OF APPEAL BRIEF.

This brief contains these items under the following headings, and in the order set forth below (37 C.F.R. § 41.37(c)):

I     REAL PARTY IN INTEREST

II     RELATED APPEALS AND INTERFERENCES

III     STATUS OF CLAIMS

IV     STATUS OF AMENDMENTS

V     SUMMARY OF CLAIMED SUBJECT MATTER

- 1 -

VI      GROUNDS OF REJECTION TO BE REVIEWED ON APPEAL

VII     ARGUMENT

        A. Rejections under 35 U.S.C. 103

VIII    CLAIMS APPENDIX

IX      EVIDENCE APPENDIX (not applicable)

X       RELATED PROCEEDINGS APPENDIX (not applicable)

## I. REAL PARTY IN INTEREST

The real party in interest in this appeal is Motorola, Inc., a Delaware corporation.

## II. RELATED APPEALS AND INTERFERENCES

With respect to other appeals or interferences that will directly affect, or be directly affected by, or have a bearing on the Board's decision in this appeal, there are no such appeals or interferences.

## III. STATUS OF CLAIMS

### A. Status of all claims in the proceeding

1.    Clams rejected:        1-17

2.    Claims allowed:        none

3.    Claims withdrawn from consideration but not canceled:  none

4.    Claims objected to:    none

5.    Claims canceled:       none

### B. Identification of claims being appealed

The claims on appeal are:    1-17

## IV. STATUS OF ANY AMENDMENTS AFTER FINAL

- 2 -

GOOG-GVS-00001576

No amendments have been filed after the most recent Office Action made final, dated April 19, 2007.

## V.  SUMMARY OF CLAIMED SUBJECT MATTER

A first aspect of the present invention (claim 1), which is being appealed, pertains to a method for registering a new device as part of a domain of devices, where the domain of devices share rights associated with a common account for use in accessing protected digital content within a digital-rights management system (page 1, lines 22-25).  The method includes receiving (303) domain information corresponding to the domain of devices from a device existing within the domain of devices (page 2, lines 27-30).  The domain information is then provided (311) to a key issuer (105) (page 2, line 30 to page 3, line 1), which is separate from the domain of devices, causing the key issuer to issue (315) a private key to the new device (page 3, lines 1-2), where the private key is based on the domain information and is utilized by all devices within the domain of devices (page 6, lines 23-27).  The private key is then received from the key issuer (105) for use in accessing the protected digital content within the digital-rights management system (page 10, lines 1-10).

A further aspect of the present invention (claim 7), which is being appealed, pertains to a method for registering a new device as part of a domain of devices, where the domain of devices share rights associated with a common account for use in accessing protected digital content within a digital-rights management system (page 1, lines 22-25).  The method includes receiving (303) domain information corresponding to the domain of devices from a device existing within the domain of devices (page 2, lines 27-30).  A determination (405) is then made whether the information was received over a short-range communication link (page 8, lines 7-11).  The domain information is accepted only if the information was received over the short-range communication link from another device within the domain of devices (page 3, lines 18-20; page 9, lines 11-13).  The domain info is then provided (311) to a key issuer (105) (page 2, line 30 to page 3, line 1) causing the key issuer to issue (315) a private key and a certificate to the new device (page 3, lines 1-2), wherein the private key and the certificate are based on the domain information.  The private key and the certificate are then received from the key issuer for use in accessing the protected digital content within the digital-rights management system (page 10, lines 1-10).

- 3 -

A still further aspect of the present invention (claim 10), which is being appealed, pertains to an apparatus. The apparatus includes communication circuitry (213) for receiving domain information from a device existing within a domain of devices (page 2, lines 27-30), which share rights associated with a common account, for use in accessing protected digital content within a digital-rights management system (page 1, lines 22-25). The apparatus further includes storage (211) for storing the domain information (209). The apparatus still further includes logic circuitry (210) for providing the domain information to a key issuer (105) (page 2, line 30 to page 3, line 1), which is separate from the domain of devices, where the receipt of domain information by the key issuer causes the key issuer to issue a private key (page 3, lines 1-2) for use in accessing protected digital content to the apparatus (page 10, lines 1-10), wherein the private key is based on the domain information and is utilized by all devices within the domain of devices (page 6, lines 23-27).

