# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SONOS, INC.,<br><br>　　　　　Defendant. | Case No. 3:20-cv-03845-EMC<br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING PROTECTIVE ORDER GOVERNING DISCOVERY**<br><br>Compl. Filed: June 11, 2020<br><br>Hon. Edward M. Chen |

Honorable Edward M. Chen
United States Discovery Court for the Northern District of California
San Francisco Courthouse
Courtroom 5 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Chen:

The parties are close to agreement on a stipulated protective order that would govern this action, but have been unable to reach agreement on one discrete issue: whether to include a patent acquisition bar. The parties' proposals are outlined below and the disputed language proposed by Google LLC is highlighted in the attached proposed order.

Pursuant to this Court's Discovery Standing Order, the undersigned counsel attests that the parties met and conferred in good faith in an attempt to resolve the above-referenced discovery dispute prior to the filing of this joint letter brief, and lead counsel for both parties have concluded no agreement could be reached. The parties met and conferred by e-mail and telephone, rather than in person, in part because of the ongoing pandemic. The filer obtained concurrence in the filing of this document from the other signatory.

Respectfully submitted,

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>/s/ *Patrick D. Curran*<br>*Attorneys for Plaintiff GOOGLE LLC* | ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>/s/ *Alyssa Caridis*<br>*Attorneys for Defendant SONOS, INC.* |

1. **Imposition Of An Acquisition Bar**

    a. *Google's Position*

This case is just one in a series of patent cases between the parties. To protect against the inadvertent use of confidential information, Google has proposed an acquisition bar. Consistent with the agreed scope of the prosecution bar, Google's proposal is narrowly tailored to apply only to certain categories of patents. Google's proposal is also limited in time, expiring two years "after final disposition of this action." This bar is an appropriate addition to the terms of the ITC protective order, which predated Sonos's new patent assertions.

Sonos argues that an acquisition bar is not necessary because other provisions in the Protective Order prevent using Protected Information for any purpose other than "prosecuting, defending, or attempting to settle this litigation." *See* Ex. 1 ¶ 7.1. Sonos's position ignores the risk of inadvertent use. Further, at least one court in this district has rejected Sonos's exact argument. In *Catch A Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2013 WL 9868422, at *1 (N.D. Cal. Aug. 6, 2013), although the plaintiff argued that an acquisition bar "would be redundant and unnecessary given the bar on using confidential information," Judge Alsup dismissed this argument and imposed an acquisition bar. *Id.* ("Without impugning the integrity of plaintiff's counsel, an attorney who has learned the intricacies of Sirius' secret technologies will be hard-pressed not to rely on that knowledge in a subsequent suit against Sirius. The two-year patent acquisition bar allows time for the limitations of human memory to run their course or for the information to become largely stale.").[1]

Sonos argues the acquisition bar is too broad because it bars advising on validity issues, but in both this case and in the Texas action filed by Sonos, Google and Sonos have produced significant confidential information in connection with invalidity contentions. Sonos also argues that the bar precludes advice on specific contractual terms, but given the narrow scope of such terms, it is unclear why Sonos would be burdened by having different attorneys advise on these terms. Nor does Sonos explain why its *litigation* counsel in this case would be necessary for *commercial* advice. Tellingly, Sonos's alternative does not address these purported concerns.

And, importantly, Sonos's proposal allows Sonos's counsel to advise Sonos on the acquisition of patents while concurrently reviewing Google's confidential information. This implicates the motivating concern behind the bars imposed by other courts, namely, that these attorneys will be "hard-pressed" not to rely on the knowledge gained from Google's confidential materials in order to counsel his or her client. *Catch A Wave Techs., Inc.* 2013 WL 9868422, at *1*; see also In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (citation omitted).

---

[1] Other courts in this district have reached similar results. *Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00360 WHA (N.D. Cal. Jul. 2, 2018) (similar); *EPL Holdings, LLC v. Apple Inc.*, No. C-12-04306 JST JSC, 2013 WL 2181584, at *5 (N.D. Cal. May 20, 2013) (similar).

### b. *Sonos's Position*

Google incorrectly characterizes Sonos's position. The parties have been abiding by a Protective Order in the ITC *without any acquisition bar* for over a year (and through trial). Moreover, this Court's model protective order (which the parties have been using) does not have an acquisition bar. There is no reason to switch course and add one now. Contrary to Google's insistence, *Catch A Wave* does not address "Sonos's exact argument" because the parties were not engaged in ongoing litigation and operating under a Protective Order with no such clause.

If past is any precedent, no acquisition bar is necessary (and, for the reasons described above, such a provision is duplicative). But, in an attempt to compromise, Sonos offered to append the following clause to Google's proposal: "where the acquired patents (or patents resulting from the acquired patent applications) are then asserted against the Producing Party while this Acquisition Bar is in effect." In other words, the parties should not be restricted by an acquisition bar if the patents being acquired are not to be asserted against the Producing Party during the term of the Acquisition Bar. Google rejected this offer, insisting on its own broad language.

Google's proposal is far broader than it cares to admit. By barring individuals from engaging in any acquisition activity, it would, *e.g.*, foreclose an attorney from performing diligence on the *validity* of a potential acquisition target (*e.g.*, by comparing the patent to publicly available prior art). It would similarly prohibit an attorney from advising Sonos on contract terms relating to, *e.g.*, indemnification or cooperation provisions in an acquisition agreement. *None* of these activities are impacted or informed by Protected Material, but would be prohibited under Google's bar. Courts have rejected similar bars. *See, e.g., EPL Holdings*, 2013 WL 2181584, at *4 (rejecting acquisition bar as going "too far" and acknowledging the "basic principles" of vigilance already included in the protective order). This may not be of import to a company the size of Google (with commensurately sized legal teams), but it materially limits Sonos's ability to work with its counsel of choice.[2] Sonos's proposal offers a reasonable middle ground. Should the Court find an acquisition bar necessary at all, it should include Sonos's language.

---

[2] Google's disbelief that Sonos's counsel can provide both litigation and commercial counsel proves the point. Google may have a legion of lawyers to consult, but it has no right to dictate Sonos's choice of counsel.