UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-03845-EMC  (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 71 |

The parties have reached agreement on most of the terms of a proposed protective order, but they disagree about an acquisition bar that Google proposes. Google's acquisition bar would prevent an individual who receives highly confidential material designated by the producing party from being involved in activity related to the acquisition of certain types of patents or patent applications, as well as from advising or counseling clients regarding such acquisitions, until two years after the final disposition of this action. Sonos objects that no acquisition bar is necessary because the protective order already states that protected material may be used by another party only for prosecuting, defending, or attempting to settle this lawsuit and may not be used for any business purpose. If the Court is inclined to include an acquisition bar, Sonos proposes to limit it as follows: "where the acquired patents (or patents resulting from the acquired patent applications) are then asserted against the Producing Party while this Acquisition Bar is in effect." Sonos also argues that Google's proposed bar is overbroad in other ways as well.

Let's think about this from a practical point of view. The portions of the protective order that the parties agree on already reflect a concern about the inadvertent use of protected material by people who have access to it in litigation and who simultaneously have a business role. This is reflected in paragraph 7.2(b), concerning who may receive confidential material: "Up to one

House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided however that such House Counsel do not have responsibility for business decisions and are not otherwise in a position to unfairly benefit from accessing the other side's confidential information or using it for purposes beyond this this case . . ."  For confidential materials, Sonos is willing to live with the limitation that only one in-house counsel may have access to it, as well as the structural limitation that this in-house counsel cannot have responsibility for making business decisions.  This structural limitation plainly reflects the reality that people cannot be expected to forget information they know, so an in-house counsel who has responsibility for making business decisions simply cannot have access to a producing party's confidential information.

For highly confidential information, the parties agree that no in-house counsel may have access to it, and that can also only be understood as a protection against inadvertent use.  Instead, highly confidential material can only be provided to the receiving party's outside counsel of record, the receiving party's experts, the Court, litigation vendors, or the author or recipient of the information or someone who already knows or possesses it.  (Highly confidential source code has more restrictions.)

So, if we think about who is going to receive protected materials and who is also going to be involved in the acquisition of patents or patent applications, or advising about that, for confidential information, it's going to be outside counsel of record in this case and that one in-house counsel who does not have responsibility for business decisions, and for highly confidential materials, it's just going to be outside counsel of record.  Google's proposed acquisition bar only applies to an individual who receives access to highly confidential materials, so that one in-house counsel is not subject to the bar.  Thus, the acquisition bar will apply only to outside counsel of record because those are the only people who would have access to highly confidential materials *and* who would also be involved in the acquisition or advice concerning other patents or patent applications.  (The Court supposes that in theory an expert might also be involved, although Sonos's arguments seem to assume only attorney involvement.)  It is simply impossible to believe that the outside counsel of record in this case – that is, the litigators representing Sonos or Google

– could put out of their mind what they learn from the opposing side's document productions. These attorneys are going to spend many hours with the other side's documents. Remember: Google's proposed acquisition bar applies to any "individual" who receives access to the other side's highly confidential material, so it's not like it applies to every lawyer at the firm; it applies only to the specific people who receive access to highly confidential material and who won't be able to forget it.

The Court agrees with those decisions that have acknowledged that it is fundamentally untenable to allow people to be in a situation in which highly confidential information known to them would be extremely useful, and then demand they act as though they don't know it. *See Catch A Wave Techs., Inc. v. Sirius XM Radio, Inc.*, 2013 WL 9868422, *1 (N.D. Cal. Aug. 6, 2013) ("Without impugning the integrity of plaintiff s counsel, an attorney who has learned the intricacies of Sirius' secret technologies will be hard-pressed not to rely on that knowledge in a subsequent suit against Sirius. The two-year patent acquisition bar allows time for the limitations of human memory to run their course or for the information to become largely stale."); *EPL Holdings, LLC v. Apple Inc.*, 2013 WL 2181584, *4 (N.D. Cal. May 20, 2013) ("The purpose of the prosecution bar is to mitigate the risk of inadvertent use of confidential information learned in litigation by barring litigation counsel's involvement in strategic decisionmaking related to the subject matter of the litigation. The acquisition of patents implicates this concern since litigation counsel may consciously or subconsciously use their knowledge of Apple's confidential information to advise a client on which patents to acquire, that is, patents that may be asserted against Apple.").

At the same time, Sonos is also right that Google's proposed acquisition bar is overbroad in that it prohibits the affected individuals from having any involvement at all in activity or advice concerning the acquisition of certain types of patents or patent applications. Prohibiting the affected individuals from advising on which patents or applications to acquire, or from advising on validity (because evidence concerning validity in this case will in part concern the parties' confidential documents and is not limited to just publicly available information as is sometimes the case in patent lawsuits) is reasonable, but there is no reason to prohibit those individuals from

3

advising on contract terms such as indemnification or cooperation provisions in an acquisition agreement.

The Court rejects Sonos's alternative proposal that the acquisition bar should apply only if the acquired patents are asserted against the producing party during the pendency of this lawsuit or within two years thereafter.  There are two problems with that proposal.  The first is that it invites the misuse of the producing party's highly confidential information (by allowing outside counsel of record with access to that information, and who cannot forget it, to currently advise on which patents to acquire or which may be valid) and just delays the consequence of that misuse (the receiving party files the lawsuit alleging infringement of the newly acquired patent two years and one day after this lawsuit ends).  Second, outside counsel advising on patent acquisitions would have no way of knowing if they were complying with the protective order or violating it.  That would depend on when their client files a lawsuit against the producing party based on the newly acquired patent, a future event over which they have no control.

Accordingly, the Court holds that there should be an acquisition bar, but Google's proposed bar is overbroad as described above.  The Court orders the parties to file a revised proposed protective order consistent with this order within seven days.

**IT IS SO ORDERED.**

Dated: April 27, 2021

THOMAS S. HIXSON
United States Magistrate Judge

4