```
                                      PAGES 1 - 14

               UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA

          BEFORE THE HONORABLE THOMAS S. HIXSON

GOOGLE, LLC,                        )
                                    )
           PLAINTIFF,               )
                                    )
  VS.                               ) NO. 20-CV-03845
                                    )
SONOS, INC.,                        )
                                    )  PLACE, CALIFORNIA
           DEFENDANT.               )  TUESDAY, APRIL 27, 2021
                                    )
_____)
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  9:00 A.M. - 9:20 A.M.**

**APPEARANCES:**

**FOR PLAINTIFF**            QUINN, EMANEUL, URQUHART & SULLIVAN
                             50 CALIFORNIA STREET, 22ND FLOOR
                             SAN FRANCISCO, CALIFORNIA 94111
                        **BY: LINDSAY COOPER, ESQUIRE**

                             GOOGLE, LLC
                        **BY: PATRICK WESTON, IN-HOUSE COUNSEL**


**FOR DEFENDANT**            ORRICK HERRINGTON SUTCLIFFE LLP
                             222 BERKELEY ST, STE. 2000
                             BOSTON, MASSACHUSETTS 02116
                        **BY: KRISTINA DIBENEDETTO MCKENNA, ESQUIRE**

                             ORRICK, HERRINGTON & SUTCLIFFE LLP
                             777 SOUTH FIGUEROA STREET, SUITE 3200
                             LOS ANGELES, CA 90017
                        **BY: ALYSSA M. CARIDIS, ESQUIRE**


*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
              *RETIRED OFFICIAL COURT REPORTER, USDC*

```
 1   TUESDAY, APRIL 27, 2021                              9:00 A.M.
 2                            ---oOo---
 3            ELECTRONICALLY RECORDED PROCEEDINGS
 4            THE CLERK:  OKAY.  GOOD MORNING, EVERYONE.  WE ARE
 5   HERE IN CIVIL ACTION 20-3845, GOOGLE, LLC VERSUS SONOS, INC.,
 6   THE HONORABLE THOMAS S. HIXSON PRESIDING.
 7            COUNSEL, PLEASE STATE YOUR APPEARANCES.  LET'S START
 8   WITH PLAINTIFF'S COUNSEL.
 9            MS. COOPER:  LINDSAY COOPER, QUINN EMANUEL FOR
10   GOOGLE, AND WITH ME IS PATRICK WESTON, IN-HOUSE COUNSEL FOR
11   GOOGLE.
12            THE COURT:  GOOD MORNING.
13            MS. COOPER:  GOOD MORNING.
14            MS. McKENNA:  GOOD MORNING, YOUR HONOR.  KRISTINA
15   MCKENNA WITH ORRICK, HERRINGTON & SUTCLIFFE ON BEHALF OF
16   DEFENDANT SONOS, INC.  ALSO ON THE LINE FOR SONOS TODAY IS
17   ALYSSA CARIDIS, A PARTNER WITH ORRICK.
18            AND I'D LIKE TO ADD I'M VERY PLEASED TO BE MAKING
19   ARGUMENT TODAY.  IT'S MY FIRST ARGUMENT IN FEDERAL COURT, SO
20   THANK YOU VERY MUCH FOR THIS OPPORTUNITY.
21            THE COURT:  OH, GOOD MORNING, AND WONDERFUL.
22            LET ME ASK GOOGLE THAT -- WHAT TYPE OF DISCOVERY
23   WOULD THERE BE ABOUT VALIDITY?
24            MS. COOPER:  SURE.  SO IN THIS CASE -- AND I JUST
25   WANT TO ADD ONE PIECE OF CONTEXT.  THE PARTIES HAVE A PARALLEL
```

1   CASE IN THE WESTERN DISTRICT OF TEXAS, AND WE'VE AGREED THAT
2   THE PROTECTIVE ORDER WE'RE TALKING ABOUT NOW WILL APPLY IN BOTH
3   CASES SO...
4           **THE COURT:**  OKAY.
