QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

   David A. Nelson (admitted *pro hac vice*)
   davidnelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Attorneys for GOOGLE LLC

CLEMENT SETH ROBERTS (Bar No. 209203)
croberts@orrick.com
BAS DE BLANK (Bar No. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (Bar No. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

GEORGE I. LEE (admitted *pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (admitted *pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (admitted *pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

Attorneys for SONOS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>            Defendant. | Case No. 3-20-CV-03845-EMC<br><br>**ADMINISTRATIVE MOTION TO SEAL EXHIBIT TO STIPULATION OF DISMISSAL OF '206 INFRINGEMENT CLAIM** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") and Defendant Sonos, Inc. ("Sonos") (collectively, the "Parties") respectfully seek to seal Exhibit A to the Parties' Stipulation of Dismissal of '206 Infringement Claim ("Stipulation"), which contains non-public, sensitive confidential and proprietary business information that could affect Sonos' competitive standing. This information is highly confidential and should be protected.

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion must show only "good cause." *Id.* at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted).

Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard). Stipulations of dismissal are not dispositive motions, thus the good cause

standard applies. *Cf. Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, No. 10-CV-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (applying good cause standard "[b]ecause a motion to determine good faith settlement is only tangentially related to the merits of the underlying cause of action, it constitutes a non-dispositive motion.").

### III. THE EXHIBIT AT ISSUE MEETS THE "GOOD CAUSE" STANDARD AND SHOULD BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). Courts in this district have also determined that motions to seal may be granted as to potential trade secrets. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

Here, the exhibit to the Stipulation comprises confidential and proprietary information regarding highly sensitive features of Sonos' products that Sonos does not share publicly. Specifically, this information provides details related to hardware and software design of Sonos' products.

Public disclosure of the above-listed information would harm Sonos' competitive standing by revealing sensitive aspects of Sonos' products to its competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because

"disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available"). The "good cause" rather than the "compelling reasons" standard should apply but under either standard, the Parties' sealing request is warranted.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should seal the exhibit to the Stipulation.

Dated:  June 2, 2021                              Respectfully submitted,

/s/ *Patrick D. Curran*                           /s/ *Alyssa Caridis*
Patrick D. Curran                                 Alyssa Caridis
Attorneys for GOOGLE LLC                          Attorneys for SONOS, INC.

QUINN EMANUEL URQUHART &                          ORRICK, HERRINGTON &
SULLIVAN, LLP                                     SUTCLIFFE LLP

**ATTESTATION**

I, Patrick D. Curran, am the ECF user whose identification and password are being used in this filing. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories to this document have concurred in the filing of this document.

Dated: June 2, 2021

/s/ Patrick D. Curran
Patrick D. Curran