CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Google LLC, | Case No. 20-cv-03845-EMC |
| Plaintiff, | **SONOS, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |
| v. | |
| Sonos, Inc., | Date: September 16, 2021<br>Time: 1:30 p.m. |
| Defendant. | Courtroom: 5, 17th Floor |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ................................................................................................................... 1
STATEMENT OF THE RELIEF REQUESTED ........................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1
I. INTRODUCTION ............................................................................................................... 1
II. STATEMENT OF ISSUES ................................................................................................. 2
III. BACKGROUND ................................................................................................................. 2
    A. Procedural History .................................................................................................. 2
    B. Google's Amended Infringement Contentions ....................................................... 4
IV. LEGAL STANDARD ......................................................................................................... 5
V. ARGUMENT ...................................................................................................................... 6
    A. Sonos's Requested Amendments Respond Directly to Google's Amended Infringement Contentions ....................................................................................... 7
    B. Sonos Diligently Investigated Google's Disclosures and Sought Amendment ............................................................................................................. 8
    C. Sonos's Requested Amendment Will Not Unduly Prejudice Google.................... 10
VI. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*24/7 Customer, Inc. v. Liveperson, Inc.*,
  No. 3:15-CV-02897-JST (KAW), 2016 WL 6673983 (N.D. Cal. Nov. 14, 2016) .................................................................................................................... 6, 7

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
  No. 14-CV-01012-SI, 2017 WL 2774339 (N.D. Cal. June 26, 2017) ..................................... 7

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  No. CV 12–00630 LHK, 2012 WL 5632618 (N.D. Cal., Nov. 15, 2012) .......................... 6, 10

*DCG Sys., Inc. v. Checkpoint Techs., LLC*,
  No. C 11-03792 PSG, 2012 WL 12140357 (N.D. Cal. Aug. 20, 2012) ................................... 7

*Facebook, Inc. v. BlackBerry Ltd.*,
  No. 18-CV-05434-JSW (JSC), 2020 WL 864934 (N.D. Cal. Feb. 13, 2020),
  *report and recommendation adopted*, No. 18-CV-05434-JSW, 2020 WL
  9422395 (N.D. Cal. Mar. 30, 2020) ........................................................................................ 7

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.*,
  No. C 03–1431 SBA, 2006 WL 1329997 (N.D. Cal., May 15, 2006) ..................................... 5

*Fujifilm Corp. v. Motorola Mobility LLC*,
  No. 12-CV-03587-WHO, 2014 WL 491745 (N.D. Cal. Feb. 5, 2014) .................................... 9

*Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*,
  No. C 06-7477 SI, 2008 WL 2622794 (N.D. Cal. July 1, 2008) ........................................... 11

*Intri-Plex Techs., Inc. v. NHK Int'l Corp.*,
  No. 17-CV-01097-EMC (EDL), 2019 WL 920206 (N.D. Cal. Jan. 15, 2019),
  report and recommendation adopted, No. 17-CV-01097-EMC, 2019 WL
  917059 (N.D. Cal. Feb. 25, 2019) ......................................................................................... 10

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
  No. 14-CV-00876-RS (JSC), 2016 WL 2855260 (N.D. Cal. May 13, 2016) .......................... 9

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
  No. 14-CV-00876-RS (JSC), 2016 WL 7386136 (N.D. Cal. Dec. 21, 2016) ........................ 10

*Network Appliance Inc. v. Sun Microsystems Inc.*,
  No. C-07-05488 EDL, 2009 WL 2761924 (N.D. Cal. Aug. 31, 2009) .................................... 9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ........................................................................................... 5, 6

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
   No. 11–cv–02226 SI, 2013 WL 322556 (N.D. Cal., Jan. 28, 2013) .................................... 6, 8

*In re RAH Color Techs. LLC Pat. Litig.*,
   No. 18-MD-02874-SI, 2021 WL 1197478 (N.D. Cal. Mar. 30, 2021) .................................. 8

*Sunpower Corp. Sys. v. Sunlink Corp.*,
   No. C-08-02807 SBA (EMC), 2009 WL 1657987 (N.D. Cal., June 12, 2009) ....................... 6

