CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Google LLC, <br><br> Plaintiff, <br><br> v. <br><br> Sonos, Inc., <br><br> Defendant. | Case No. 20-cv-03845-EMC <br><br> **DECLARATION OF MICHAEL BOYEA IN SUPPORT OF SONOS, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br> Date: September 16, 2021 <br> Time: 1:30 p.m. <br> Courtroom: 5, 17th Floor |

I, Michael P. Boyea, declare and state:

1. I am a partner at Lee Sullivan Shea & Smith LLP, counsel of record for defendant Sonos, Inc. ("Sonos") in the above-captioned action. This declaration is made in support of Sonos Inc.'s Motion For Leave To Amend Invalidity Contentions. This declaration does not contain any privileged information and is not intended to waive any privilege. I have personal knowledge of the facts set forth in this declaration, and if called to testify as a witness, I could and would do so competently.

2. On October 29, 2020, Google served its Disclosure Of Asserted Claims And Infringement Contentions. That disclosure asserted that Sonos infringes certain claims of U.S. Patent No. 10,229,586 (the "'586 Patent") and attached, as Exhibit E, Google's Infringement Contentions for the '586 Patent Pursuant to Patent L.R. 3-1. Neither Google's disclosure document nor Exhibit E identified the specific Sonos source code that Google alleged met each claim limitation of any of the asserted claims of the '586 Patent.

3. On December 14, 2020, Sonos timely served its Patent L.R. 3-3 Invalidity Contentions. At this time, Sonos did not have a clear understanding of what Sonos source code Google believed met the limitations of the asserted claims of the '586 Patent. Thus, Sonos put Google on notice that "Sonos does not believe Plaintiff's Infringement Contentions comply with Patent L.R. 3.1, which necessarily has compromised Sonos's ability to prepare its invalidity contentions. As a result, to the extent Plaintiff further supplements its infringement contentions at a later date, Sonos reserves its right to update its invalidity contentions accordingly." *See* Exhibit 2 at 2. Even more specifically, Sonos informed Google that "Sonos expressly reserves the right to amend or supplement these contentions . . . once Plaintiff serves amended Infringement Contentions with pinpoint source code citations . . . ." *Id.* Despite an incomplete understanding of what Google contended practiced the asserted claims of the '586 Patent, Sonos put Google on notice that Sonos's own prior art apparatuses and systems from before the priority date of the '586 Patent (which is May 27, 2004) were invalidating prior art for the asserted claims of the '586 Patent. *Id.* at 11-12.

4. On December 14, 2020, Sonos made available for inspection the source code that it contends corresponds to the Sonos prior art apparatuses and systems that invalidate the asserted claims of the '586 Patent ("Sonos's prior art code").

5. It is my understanding that, over the next three months, Google spent considerable time inspecting Sonos's source code. Then, on March 15, 2021, Google served its Amended Disclosure of Asserted Claims and Infringement Contentions. That Amended Disclosure substantially expanded the information available for Sonos to evaluate Google's infringement contentions. For example, the Amended Disclosure was 176 pages longer than the October 29, 2020 disclosure. As part of this new material included in its Amended Disclosure, Google identified, for the first time, the specific Sonos source code that Google contends infringes the asserted patents, including the '586 Patent (the "accused source code").

6. As soon as Google provided its Amended Infringement Contentions, Sonos worked diligently to review the contentions, and the evidence cited therein, and determine whether the new information provided by Google required Sonos to supplement its invalidity contentions.

7. Without disclosing attorney-client work product or attorney-client privileged communications, shortly after March 15, 2021, because of the volume of Google's new allegations, the number of source code files Google identified, and the number of limitations that Google contended were met by this source code, Sonos's review of Google's Amended Infringement Contentions required a substantial amount of work by others and me. In this respect, other Sonos outside counsel and I spent a substantial amount of time reviewing Google's infringement contentions and the accused source code. Other Sonos outside counsel and I had numerous communications with Sonos employees – multiple times a week and often several times in a single day – to better understand the accused source code, why Google may believe that source code satisfied any claim limitation of the asserted claims of the '586 Patent, and whether that same or functionally equivalent source code predated the '586 Patent's priority date.

8. Moreover, the review of Sonos's prior art code in light of Google's Amended Infringement Contentions required a substantial amount of work that took time despite our

2   BOYEA DECL. ISO SONOS, INC.'S MOTION FOR
LEAVE TO AMEND INVADLITY CONTENTIONS
20-cv-03845-EMC

1  extensive efforts.  To complete this work as diligently as possible, Sonos not only relied upon
2  outside attorneys such as myself, but Sonos also provided assistance from its employees and
3  engaged a consultant to evaluate and generate traces for multiple historic versions of Sonos's
4  source code.  For example, we evaluated at least six historic source code versions and compared
5  that prior art code to the accused source code so as to be able to point out the specific prior art
6  code that implemented the functions that Google argues satisfy the claim limitations.

7      9.   Based on the review of these multiple code versions, we then had to document,
8  prepare, and finalize source traces through five different source code versions for all of the
9  asserted independent and dependent claims of the '586 Patent.  We also searched for, located, and
10 evaluated additional non-code documents, such as emails, that confirmed the operation of Sonos's
11 prior art code and included those documents, as well, in the Amended Invalidity Contentions.

12     10.  As a result of our diligent and substantial work, we confirmed that, as Sonos
13 disclosed in its December 14, 2020 Invalidity Contentions, Sonos's own activities were
14 invalidating prior art to the '586 Patent.  Therefore, others and I began to work diligently to
15 prepare an amended invalidity chart that provided additional detail about Sonos's invalidity
16 contentions.  This amended invalidity chart included pinpoint citations to Sonos's prior art code
17 to show that the same functionality that Google alleges infringes existed prior to the '586 Patent.

18     11.  By May 10, 2021, others and I had revised the invalidity chart for the asserted
19 claims of the '586 Patent to expand the previously disclosed contention that Sonos's own
20 activities invalidated those claims.  This amended invalidity chart included specific pin cites to
21 Sonos's prior art source code that performed the same functions that Google alleged in its
22 Amended Infringement Contentions satisfied the claims.  That same day, Sonos provided Google
23 with notice that Sonos would seek to amend its invalidity contentions and attached both a clean
24 and redlined version of its proposed amended invalidity chart.

25     12.  We all worked expeditiously and diligently on this.  Indeed, we had to navigate
26 multiple Sonos employees' and a consultant's respective schedules, not to mention my ongoing
27 commitments in other cases, to efficiently interpret Google's expanded infringement contentions,
28 identify and evaluate numerous historic versions of Sonos's source code, and prepare a variety of

source code traces.  I personally spent over 65 hours reviewing Google's Amended Infringement Contentions, the accused source code, and evidence of Sonos's own invalidating prior art, evaluating and generating source code traces, and preparing the amended invalidity chart for the '586 Patent.

13. Between May 10, 2021 and today, Sonos engaged in multiple communications with Google in a good faith effort to secure Google's consent that Sonos could amend its invalidity contention.  Sonos responded to multiple questions from Google and provided additional information.

14. On July 28, 2021, Google responded that it "will not be taking any position as to whether Sonos can establish good cause to amend the invalidity contentions based on its own source code at this point."  Therefore, Sonos worked diligently thereafter to prepare a motion to amend its invalidity contentions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on August 10, 2021, in Chicago, Illinois.

_____
Michael P. Boyea