CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Google LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Sonos, Inc.,<br><br>　　　　　Defendant. | Case No. 20-cv-03845-EMC<br><br>**DECLARATION OF EVAN D. BREWER IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE SONOS, INC.'S MOTION FOR LEAVE TO AMEND CONTENTIONS** |

I, Evan D. Brewer, declare as follows and would so testify under oath if called upon to do so:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of California. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. Sonos seeks to seal: (1) Exhibits 1, 3, 6, 9, and 11 to the Declaration of Alyssa Caridis in support of Sonos's Motion for Leave to Amend Invalidity Contentions ("Caridis Decl.") and (2) portions of Exhibits 7 and 8 to the Caridis Decl. These documents are listed in the Proposed Order filed herewith.

3. I understand that Civil L.R. 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material . . . ." *Id*. In the context of non-dispositive motions or documents, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). This standard requires a "particularized showing," *id*. at 1179, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 1024964, at *1 (N.D. Cal. Mar. 4, 2019); *see* Fed. R. Civ. P. 26(c).

4. The portions of the exhibits that Sonos seeks to file under seal contain information reflecting and related to Sonos's highly-confidential, commercially-sensitive, and proprietary trade secret source code, and the operation of the products that are comprised of such source code. None of this information is publicly-known and would cause Sonos significant competitive harm should it be made public. *See, e.g.*, *Johnson v. Quantum Learning Network, Inc.*, No. 15-

1  CV-05013-LHK, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016) (sealing "sensitive . . .

2  information of Defendant that, if made public, could harm Defendant's business interests").

3      5.      Specifically, Exhibits 1, 3, 6, 9, and 11 contain extensive citation to and discussion

4  of Sonos source code (material designated by Sonos as HIGHLY CONFIDENTIAL – SOURCE

5  CODE under the protective order in this case) and the operation of the products that are

6  comprised of such source code (material designated by sonos as CONFIDENTIAL or HIGHLY

7  CONFIDENTIAL under the protective order in this case) throughout each document, and so

8  Sonos seeks to seal each document in its entirety.

9      6.      Similarly, Exhibits 7 and 8 contain citation to and discussion of Sonos source code

10  (material designated by Sonos as HIGHLY CONFIDENTIAL – SOURCE CODE under the

11  protective order in this case) and the operation of the products that are comprised of such source

12  code (material designated by sonos as CONFIDENTIAL or HIGHLY CONFIDENTIAL under

13  the protective order in this case), and so Sonos seeks to seal the portions of these two document

14  which contain this highly-confidential, commercially-sensitive, and proprietary trade secret

15  material.

16      7.      Sonos has invested substantial research/development and marketing/sales efforts

17  related to the design and operation of its products. Sonos considers the non-public, proprietary

18  business and technical information (including source code) that Sonos seeks to seal through this

19  motion to be highly sensitive, and Sonos does not publicly disclose such information. Public

20  disclosure of this information could be used by a third party to leverage Sonos's own research and

21  development strategies to develop and market their own products, which would cause competitive

22  harm to Sonos. Additionally, given the nature of the products at issue (network-enabled consumer

23  products), disclosure of the information sought to be sealed in each of the above documents could

24  compromise the security of the products at issue, as well as the networks on which they operate,

25  causing competitive and reputation harm to Sonos and harm to its customers and the public at

26  large.

8. The information Sonos requests be sealed qualifies as: Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Source Code information under the Protective Order previously entered by the Court in this case. ECF No. 93.

9. I believe the information sought to be sealed is narrowly tailored under the circumstances. Exhibits 7 and 8 are redacted to remove only minimal, highly confidential portions of the documents that contain reference to Sonos source code. Exhibits 1, 3, 6, 9, and 11 are appropriate to file entirely under seal because they are infringement and invalidity charts that contain extensive citation to and discussion of highly confidential information (including source code) interspersed throughout the documents. In the case of Exhibits 1, 3, 6, 9, and 11, each document is targeted to either explaining the inner workings of the accused products and how Google alleges they infringe (including with reference to source code), or explaining how the asserted '586 Patent is invalid in light of internal Sonos prior art (including with reference to souce code).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 10th day of August, 2021 in Menlo Park, California.

*/s/ Evan D. Brewer*
EVAN D. BREWER

### CERTIFICATE OF CONCURRENCE

In accordance with Local Rule 5-1(i)(3), Sonos, Inc.'s undersigned counsel, Alyssa Caridis, hereby attests that Mr. Brewer has assented to the affixation of his signature to this Declaration and concurs in the filing of this document.

Dated: August 10, 2021

By: */s/ Alyssa Caridis*
ALYSSA CARIDIS