## VI. GROUNDS OF REJECTION TO BE REVIEWED ON APPEAL

1.      Whether claims 1-17 have been improperly rejected under 35 U.S.C. 103(a) as being unpatentable over Huitema et al. (US Patent No. 7,068,789) in view of Struik (IEEE P802.15 Wireless Personal Area Networks).

## VII. ARGUMENTS

### A. Rejections under 35 U.S.C. §103

1.      Whether claims 1-17 have been improperly rejected under 35 U.S.C. 103(a) as being unpatentable over Huitema et al. (US Patent No. 7,068,789) in view of Struik (IEEE P802.15 Wireless Personal Area Networks).

Claims 1-17

The Examiner has reject claims 1-17 under 35 U.S.C. §103(a), as being unpatentable over Huitema et al., US Patent No. 7,068,789, in view of Struik (IEEE P802.15 Wireless Personal Area Networks). However, contrary to the Examiner's assertions, the combination of references fail to make known or obvious each and every feature of the claims. The Examiner's attempt to

- 4 -

GOOG-GVS-00001578

equate the teachings of the references to the features of the claims of the present application is further complicated by the fact that the references are not directed to the same contextual environments. Namely, the references largely deal with peer to peer communications, and the secure communication connections therebetween, while the claims of the present application are alternatively directed to the access of protected digital content in the context of a digital rights management system. Furthermore, the Examiner has focused on the use of similar terms, in name only (i.e. domain), while ignoring the fact that while a similar term is used, the two are directed to nonequivalent elements.

Newton's Telecom Dictionary (20th Edition – March 2004) provides an extensive listing of various meanings of domain in different contexts, where at the very beginning of the listing the definition provides, that "[i]n the broadest sense, a 'domain' is a sphere of influence or activity". Such a definition is consistent with the American Heritage Dictionary, which provides that a domain is "[a] sphere of activity, concern, or function; a field". In the context of the present application domain has been applied to a group of devices, which are then further defined as the being a type of group or domain of devices, that share rights associated with a common account.

Alternatively, the Examiner has attempted to assert the cited references' loose grouping (i.e. group formation, etc.) of different entities for secure communication in a peer to peer fashion constitutes a domain of the type provided in the claims. However, such an interpretation fails to account for a usage of the term domain that is consistent with the usage of the term domain as provided in the claims and the associated features therewith, that are present in the claims. For example with respect to independent claim 1 of the present application, the combination of cited references minimally fail to make known or obvious "a domain of devices, which share rights associated with a common account", nor do the combination of cited references make known or obvious a domain of devices in the context of accessing protected digital content within a digital rights management system. The same is equally applicable to independent claims 7 and 10. Consequently, the references fail to relate to the claims at a most basic level, where it cannot be said that the domain corresponding to a particular portion of a network as taught or suggested by the cited references are equivalent to the type of domain featured in the claims.

- 5 -

GOOG-GVS-00001579

In essence, the Examiner has referenced the use of the term "domain" in so far as it is loosely used to generically define a grouping of devices, without regard to the nature of the grouping. What the Examiner attempts to dismiss as an intended use is in reality a description of the basis for the grouping, which in turn controls the nature of the devices, which are made part of the grouping, which has a physical effect on the makeup of the group.

In turn, because the nature of the domain (i.e. group) has not been properly defined in the cited reference in a manner that is consistent with the claimed domain (i.e. group), any attempt to equate further features of the reference with any of the further claimed interaction between the various elements associated with any of the devices existing within the domain of devices is similarly problematic.

The above noted shortcomings are similarly applicable to independent claims 7 and 10, in so far as each of the independent claims similarly provide a type of domain relative to a domain of devices, which share rights associated with a common account, as well as relate to a context associated with accessing protected digital content within a digital-rights management system. Consequently, to the extent that neither of the two references cited by the Examiner make known or obvious a domain of devices that can be said to be the same or equivalent to the corresponding claimed element, neither Huitema et al., '789, nor Struik, nor any combination of the two, can be said to make known or obvious any of independent claims 1, 7 and 10, and/or any of the claims which depend therefrom.