5           **MS. COOPER:**  SO WE'VE GOT VALIDITY DISCOVERY GOING ON
6   IN BOTH CASES.
7           IN BOTH CASES BOTH SIDES ARE -- HAVE TAKEN THE
8   POSITION THAT THEIR OWN PRODUCTS CONSTITUTE -- OR, SORRY --
9   THAT THE OTHER SIDE -- NO -- THAT THEIR OWN PRODUCTS CONSTITUTE
10  PRIOR ART TO THE PATENTS IN SUIT.
11          SO IN BOTH CASES THE PARTIES ARE PRODUCING
12  CONFIDENTIAL INFORMATION REGARDING THEIR OWN PRODUCTS, AND THAT
13  INCLUDES TECHNICAL DOCUMENTS.  IT ALSO INCLUDES SOURCE CODE.
14  SO IN CONNECTION WITH VALIDITY THERE IS CONFIDENTIAL
15  INFORMATION BEING PRODUCED, AND THAT INFORMATION IS BEING
16  MARKED AS AEO BY BOTH SIDES.
17          **THE COURT:**  I SEE.  OKAY.  THE ACQUISITION BAR THAT
18  GOOGLE HAD PROPOSED LOOKED PRETTY BROAD BECAUSE IT WOULD
19  PROHIBIT PEOPLE WHO HAVE ACCESS TO HC MATERIAL FROM HAVING ANY
20  INVOLVEMENT AT ALL WITH ADVICE.
21          NO, I CAN CERTAINLY UNDERSTAND WHY YOU'D WANT THEM
22  NOT ADVISE AS TO THE TYPES OF PATENTS TO ACQUIRE, BUT I'M
23  LOOKING AT THIS DISTRICT'S PRIOR DECISION IN *EPL HOLDINGS*, AND
24  I'M WONDERING IF THERE ARE CERTAIN OTHER AREAS WE MIGHT WANT TO
25  CARVE OUT OF THAT.

1    FOR EXAMPLE, WHY SHOULD WE BAR THESE PEOPLE FROM
2    ADVISING ON CONTRACT TERMS LIKE "INDEMNIFICATION" OR
3    "CORPORATION PROVISIONS."