*Synchronoss Techs., Inc. v. Dropbox Inc.*,
   No. 4:16-cv-00119-HSG (KAW), 2018 WL 5619743 (N.D. Cal. Oct. 29, 2018) .... 7, 9, 10, 11

*The Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
   No. C 05-04158 MHP, 2008 WL 624771 (N.D. Cal. Mar. 4, 2008) ....................................... 9

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
   No. 10-cv-3724 CW, 2013 WL 5609325 (N.D. Cal. Oct. 11, 2013) .................................... 10

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
   No. C 12-05501 SI, 2014 WL 1648175 (N.D. Cal. Apr. 23, 2014) ................................... 7, 11

*WhatsApp Inc. v. Intercarrier Commc'ns, LLC*,
   No. 13–cv–04272 JST, Dkt. No. 81 (N.D. Cal., Sept. 3, 2014) ............................................... 6

*Yodlee, Inc. v. CashEdge, Inc.*,
   No. C05-01550 SI, 2007 WL 1454259 (N.D. Cal. May 17, 2007) ....................................... 11

**Statutes**

35 U.S.C. § 102 ........................................................................................................................ 2, 11

**Rules**

N.D. Cal. Patent Local Rule 3-3 .................................................................................................... 2

N.D. Cal. Patent Local Rule 3-4 .................................................................................................... 3

N.D. Cal. Patent Local Rule 3-6 ............................................................................................ 1, 2, 6

S.D. Cal. Patent Local Rule 3.6(b) ................................................................................................ 8

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on September 16, 2021 at 1:30 p.m., or as soon thereafter may be heard in Courtroom 5 on the 17th Floor of the San Francisco Courthouse, Defendant Sonos, Inc. ("Sonos") will, and hereby does, move for leave to amend its invalidity contentions pursuant to Patent Local Rule 3-6. This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Michael Boyea and Alyssa Caridis, and appendices thereto, all documents in the Court's file, and such other written or oral argument as may be presented at or before the time this motion is heard by the Court.

## STATEMENT OF THE RELIEF REQUESTED

Sonos requests that this Court grant Sonos leave to amend its invalidity contentions under Patent Local Rule 3-6.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Sonos seeks leave to amend its invalidity contentions to respond to Google LLC's ("Google") amended infringement contentions. Specifically, Sonos seeks leave of Court under Patent Local Rule 3-6 to amend its invalidity contentions to add additional detail to its previously-disclosed theory that U.S. Patent No. 10,229,586 ("the '586 Patent") is invalid in light of Sonos's own invention of the subject matter of that patent before the patent's priority date. This theory is not new—it was included in Sonos's initial invalidity contentions. But when Sonos served its initial invalidity contentions, it did so based in part on Google's inadequate and confused infringement contentions. Google has since amended its infringement contentions to include reference to specific functionalities, including by citing to particular source code, clarifying (to some extent) the bounds of Google's infringement theories. These new allegations enabled Sonos to investigate whether the accused functionalities pre-date the priority date of the '586 Patent (they do). Sonos seeks leave to amend its invalidity contentions to add these details. Because Sonos has diligently sought leave and has good cause to seek these amendments, and because

1   Google will not be prejudiced by the proposed amendments, the Court should grant Sonos leave
2   to amend its invalidity contentions.

3   **II.      STATEMENT OF ISSUES**

4         Whether Sonos may amend its invalidity contentions under Patent Local Rule 3-6 to
5   include the claim chart attached hereto as Exhibit 1 (Amended Exhibit D-4).

6   **III.     BACKGROUND**

7         **A.      Procedural History**

8         On December 14, 2020, Sonos served its Invalidity Contentions pursuant to Local Patent
9   Rule 3-3. Ex. 1 (Invalidity Contentions Cover Pleading). Consistent with Patent Local Rule 3-3(a),
10  Sonos identified several "systems and products [as] prior art under 35 U.S.C. §§ 102(a), (b), (f),
11  and/or (g)." *Id.* at 11. Relevant to the present motion, Sonos identified "Sonos (February 2004 or
12  earlier)" as a prior art system for the '586 Patent. *Id.* at 12. Pursuant to Patent Local Rule 3-3(b),
13  Sonos further identified "Sonos" as a prior art reference that anticipates each of the Asserted Claims
14  of the '586 Patent (*id.* at 66-67), and attached as Exhibit D-4 a claim chart. Ex. 3 (Exhibit D-4 to
15  Sonos's Invalidity Contentions). That claim chart explained:

> Sonos conceived of and reduced to practice an audio-enabled wireless device configured for bidirectional wireless communication in a wireless mesh network prior to May 27, 2004. For example, Sonos developed source code that was checked into the Sonos source code repository on February 4, 2004. This source code establishes that Sonos reduced to practice an audio-enabled wireless device configured for bidirectional wireless communication in a wireless mesh network.