As briefly noted above, in responding to the applicants' previous remarks, the Examiner attempts to suggest that the above noted contextual distinctions are the result of an articulation in the claim of an intended use, which the Examiner further attempts to suggest must result in a structural difference … in order to patentably distinguish the claimed invention from the prior art. However, such a broad sweeping statement attempts to broadly apply a principal, which was only originally intended to provide comment relative to apparatus type claims. Presumably such a principal is not applicable to non-apparatus type claims, such as method claims including claims 1 and 7.

However, expounding further on a point already briefly noted above, the applicants contest the characterization of the noted claimed features associated with domain as being an

- 6 -

GOOG-GVS-00001580

intended use limitation. Such an attempt on the Examiner's part does not appreciate the nature of the term "domain", which broadly refers to a sphere of influence and related groupings relative to a sphere of influence. As such, phrases including domain "of devices", represents a grouping of devices, and further phrases such as "which share rights associated with a common account" identify the sphere of influence and/or association, which defines the type of relationship binding the group together. Taken by itself, the term domain is not specific (i.e. a group with some unknown association, sphere of influence). Nevertheless, the further definition of the type of domain, will dictate which devices are included in the domain of devices, which in turn will produce a group of devices meeting a certain relationship within a sphere of influence, which will in turn define the make up of the group, which has physical effect in so far as a different type of domain following a different organizational criteria will have a different set of devices that are gathered together under the defined sphere of association and influence. Further to the extent that information is shared between the devices, the type of grouping defines the nature and the type of sharing including the nature of any corresponding information.

As of yet, the Examiner has failed to show the same or equivalent structure as being present in the cited references for the reasons outlined above, where there is no linkage through the same set of rights associated with a common account. Such an association, as provided by the claims of the present application, enables the same rights to be applied to multiple devices, where the rights are associated with a common account, but which are at least partially enforced through the device during the attempted access of the digital content. In such an instance, the owner of the account to which the rights are associated can make use of the acquired rights across multiple devices, gathered into a domain (i.e. grouping) of devices which are under the control of the owner.

Consequently, the features alleged by the Examiner to relate to "intended use", alternatively serve to define a respective element in the claims with structural and organizational effect, which in turn relate to a claimed context and corresponding interaction between elements, which is neither anticipated nor obviated by the teachings of the relied upon references cited by the Examiner in support of the rejection. As a result, the Examiner has failed to make known or obvious each and every feature with respect to each of the independent claims, as well as any of

- 7 -

GOOG-GVS-00001581

the claims which depend therefrom, as the Examiner's showing has been limited to the existance in the cited references of a group, but not the type of group as provided in the claims.

Because the combination of references being relied upon fail to make known each and every feature of the claims, either alone, or taken together, than the rejection falls short of meeting the minimal requirements for such a rejection. As such, the rejection should be withdrawn as being improper. The above noted distinctions is similarly applicable to each of the claims, which depend from the various independent claims, namely claims 2-6 and 7, which depend from claim 1; claims 8, 9 and 16, which depend from claim 7; and claims 11-15, which depend from claim 10; either directly or indirectly.

The applicants would respectfully request that the Examiner's decision to finally reject the presently pending claims be overturned, and that the claims be permitted to proceed to allowance.

Respectfully submitted,

BY: /Lawrence Chapa/
Lawrence J. Chapa
Reg. No. 39,135
Phone No.: (847) 523-0340

Motorola, Inc.
Mobile Devices
Intellectual Property Department
600 North US Highway 45, W4 35Q
Libertyville, IL 60048

- - 8 - -

GOOG-GVS-00001582

## VIII.      APPENDIX OF CLAIMS

The following is the text of the claims involved in this appeal:

1.      A method for registering a new device as part of a domain of devices, which share rights associated with a common account, for use in accessing protected digital content within a digital-rights management system, the method comprising the steps of:

receiving domain information corresponding to the domain of devices from a device existing within the domain of devices;

providing the domain information to a key issuer, which is separate from the domain of devices, causing the key issuer to issue a private key to the new device, wherein the private key is based on the domain information and is utilized by all devices within the domain of devices; and

receiving the private key from the key issuer for use in accessing the protected digital content within the digital-rights management system.