4         **MS. COOPER:**  SURE.  SO *EPL HOLDINGS* HAD TWO CARVE
5    OUTS.  ONE WAS VALIDITY.  AND IT'S OUR POSITION THAT THAT
6    DOESN'T APPLY HERE, AND IT WOULD BE INAPPROPRIATE TO CARVE OUT
7    VALIDITY FROM THIS ACQUISITION BAR BECAUSE BOTH SIDES ARE
8    PRODUCING CONFIDENTIAL INFORMATION IN CONNECTION WITH THE
9    VALIDITY INQUIRY.
10        SONOS HAS ARGUED THAT, YOU KNOW, IT ALSO NEEDS A
11   CARVE OUT FOR COMMERCIAL ADVICE AND FOR INDEMNIFICATION AND
12   SOME OTHER COMMERCIAL PROVISIONS, BUT SONOS HASN'T EXPLAINED
13   WHY THEY NEED THEIR LITIGATION COUNSEL, THE SAME LITIGATION
14   COUNSEL WHO HAS HAD ACCESS TO GOOGLE PROTECTED INFORMATION, TO
15   ADVISE ON THOSE TERMS.
16        YOU KNOW, SONOS HAS SAID, WE -- WE WANT THE ABILITY
17   TO CHOOSE OUR OWN COUNSEL.  AND I UNDERSTAND THAT, BUT IN THIS
18   CASE THEY'VE CHOSEN ORRICK, AN INTERNATIONAL LAW FIRM, TO
19   REPRESENT THEM, AND ORRICK HAS 300 LAWYERS IN THE BAY AREA
20   ALONE.  AND THE ACQUISITION BAR WE'RE TALKING ABOUT, IT DOESN'T
21   GET IMPUTED TO THE WHOLE FIRM.  SO EVEN IF 10 OR 20 LAWYERS
22   RECEIVE ACCESS TO GOOGLE PROTECTED INFORMATION, IT'S ONLY THOSE
23   10 OR 20 WHO CAN'T PROVIDE THE COMMERCIAL ADVICE THAT SONOS IS
24   SAYING IT WANTS THEM TO PROVIDE.  THERE ARE, YOU KNOW, 280
25   OTHER LAWYERS IN THE BAY AREA ALONE THAT COULD PROVIDE THAT

1   KIND OF ADVISE, AND, YOU KNOW, TO THE EXTENT THERE'S ANY
2   INCONVENIENCE ASSOCIATED WITH NOT HAVING THEIR CHOICE OF
3   COUNSEL PROVIDE THAT COMMERCIAL ADVICE, WHAT JUDGE ALSUP SAID
4   IN THE *CATCH A WAVE* CASE IS THAT IS A REASONABLE QUID PRO QUO
5   FOR RECEIVING ACCESS TO GOOGLE'S PROTECTED INFORMATION IN THE
6   FIRST PLACE.
7           **THE COURT:**  ALL RIGHT.  WELL, LET ME ASK SONOS.  WHEN
8   I THINK ABOUT WHO GETS -- IT LOOKS LIKE THE ACQUISITION BAR
9   ONLY APPLIES TO PEOPLE WHO HAVE ACCESS TO HC MATERIAL.  SO THAT
10  WOULDN'T INCLUDE THE ONE IN-HOUSE COUNSEL THAT EACH SIDE GETS
11  TO DESIGNATE BECAUSE THAT PERSON DOESN'T HAVE HC ACCESS AT ALL.
12  IT LOOKS LIKE THE ACQUISITION BAR WOULD ONLY BE -- AND THEN I
13  THINK ABOUT WHO THE ACQUISITION BAR WOULD APPLY TO, WHO WOULD
14  ALSO REALISTICALLY WANT TO GIVE ADVICE.  IT WOULD BE OUTSIDE
15  COUNSEL OF RECORD.  I GUESS IN THEORY IT COULD BE EXPERTS
16  BECAUSE THERE ARE ALSO -- THEY ALSO GET HC ACCESS, BUT YOU'RE
17  NOT ANTICIPATING EXPERTS GIVING ADVICE, ARE YOU?
18          **MS. McKENNA:**  YOUR HONOR, WE'RE NOT ANTICIPATING
19  EXPERTS GIVING ADVICE, BUT WE ARE ANTICIPATING GOOGLE -- SONOS'
20  COUNSEL, LS3, TO BE GIVING ADVICE, AND THAT IS A VERY SMALL LAW
21  FIRM THAT WAS CO-COUNSEL ON THIS CASE, HAS BEEN SONOS'
22  LONG-TERM COUNSEL FOR A NUMBER OF YEARS AND HAS DEVELOPED A
23  STRONG FORM OF TRUST WITH SONOS, THAT THIS WOULD BE A
24  SUBSTANTIAL BURDEN TO IMPOSE, ASIDE FROM THE CONCERNS YOU
25  ALREADY RAISED ABOUT THIS BAR BEING EXTREMELY BROAD.

1      **THE COURT:** ARE THEY -- I NOTICE -- I SAW ORRICK AS
2  COUNSEL OF RECORD.  I'M PULLING UP THE DOCKET SHEET RIGHT NOW
3  AS YOU'RE TALKING.  IS THAT FIRM THAT YOU JUST MENTIONED, LS3,
4  ARE THEY COUNSEL OF RECORD?
5      **MS. McKENNA:** YES, THEY ARE.
6      **THE COURT:** THEY ARE.  ALL RIGHT.  LET ME JUST PULL
7  THAT UP AS -- AND IT'S, WHAT, LS3?
8      **MS. McKENNA:** YES, THAT'S CORRECT.