20  *Id.* at 1. The claim chart walked through each limitation of each asserted '586 Patent claim,
21  identifying where and how in the Sonos prior art system each limitation is found. *See generally id.*
22  Throughout the claim chart, Sonos cited to Sonos documents, as well as "Sonos Source Code (2004-
23  02-04 check-in)." *See, e.g.*, *id.* at 1. At the time Sonos served its invalidity contentions, "[t]he source
24  code for the Sonos prior art (charted against the '586 Patent) [was] made available on the source
25  code computer." Ex. 2 (Invalidity Contentions Cover Pleading) at 97.

26        At the time that Sonos served its invalidity contentions, Google had yet to serve
27  infringement contentions with pinpoint source code citations. Sonos has consistently explained
28  both to Google and the Court that "[i]n order to understand what is actually accused—and therefore

1   what is in dispute—it is necessary to understand what source code Google contends meets each
2   claim limitation." Dkt. 44 at 9. Accordingly, in its invalidity contentions, "Sonos expressly
3   reserve[d] the right to amend or supplement these contentions . . . once Plaintiff serves amended
4   Infringement Contentions with pinpoint source code citations." Ex. 2 (Invalidity Contentions Cover
5   Pleading) at 2. With regard to the documents produced pursuant to Patent Local Rule 3-4, Sonos
6   noted that "Sonos further reserves the right to supplement these disclosures following the receipt
7   of more fulsome and rules-compliant infringement contentions from Plaintiff." *Id.* at 96.

8         On March 15, 2021, Google served its Amended Disclosure of Asserted Claims and
9   Infringement Contentions. Ex. 4 (Amended Infringement Contentions Cover Pleading). In those
10  contentions (as further explained below), Google—for the first time—identified the source code of
11  the Accused Products that it contended meets the claim limitations of the '586 Patent. These
12  amended contentions enabled Sonos to understand (at least partially) Google's specific
13  infringement theories, and make a further assessment of whether the identified functionality was
14  part of the Sonos source code that pre-dated the priority date of the '586 Patent.

15        On May 10, 2021, Sonos notified Google that Sonos intended to amend its invalidity
16  contentions relating to the '586 Patent as it related to Sonos's prior invention defense based on
17  Sonos's own prior work. Ex. 5 at 2 (Grosby email dated May 10, 2021). Sonos explained that it had
18  reviewed Google's amended contentions, including "code citations and accompanying discussions
19  and determined that the same functionality set forth in those code citations were conceived prior to
20  the '586's claimed priority date." *Id.* Sonos attached its proposed amended claim chart (both in
21  clean and redline versions) which included detailed citations to Sonos's prior art source code. *See*
22  *generally* Ex. 1 (Amended Exhibit D-4), Ex. 6 (Redline of Amended Exhibit D-4). That claim chart
23  explained that Sonos's amended contentions were a result of receiving amended infringement
24  contentions from Google. *See, e.g.* Ex. 1 at 2 ("With respect to limitation 1.1, functionality that
25  Google accuses of satisfying this limitation (*see* Exhibit D to Google's 1st Amended Infringement
26  Contentions at pp. 26-27), as well as other functionality that satisfies this limitation under Google's
27  apparent interpretation, was conceived of and/or reduced to practice prior to May 27, 2004.") Sonos
28  asked Google whether it objected to the amendment. Ex. 5 at 2 (Grosby email dated May 10, 2021).

In response, Google asked Sonos several questions about the new claim chart, asked Sonos to confirm that Sonos had made available for inspection all cited source code, and asserted that it was prejudiced by the new contentions. Ex. 7 (Schmidt letter dated May 21, 2021). Sonos responded, addressing Google's claims of prejudice and answering what questions it could understand. Ex. 8 (Richter email dated June 14, 2021). Thereafter, Google spent several weeks inspecting Sonos's source code (presumably the prior art source code, though Sonos has no visibility into what code Google's experts have inspected).