2.      The method of claim 1 wherein the step of receiving the domain information from the device existing within the domain of devices comprises the step of receiving a domain name and a domain password from the device.

3.      The method of claim 1 wherein the step of receiving the domain information from the device existing within the domain of devices comprises the step of receiving domain information for the device existing within a domain of devices, all devices within the domain sharing account information.

- 9 -

GOOG-GVS-00001583

4.   The method of claim 1 wherein the step of receiving the domain information from the device existing within the domain of devices comprises the step of receiving the domain information over a short range link.

5.   The method of claim 1 further comprising the steps of:

determining if the domain information was received over a short-range link; and

not accepting the domain information if the domain information was not received over the short-range link.

6.   The method of claim 1 further comprising the step of:

utilizing the private key to decrypt a second encryption key, the second encryption key utilized to decrypt digital content.

7.   A method for registering a new device as part of a domain of devices, which share rights associated with a common account, for use in accessing protected digital content, within a digital-rights management system, the method comprising the steps of:

receiving domain information corresponding to the domain of devices from a device existing within the domain of devices;

determining if the information was received over a short-range communication link;

accepting the domain information only if the information was received over the short-range communication link from another device within the domain of devices;

- 10 -

GOOG-GVS-00001584

providing the domain info to a key issuer causing the key issuer to issue a private key and a certificate to the new device, wherein the private key and the certificate are based on the domain information; and

receiving the private key and the certificate from the key issuer for use in accessing the protected digital content within the digital-rights management system.

8.    The method of claim 7 further comprising the steps of:

providing the certificate to a rights issuer;

receiving an encrypted encryption key from the rights issuer; and

utilizing the private key to decrypt the encrypted encryption key.

9.    The method of claim 8 further comprising the step of:

utilizing the encryption key to decrypt digital content.

10.    An apparatus comprising:

communication circuitry receiving domain information from a device existing within a domain of devices, which share rights associated with a common account, for use in accessing protected digital content within a digital-rights management system;

storage for storing the domain information; and

logic circuitry for providing the domain information to a key issuer, which is separate from the domain of devices, causing the key issuer to issue a private key for use in accessing protected digital content to the apparatus, wherein the private key is based on the domain information and is

- 11 -

GOOG-GVS-00001585

utilized by all devices within the domain of devices.

11.     The apparatus of claim 10 wherein the domain information comprises a domain name and a domain password.

12.     The apparatus of claim 10 wherein the domain of devices share account information.

13.     The apparatus of claim 10 wherein the logic circuitry determines if the domain information was received via short-range communication, and accepts the domain information only if the domain information was received via short-range communication from a device within the domain of devices.

14.     The apparatus of claim 10 wherein the private key is utilize to decrypt a second encryption key, and the second encryption key is utilized to decrypt digital content.

15.     The apparatus of claim 13 wherein the logic circuitry is adapted to accept the domain information only if the domain information was received from a device within the domain of devices, which is physically near the apparatus, when the domain information is received.

16.     The method of claim 7 wherein accepting the domain information only if the information was received over the short-range communication link from another device within the domain of devices includes accepting the domain information only if the information was received

- 12 -

GOOG-GVS-00001586

from another device within the domain of devices, which is physically near the new device receiving the domain information, when the domain information is received.

17. The method of claim 5 wherein not accepting the domain information if the domain information was not received over the short-range link includes not accepting the domain information if the domain information was not received from a device within the domain of devices, which is physically near the new device receiving the domain information, when the domain information is received.

GOOG-GVS-00001587

## IX   EVIDENCE APPENDIX

None

GOOG-GVS-00001588

**X      RELATED PROCEEDINGS APPENDIX**

None

GOOG-GVS-00001589