9      **THE COURT:** IS THAT THE FIRM IN CHICAGO?
10     **MS. McKENNA:** YES.
11     **THE COURT:** I SEE.  OKAY.
12     **MS. McKENNA:** AND, YOUR HONOR, JUST TO BE CLEAR, LS3
13  STANDS FOR LEE, SULLIVAN, SHEA & SMITH.
14     **THE COURT:** OH, I SEE.  OKAY.  I SEE.
15          YOU HAD AN ALTERNATIVE PROPOSAL ABOUT -- TO LIMIT THE
16  ACQUISITION BAR TO THE SITUATION WHERE THE ACQUIRED PATENTS OR
17  PATENTS RESULTING FROM THE ACQUIRED PATENT APPLICATIONS ARE
18  THEN ASSERTED AGAINST THE PRODUCING PARTY WHILE THE ACQUISITION
19  BAR IS IN EFFECT.  I HAD A QUESTION ABOUT THAT BECAUSE IT SEEMS
20  LIKE IT INTRODUCES A CHRONOLOGY PROBLEM IN THAT, FIRST, OUTSIDE
21  COUNSEL WOULD HAVE ACCESS TO INFORMATION AND COULD PROVIDE
22  ADVICE, BUT THEY WOULDN'T KNOW IF THEY'RE VIOLATING THE
23  PROTECTIVE ORDER OR COMPLYING WITH IT BECAUSE THAT WOULD DEPEND
24  ON WHETHER SONOS LATER SUES GOOGLE UNDER SOME PATENT.  WOULD
25  THE ACCESS DEPEND ON SOME LATER EVENT UNDER YOUR PROPOSAL?