After giving Google sufficient time to review the new contentions, Sonos again inquired whether Google would oppose Sonos's motion for leave to amend its invalidity contentions. Ex. 5 at 1 (Richter email dated July 20, 2021). Google responded that it "will not be taking any position as to whether Sonos can establish good cause to amend the invalidity contentions based on its own source code at this point." Ex. 5 at 1 (Schmidt email dated July 28, 2021).

### B. Google's Amended Infringement Contentions

Google served its amended infringement contentions as a result of the Court's order to serve contentions with pinpoint source code citations 90 days after Sonos produced its source code and technical documents. Dkt. 59.

Google's amended claim chart directed to the '586 Patent ("Amended '586 Contentions") contain extensive new arguments about how, in Google's estimation, the Accused Products meet each claim limitation. Ex. 9 (redline showing changes between Google's original '586 claim chart and its amended claim chart). For most claim elements, Google included citations to Sonos's source code, and in so doing provided (at least some) clarity about Google's infringement theories.

For example, claim element 1(g) reads "receive a communication packet using the wireless transceiver, the communication packet including a preamble portion, an identification code portion, a data payload portion, and an integrity portion." On its face, this element requires that communication packets include specific portions. Google's Original Contentions parroted the claim language and noted that the Accused Products may utilize certain communications protocols, but Google did not provide any specifics as to what it contended was any of the required portions of the communication packets. *See* Ex. 10 (Google's Original '586 Contentions) at 71. In contrast,

1    Google's Amended '586 Contentions cite specific portions of Sonos's source code, arguing that
2    the cited code evidences the claimed portions of communication packets. For example, at page 102,
3    Google includes a subheader for "Preamble Portion" and cites several source code files that,
4    according to Google, show the claimed preamble. Similarly, Google includes subheadings for
5    "Identification Code Portion" (page 105), "Data Payload Portion" (page 107), and "Integrity
6    Portion" (page 108). Each of these subheadings reference Sonos's source code. Ex. 11 (Google's
7    Amended '586 Contentions).  Before receiving these Amended Contentions, Sonos had no way of
8    knowing what specific portions of Sonos's source code Google believed evidenced the claimed
9    packet portions.

10         By way of further example, claim element 1(h) requires comparing the identification code
11   portion with a table of identifiers. Google's Original '586 Contentions did not identify what Google
12   asserted was the claimed "comparison" nor the claimed "identifiers." *See* Ex. 10 (Google's Original
13   '586 Contentions) at 87-106. Instead, Google parroted the claim language and cited documents that
14   (as best Sonos could tell) Google believed suggested the presence of a comparison and a table, but
15   Google didn't actually identify what it claimed meets those limitation. *Id.* Now in its Amended
16   '586 Contentions, Google relies on Sonos's produced source code to identify various "lists" and
17   "databases" that Google contends are the claimed "table of identifiers." *See* Ex. 11 (Google's
18   Amended '586 Contentions) at 127-134.  Again, without these amended contentions, Sonos had no
19   way of knowing what specific data structures or functions Google contended infringed this claim
20   element.

21   **IV.    LEGAL STANDARD**

22         The Patent Local Rules "exist to further the goal of full and timely discovery and to provide
23   all parties with adequate notice and information with which to litigate their cases." *See Fresenius*
24   *Med. Care Holdings, Inc. v. Baxter Int'l Inc.*, No. C 03–1431 SBA, 2006 WL 1329997, at *4 (N.D.
25   Cal., May 15, 2006). The Rules "requir[e] both the plaintiff and the defendant in patent cases to
26   provide early notice of their infringement and invalidity contentions, and to proceed with diligence
27   in amending those contentions when new information comes to light in the course of discovery."
28   *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006).