1    **MS. McKENNA:** UNDER OUR PROPOSAL, THE ACCESS TO
2    INFORMATION IS DEPENDENT UPON IF THOSE PATENTS WILL BE ASSERTED
3    AGAINST GOOGLE DURING THE ACQUISITION BAR, AND SO WHILE THE
4    ACQUISITION BAR IS IN EFFECT, WHICH LASTS FOR TWO YEARS PAST
5    THE TERMINATION OF THIS LITIGATION, IF ANY PATENTS THAT ARE
6    BEING ACQUIRED WOULD BE EXPECTED TO BE ASSERTED AGAINST THOSE
7    PATENTS AT THAT TIME AGAINST GOOGLE, THAT IS WHAT WOULD BE
8    PROHIBITED.
9    **THE COURT:** SO THE THING, THOUGH, IS THE ACQUISITION
10   BAR WOULD NOT PREVENT SONOS FROM SUING GOOGLE.  ALL THE
11   ACQUISITION BAR WOULD SAY IS THAT IF SONOS DOES THAT, THEN THE
12   ATTORNEYS AT LS3 RETROACTIVELY VIOLATED THE PROTECTIVE ORDER.
13   SO THEY WOULD BE IN THIS DIFFICULT POSITION WHERE THEY
14   WOULDN'T -- THEY WOULDN'T KNOW IF THEY'RE COMPLYING WITH -- IT
15   JUST SEEMS UNTENABLE TO ME.
16        CAN YOU HELP ME TO UNDERSTAND HOW THEY WOULD -- THEIR
17   ACCESS TO INFORMATION WOULD DEPEND ON EVENTS -- I MEAN, THEY
18   CAN'T CONTROL WHAT SONOS DOES, RIGHT?  THEY CAN'T TELL THE
19   CLIENT YOU CAN'T HIRE A DIFFERENT LAW FIRM AND SUE GOOGLE?
20   **MS. McKENNA:** SURE.  BUT LS3 CAN ADVISE SONOS ON --
21   ON WHETHER THE PATENTS ARE VALID OR -- OR WHETHER THEY SHOULD
22   BE -- WHETHER THEY BRING ANY VALUE IN TERMS OF THE ACQUISITION
23   IN GENERAL.  AND SO -- I'M SORRY.  YOUR HONOR, COULD YOU REPEAT
24   THE QUESTION, I THINK I MISSED WHAT YOU'RE LOOKING FOR HERE.
25   **THE COURT:** SURE.  THE ISSUE I'M STRUGGLING WITH IS

1  THAT YOUR PROPOSED ADDITION TO THE ACQUISITION BAR SEEMS TO
2  MAKE IT THE CASE THAT WHETHER THE ATTORNEYS AT LS3 ARE
3  COMPLYING WITH OR VIOLATING THE PROTECTIVE ORDER DEPENDS ON
4  EVENTS THAT OCCUR IN THE FUTURE THAT ARE OUTSIDE OF THEIR
5  CONTROL, NAMELY WHETHER SONOS SUES GOOGLE FOR ONE OF THOSE
6  PATENTS.  THAT SEEMS KIND OF AN UNTENABLE SITUATION FOR THEM,
7  BECAUSE, AS THEY'RE REVIEWING HC MATERIAL AND PROVIDING ADVICE,
8  THEY -- WHETHER THAT'S OKAY OR NOT DEPENDS ON WHAT THEIR CLIENT
9  DOES ONE TO TWO YEARS IN THE FUTURE.
10           **MS. McKENNA:**  OKAY.  THANK YOU, YOUR HONOR.
11           AND SO, FIRST, I WOULD LIKE TO POINT OUT THAT THIS
12  HARM THAT GOOGLE IS AFRAID OF IS CURRENTLY UNSUPPORTED BY THE
13  RECORD.  IN ALL OF THE LITIGATIONS BETWEEN THE PARTIES SONOS
14  HAS NOT ONCE ASSERTED A PATENT THAT IT HAS ACQUIRED AGAINST
15  GOOGLE.  INSTEAD, ALL OF THE PATENTS THAT HAVE BEEN ASSERTED IN
16  THIS LITIGATION HAVE BEEN HOMEGROWN SONOS PATENTS.  IN FACT,
17  SONOS SENT GOOGLE A LETTER IDENTIFYING 150 PATENTS THAT WERE
18  ALL SONOS HOMEGROWN BUT INFRINGED GOOGLE'S PATENTS.
19           SO THE CONCERN ABOUT WHEN PATENTS WOULD BE ACQUIRED
20  OR WHEN THEY WOULD BE EVALUATED IN TERMS OF BEING ASSERTED
21  AGAINST GOOGLE IS REALLY UNFOUNDED HERE AND NOT SUPPORTED BY
22  THE RECORD AT ALL, SUCH THAT THIS CONCERN ABOUT EVALUATING
23  PATENTS IN THE FUTURE ISN'T REALLY AT ISSUE HERE.
24           **THE COURT:**  OKAY.  SO IN *EPL* THERE WAS A CARVE OUT
25  FROM THE ACQUISITION BAR FOR ADVICE CONCERNING VALIDITY.