Patent Local Rule 3–6 allows a party to amend its infringement or invalidity contentions only upon a showing of good cause:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
> (b) Recent discovery of material, prior art despite earlier diligent search; and
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent Local Rule 3-6. The moving party has the burden of demonstrating good cause. *O2 Micro*, 467 F.3d at 1366. "The good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *24/7 Customer, Inc. v. Liveperson, Inc.*, No. 3:15-CV-02897-JST (KAW), 2016 WL 6673983, at *2 (N.D. Cal. Nov. 14, 2016). Diligence is "the critical issue" in the good cause determination. *Sunpower Corp. Sys. v. Sunlink Corp.*, No. C-08-02807 SBA (EMC), 2009 WL 1657987, at *1 (N.D. Cal., June 12, 2009). "[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11–cv–02226 SI, 2013 WL 322556, at *2 (N.D. Cal., Jan. 28, 2013).

If the court determines that the moving party was not diligent, the court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party. *See, e.g., Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. CV 12–00630 LHK, 2012 WL 5632618, at *5–6 (N.D. Cal., Nov. 15, 2012). Prejudice is typically found when amending contentions stands to disrupt the case schedule or other court orders. *See WhatsApp Inc. v. Intercarrier Commc'ns, LLC*, No. 13–cv–04272 JST, Dkt. No. 81, at 7 (N.D. Cal., Sept. 3, 2014).

## V. ARGUMENT

A party may amend its invalidity contentions by order of the Court on a showing of good cause under Patent Local Rule 3-6. Here, Sonos's amendments to detail its previously-disclosed prior invention defense to the '586 Patent are directly in response to Google's Amended

1  Infringement Contentions accusing specific Sonos functionality and code. *See supra* at Section
2  III.A. Good cause exists to permit these amendments. First, amendment in response to a patentee's
3  amended infringement contentions generally constitutes good cause. *See, e.g., Verinata Health,*
4  *Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 1648175, at *2 (N.D. Cal. Apr. 23,
5  2014). Second, Sonos diligently investigated Google's amended infringement contentions and
6  sought amendment and Google would suffer no prejudice were Sonos's request granted. *24/7*
7  *Customer, Inc.*, 2016 WL 6673983 at *2 ("The good cause inquiry is two-fold: (1) whether the
8  moving party was diligent in amending its contentions; and (2) whether the non-moving party
9  would suffer prejudice if the motion to amend were granted.").

### A. Sonos's Requested Amendments Respond Directly to Google's Amended Infringement Contentions

Sonos seeks to amend its invalidity contentions based on information disclosed for the first time in Google's amended infringement contentions. This fact constitutes good cause for permitting Sonos leave, particularly in light of the fact that Sonos does not seek leave to add a new invalidity theory, but rather only to add detail to its existing theory in response to Google's amended infringement contentions. *See, e.g., Facebook, Inc. v. BlackBerry Ltd.*, No. 18-CV-05434-JSW (JSC), 2020 WL 864934, at *3 (N.D. Cal. Feb. 13, 2020), *report and recommendation adopted*, No. 18-CV-05434-JSW, 2020 WL 9422395 (N.D. Cal. Mar. 30, 2020) ("Courts in this Circuit have recognized that it is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions.") (internal quotation marks and citation omitted); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 4:16-cv-00119-HSG (KAW), 2018 WL 5619743, at *6 (N.D. Cal. Oct. 29, 2018) (same); *Verinata*, 2014 WL 1648175, at *2 (same); *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2017 WL 2774339, at *6 (N.D. Cal. June 26, 2017) (same); *see also DCG Sys., Inc. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 12140357, at *1 (N.D. Cal. Aug. 20, 2012) ("DCG's amended infringement contentions warrant additional amendments to the invalidity contentions."). Here, as in each of these cases, Google's amended infringement contentions warrant amendments to Sonos's invalidity contentions.

Furthermore, while not dispositive here, the corollary rule in the Southern District of California explicitly recognizes a patent defendant's right to serve amended invalidity contentions if the patentee serves "Amended Infringement Contentions" and the defendant believes in good faith that the amended infringement contentions warrant amended invalidity contentions. S.D. Cal. Patent L-R 3.6(b). Such a ruling is consistent with the local rules in this Court, which already recognize that invalidity contentions are served in response to infringement contentions.[1] That is, defendants are not required to supply invalidity contentions until *after* the patentee discloses its infringement theory. It necessarily follows that amendments to infringement contentions may create good cause for amended invalidity contentions.