```
 1   GOOGLE MAKES THE ARGUMENT THAT WE SHOULDN'T HAVE THAT TYPE OF
 2   CARVE OUT HERE BECAUSE BOTH SIDES ARE PRODUCING CONFIDENTIAL
 3   INFORMATION WITH RESPECT TO VALIDITY CONCERNING THEIR OWN PRIOR
 4   TECHNOLOGY.
 5           WHAT IS SONOS' RESPONSE TO THAT?  SHOULD I NOT HAVE A
 6   CARVE OUT FOR -- WOULD THAT HARM SONOS OR IMPEDE YOUR ABILITY
 7   TO LITIGATE EFFECTIVELY IF THERE WERE NO CARVE OUT FOR
 8   VALIDITY?
 9           **MS. McKENNA:**  YES, YOUR HONOR.  SO THERE'S NO NEED
10   FOR A CARVE OUT -- THERE'S NO NEED FOR AN ACQUISITION BAR AT
11   ALL, TO START WITH, AND, FURTHER, THERE'S NO NEED FOR A CARVE
12   OUT HERE TO ADDRESS VALIDITY CONCERNS, BECAUSE PARAGRAPH 7.1 OF
13   THE PROTECTIVE ORDER ALREADY ACCOUNTS FOR THIS.
14           PARAGRAPH 7.1 ALREADY STATES THAT THE PARTIES MAY NOT
15   USE CONFIDENTIAL INFORMATION FOR ANY PURPOSE ASIDE FROM THIS
16   LITIGATION REGARDLESS OF WHETHER THAT PURPOSE IS DIRECT OR
17   INDIRECT.
18           AND WHILE PARAGRAPH 7.1, DOES NOT DISTINGUISH BETWEEN
19   INTENTIONAL AND INADVERTENT USE -- AND, IN FACT, IN *EPL
20   HOLDINGS*, THE COURT THERE MENTIONED -- ACKNOWLEDGED THAT THE
21   LANGUAGE IN PARAGRAPH 7.1 SPECIFICALLY NOTES THAT PARTIES NEED
22   TO BE VIGILANT IN PROJECTING AGAINST USING CONFIDENTIAL
23   INFORMATION IN EVERY CASE.
24           AND SO THE CONCERNS THAT GOOGLE HAS RAISED ABOUT THE
25   VALIDITY DISCOVERY HERE, THAT REALLY COULD BE AN ISSUE IN ANY
```

1    CASE, AND IF THAT ALONE WERE ENOUGH TO WARRANT AN ACQUISITION

2    BAR, THEN THE ACQUISITION BAR WOULD ALREADY BE INCLUDED IN THE

3    MODEL PROTECTIVE ORDER, AND IT IS NOT.

4            AND, SIMILARLY, THAT -- THOSE SAME CONCERNS WOULD BE

5    AT PLAY IN THE PARTIES' STILL PENDING LITIGATION IN THE ITC,

6    WHICH HAS BEEN GOING ON FOR 15 MONTHS, AND AT NO POINT DURING

7    THAT STAGE HAS GOOGLE ARGUED THAT SUCH CARVE OUT OR EVEN AN

8    ACQUISITION BAR IN GENERAL IS NECESSARY.  AND THROUGHOUT THAT

9    LITIGATION, THE PARTIES HAVE BEEN OPERATING UNDER THE

10   AGREEMENT, AFTER HEAVY NEGOTIATION, THAT AN ACQUISITION BAR WAS

11   NOT NECESSARY.

12           **THE COURT:**  WELL, SURE.  THE ISSUE I'M STRUGGLING

13   WITH IS THAT I DON'T THINK THAT OUTSIDE COUNSEL OF RECORD CAN

14   TAKE THE KNOWLEDGE THAT THEY'VE GAINED FROM DOCUMENTS PRODUCED

15   IN THIS CASE AND PUT IT OUT OF THEIR MIND WHEN THEY'RE GIVING

16   LEGAL ADVICE ON POTENTIAL PATENT ACQUISITIONS.  I THINK THAT'S

17   IMPOSSIBLE, AND I DON'T WANT TO PUT PEOPLE IN THE UNTENABLE

18   SITUATION WHERE THEY HAVE TO GIVE ADVICE ON WHICH PATENTS TO

19   ACQUIRE WHEN THEY HAVE THIS KNOWLEDGE IN THEIR MINDS.

20           WE COULD HAVE THE USE RESTRICTION IN THE PROTECTIVE

21   ORDER ALREADY, BUT PEOPLE CAN'T REALLY -- THEY CAN'T UNKNOW