### B. Sonos Diligently Investigated Google's Disclosures and Sought Amendment

Sonos has been diligent in investigating Google's new infringement allegations and seeking amendment. *See Positive Techs.*, 2013 WL 322556 at *2 ("[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered."). Google served its amended infringement contentions on March 15, 2021. Ex. 4. After Google served its amended contentions, Sonos diligently reviewed Google's new allegations. As explained in detail above, the material Google added in its amended infringement contention identified for the first time the source code Google accuses of infringing the '586 Patent. Upon receiving this specific identification of accused functionality, Sonos immediately investigated whether that functionality and code was invented by Sonos prior to the '586 Patent priority date. *See* Declaration of Michael Boyea ("Boyea Decl."); *see also* Ex. 5. This investigation confirmed that Sonos had in fact invented the accused functionality prior to the '586 Patent priority date. Boyea Decl. ¶ 10.

All told, Sonos spent less than two months reviewing Google's amended infringement contentions and the source code cited therein, and investigating Sonos's invention of the accused functionality. This was a diligent investigation under the circumstances. *See, e.g., In re RAH Color Techs. LLC Pat. Litig.*, No. 18-MD-02874-SI, 2021 WL 1197478, at *3 (N.D. Cal. Mar. 30, 2021)

---

[1] It is of course also consistent with the case law cited above.

1   (finding diligence where accused infringer obtained access to source code in May and sought
2   amendment in August); *Network Appliance Inc. v. Sun Microsystems Inc.*, No. C-07-05488 EDL,
3   2009 WL 2761924, at *3 (N.D. Cal. Aug. 31, 2009) (finding two-month source code review diligent
4   in investigating basis for amended invalidity contention); *Synchronoss*, 2018 WL 5619743, at *6;
5   *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260,
6   at *6 (N.D. Cal. May 13, 2016) (finding delay of "four-plus months" diligent).

7   The case law of this District does not require Sonos to have anticipated Google's future
8   arguments at the earliest possible moment. *See, e.g., Fujifilm Corp. v. Motorola Mobility LLC*, No.
9   12-CV-03587-WHO, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014) ("Although hindsight is
10  often '20/20,' . . . new information learned in discovery can lead a party to understandably
11  reevaluate evidence found earlier."). Thus, even if it would have been theoretically possible for
12  Sonos to anticipate and investigate each and every possible Sonos functionality that Google might
13  accuse, this would have been exceedingly impractical and in any case does not negate a showing
14  of good cause.

15  Sonos also diligently sought leave to amend once it discovered the basis for the requested
16  amendments. After confirming that the accused Sonos functionality was invented before the
17  priority date of the '586 Patent, Sonos diligently prepared amended invalidity contentions and
18  provided to Google a full claim chart detailing the amended theory for Google to review. Ex. 5 at
19  2. This *notice*, within two months of receiving Google's amended infringement contentions, was
20  diligent under the circumstances. *See, e.g., Stryker Corp.*, 2016 WL 2855260, at *7 (recognizing
21  with approval that "courts in this District have held that mere notice, short of an actual motion, can
22  be sufficient for diligence") (citing *The Bd. of Trs. of Leland Stanford Junior Univ. v. Roche*
23  *Molecular Sys., Inc.*, No. C 05-04158 MHP, 2008 WL 624771, at *3 (N.D. Cal. Mar. 4, 2008)
24  (finding four-month delay diligent where "[plaintiff] was arguably not diligent in pursuing
25  amendment with th[e] court," but was diligent in providing defendant with *notice* of amended
26  contentions)). Although nearly three further months have passed since Sonos provided Google
27  notice of Sonos's proposed amendments, this delay was the result of Sonos's attempts to give
28  Google ample time to determine whether it would oppose the motion. *See, e.g.*, Ex. 5. During this

1  entire time, Google was in possession of the claim chart that Sonos now seeks to add to its
2  contentions. As soon as Google took a position (or rather, declined to take a position either way),
3  Sonos prepared and filed the instant motion.
4      In sum, Sonos's requested amendments respond directly to information disclosed for the
5  first time in Google's amended infringement contentions, Sonos diligently investigated Google's
6  new allegations, and Sonos diligently sought amendment once it discovered the basis for the instant
7  motion. These facts provide good cause to grant Sonos's motion.