22   THINGS THAT THEY KNOW.

23           THE THING IS I THINK OUTSIDE COUNSEL OF RECORD CAN

24   ADVISE ON AN INDEMNIFICATION PROVISION PERFECTLY FINE WITHOUT

25   HAVING TO USE ANY OF THE INFORMATION THAT'S IN THEIR HEAD.  BUT

```
 1   IF -- IN THE TYPICAL PATENT CASE VALIDITY ANALYSIS USUALLY IS
 2   ABOUT NOT ANYBODY'S OWN PRIOR TECHNOLOGY, BUT ABOUT WHAT'S OUT
 3   THERE IN THE MARKET ALREADY.  BUT IT LOOKS LIKE IN THIS CASE
 4   THE VALIDITY ANALYSIS IS GOING TO HEAVILY DEPEND ON WHAT THE
 5   PARTIES THEMSELVES HAVE PREVIOUSLY PRODUCED.  AND THAT GIVES ME
 6   A CONCERN WHEN OUTSIDE COUNSEL OF RECORD HAVE THAT KNOWLEDGE IN
 7   THEIR HEADS ALREADY, THAT EVEN OPINING AS TO VALIDITY MIGHT
 8   BE -- IT MIGHT BE VERY DIFFICULT FOR THEM TO PUT OUTSIDE OF
 9   THEIR MINDS WHAT THEY'VE LEARNED FROM DISCOVERY IN THIS CASE.
10           CAN YOU SPEAK TO THAT ISSUE?
11           **MS. McKENNA:**  YES, YOUR HONOR.  THE INVALIDITY
12   ARGUMENTS HERE ARE NOT WHOLLY PREMISED ON THE PARTIES'
13   UNDERLYING TECHNOLOGY THERE.  THERE ARE A LOT OF INVALIDITY
14   ARGUMENTS THAT ARE BASED PURELY ON NON-CONFIDENTIAL PUBLIC
15   INFORMATION.  SO AN INVALIDITY CARVE OUT HERE WOULD BE
16   OVERBROAD BECAUSE IT WOULD PROHIBIT THE PARTIES FROM ADVISING
17   ON PUBLIC INFORMATION.
18           **THE COURT:**  ALL RIGHTY.  WHAT -- I'M INCLINED TO ADD
19   AN ACQUISITION BAR, BUT I WANT TO MAKE SURE THAT I DON'T
20   INAPPROPRIATELY HANDICAP SONOS.  I'M THINKING THAT THE
21   ACQUISITION BAR SHOULD NOT PROHIBIT INDIVIDUALS WITH HC ACCESS
22   FROM ADVISING ON CONTRACT TERMS, SUCH INDEMNIFICATION OR
23   COOPERATION PROVISIONS.
24           ARE THERE ANY OTHER PARTICULAR THINGS YOU WOULD LIKE
25   ME TO CALL OUT AND SAY THAT ARE NOT COVERED BY THE ACQUISITION
```

1  BAR?

2  **MS. McKENNA:** YES, YOUR HONOR.  THE BURDEN -- THE
3  ACQUISITION BAR ALSO SHOULD NOT BE PROHIBITING THE PARTIES FROM
4  ADVISING ON ACQUISITIONS THAT WILL NOT BE RELATED TO PATENTS
5  ASSERTED AGAINST THE PRODUCING PARTY HERE.  THERE'S NO REASON
6  TO PROHIBIT THE PARTIES FROM ADVISING OR COUNSELING ON
7  ACQUISITION OF PATENTS OR APPLICATIONS OF PATENTS THAT WILL
8  HAVE NO BEARING ON GOOGLE OR SONOS.

9  **THE COURT:** WELL, SURE.  I MEAN, THE THING IS,
10 THOUGH, "THE WILL BE ASSERTED" IS HARD BECAUSE THAT DEPENDS ON
11 EVENTS THAT HAPPEN IN THE FUTURE.  EVEN GOOGLE'S ACQUISITION
12 BAR THAT WAS LIMITED TO CERTAIN TYPES OF PATENTS IS NOT
13 EVERYTHING.