### C. Sonos's Requested Amendment Will Not Unduly Prejudice Google

9      Even had Sonos not been diligent in seeking amendment of its invalidity contentions,
10 amendment would still be merited here because none of Sonos's requested amendments unduly
11 prejudice Google. *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.,* No. 14-CV-00876-RS (JSC),
12 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016) (the Court "retains discretion to grant leave to
13 amend even in the absence of diligence so long as there is no prejudice to the opposing party.")
14 (citing *Apple*, 2012 WL 5632618 at *5-6); Synchronoss, 2018 WL 5619743, at *6 (same); U.S.
15 Ethernet Innovations, LLC v. Acer, Inc., No. 10-cv-3724 CW, 2013 WL 5609325, at *3 (N.D.
16 Cal. Oct. 11, 2013) (same).
17     First, "[a]ny prejudice that is caused to Plaintiff by amending Defendants' invalidity
18 contentions is not undue." *Intri-Plex Techs., Inc. v. NHK Int'l Corp.*, No. 17-CV-01097-EMC
19 (EDL), 2019 WL 920206, at *7 (N.D. Cal. Jan. 15, 2019), report and recommendation adopted,
20 No. 17-CV-01097-EMC, 2019 WL 917059 (N.D. Cal. Feb. 25, 2019). Here, as explained in detail
21 above, Sonos seeks to amend its invalidity contentions as a direct result of Google's amended
22 infringement contentions. *See Synchronoss*, 2018 WL 5619743, at *6 ("The Court finds, in its
23 discretion, that Dropbox should be permitted to amend its Invalidity Contentions for at least the
24 equitable reason that Synchronoss has been permitted to amend its Infringement Contentions.").
25 To the extent that Google suffers any prejudice as a result of Sonos's amended invalidity
26 contentions, it is the result of Google's failure to earlier identify the specific instrumentalities and
27 functionalities it accuses of infringement. Any such prejudice is not undue and does not warrant
28 denying Sonos's request.

Second, Google has been on notice of the substance of Sonos's requested amendments since Sonos's initial invalidity contentions, which disclosed the Sonos system as prior art to the '586 Patent, including under 35 U.S.C. § 102(g). Ex. 2 at 12. In its initial contentions, Sonos explained that each limitation of the '586 Patent was found in the Sonos prior art system, citing Sonos documents and the Sonos source code base. *See generally* Ex. 3. Sonos provided this source code for Google's review. Boyea Decl. ¶ 4. Sonos's requested amendments simply disclose this theory in more detail—detail which Sonos could not have provided prior to seeing Google's amended infringement contentions. Because it was on notice of this theory from the outset, granting Sonos leave to amend its invalidity contentions to flesh out the theory in light of Google's amended infringement contentions causes Google no undue prejudice. *See, e.g., Synchronoss*, 2018 WL 5619743, at *6 (no prejudice where initial invalidity contentions placed patentee on notice of invalidity theory).

Finally, Sonos disclosed its proposed amendments prior to claim construction completion and well in advance of the close of fact and expert discovery, and of summary judgment. Courts routinely find no prejudice where, as here, the proposed amendments did not pose a risk to discovery and motion deadlines or the trial schedule. *See, e.g., Verinata*, 2014 WL 1648175, at *3 (no prejudice where the deadlines for fact discovery, expert discovery, and trial were four, seven, and ten months away, respectively); *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C 06-7477 SI, 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008) (finding no prejudice where three months remained in fact discovery); *Yodlee, Inc. v. CashEdge, Inc.*, No. C05-01550 SI, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007) (finding no prejudice where two months remained in fact discovery). Here, the close of fact and expert discovery (let alone trial) is not even set, and certainly wasn't set months ago when Sonos gave Google notice of the proposed amendments. As a result, there remains ample time for Google to investigate and respond to Sonos's proposed amendments without any adverse impact on the case schedule.

## VI. CONCLUSION

For the reasons stated herein, Sonos respectfully asks that the Court to grant its motion and permit Sonos leave to amend its invalidity contentions.

Dated: August 10, 2021

By: */s/ Alyssa Caridis*
CLEMENT SETH ROBERTS
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

GEORGE I. LEE
SEAN M. SULLIVAN
RORY P. SHEA
J. DAN SMITH

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Defendant Sonos, Inc.*