14 **MS. McKENNA:** GOOGLES'S PATENT IS LIMITED TO CERTAIN
15 TYPES OF PATENTS -- I'M SORRY.

16 GOOGLE'S ACQUISITION BAR IS LIMITED TO CERTAIN TYPES
17 OF PATENTS, BUT IT IS NOT LIMITED TO WHO THOSE PATENTS ARE
18 ASSERTED AGAINST.  AND IN THE CASES ON WHICH GOOGLE RELIES TO
19 SUPPORT ITS POSITION, BOTH *CATCH A WAVE* AND *EPL HOLDINGS*, BOTH
20 OF THOSE CASES INCLUDED WITHIN THE ACQUISITION BAR LANGUAGE
21 LIMITING THE BAR TO ASSERTIONS AGAINST THE PRODUCING PARTY, AND
22 THAT'S NOT THE CASE WITH GOOGLE'S BAR HERE.

23 **THE COURT:** ALL RIGHTY.  LET ME HEAR FROM GOOGLE ANY
24 REPLY COMMENTS YOU WOULD LIKE TO MAKE.

25 **MS. COOPER:** SURE.  THE ISSUE, EVEN IF THE BAR HAD A

1   PROVISION THAT PREVENTED SONOS FROM ASSERTING THE PATENTS
2   AGAINST GOOGLE, THE ISSUE IS THAT WOULD STILL ALLOW SOMEBODY
3   WHO HAS RECEIVED GOOGLE PROTECTED INFORMATION, THAT WOULD ALLOW
4   THEM TO PROVIDE ADVICE ON THE ACQUISITION OF PATENTS AT THE
5   SAME TIME AS THEY'RE REVIEWING GOOGLE'S PROTECTED INFORMATION.
6          GIVEN THE SCOPE OF THE PARTIES' DISPUTE -- YOU KNOW,
7   SINCE THE ITC CASE, THE PARTIES' DISPUTE HAS ESCALATED.  WE'VE
8   GONE FROM AN ITC CASE TO MULTIPLE DISTRICT COURT CASES TO
9   SEVERAL INTERNATIONAL PROCEEDINGS.  GIVEN WHERE WE ARE RIGHT
10  NOW, INCENTIVES EXIST FOR BOTH SIDES TO HAVE LITIGATION COUNSEL
11  PROVIDE ADVICE ON THE ACQUISITION OF PATENTS.  THAT'S JUST --
12  THAT'S JUST WHERE WE ARE IN THIS CASE RIGHT NOW.
13         GOOGLE WANTS TO PREVENT THAT FROM HAPPENING.  THE BAR
14  WE PROPOSED IS BILATERAL.  IT WOULD PREVENT BOTH SIDES FROM
15  ALLOWING LITIGATION ATTORNEYS WHO ARE NOW VERY FAMILIAR WITH
16  THE OPERATION OF THE OTHER SIDE'S PRODUCTS FROM PROVIDING THIS
17  KIND OF ADVICE, AND WE JUST WANT TO MAKE SURE IT DOESN'T HAPPEN
18  ON EITHER SIDE.
19         AND, YOU KNOW, WE CITED A COUPLE OF CASES.
20  CATCH-A-WAVE IS ONE, THE *UNILOC* CASE IS ANOTHER, IMPOSING
21  ACQUISITION BARS IN THESE EXACT CIRCUMSTANCES, AND WE WOULD,
22  YOU KNOW, RESPECTFULLY ASK THAT YOUR HONOR IMPOSE ONE IN THIS
23  CASE AS WELL.
24         **THE COURT:**  ALL RIGHTY.  ALL RIGHT.  WELL, THANK YOU,
25  COUNSEL.  I THINK I HAVE WHAT I NEED, AND I'M GOING TO GET OUT

```
 1  AN ORDER LATER TODAY.  THE MATTER WILL STAND SUBMITTED.
 2             MS. McKENNA:  THANK YOU, YOUR HONOR.
 3             MS. COOPER:  THANK YOU.
 4             THE CLERK:  THANK YOU EVERYONE, WE'RE OFF THE RECORD.
 5             (PROCEEDINGS ADJOURNED AT 9:20 A.M.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/s/ jmcolumbini*

JOAN MARIE COLUMBINI

APRIL 30, 2021