# EXHIBIT 7

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

HIGHLY CONFIDENTIAL – SOURCE CODE

**quinn emanuel** trial lawyers | boston

865 S. Figueroa St., 10th Floor, Los Angeles, California 90017 | TEL (213) 443-3000; FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3000

WRITER'S EMAIL ADDRESS
patrickschmidt@quinnemanuel.com

May 21, 2021

VIA EMAIL

Cole Richter
Lee Sullivan Shea & Smith LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661

Re: *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-3845-EMC (N.D. Cal.)

Dear Cole:

I write concerning Sonos' recent amendment to its invalidity contentions.

On the evening May 10, 2021, literally the eve of the claim construction hearing, Sonos served an amended, and substantially revised invalidity claim chart in support of its Section 102(g) theory for the '586 Patent. Moreover, this new claim chart cites what appears to be entirely new and previously unproduced source code. There is no justification for these revised contentions and reliance on previously unproduced source code. Sonos understands its own source code and should have produced all relevant versions and fulsome contentions long ago. Sonos' failure to do so has prejudiced Google's ability to prepare its own infringement contentions and develop its claim construction positions.

Specifically, the first page of Sonos' newly amended claim chart cites to six source code repositories that Google does not recognize:

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

**HIGHLY CONFIDENTIAL – SOURCE CODE**

| Date | Source Code Identifier |
|---|---|
| ███ | ███ |

During Google's source code review and preparation of its infringement contentions, however, Google did not have access to all of these repositories. Specifically, the only repositories previously provided that predated the '586 Patent priority date were denoted as ███████ ███████████████████████████████████████[1] Chronologically, the next of the previously provided repositories ████████████████████████████████████ ███████████ repositories do not appear to have been previously made available.

So that Google can properly assess your new invalidity contentions, please provide answers to the following questions:

- ███████████████████████████████████████████████████████████████████████

  If so, provide the date on which the code was supplemented, and confirm that it is currently loaded on the source code computer and available for inspection.

- ███████████████████████████████████████████████████████████████████████

  so, provide the date on which the code was supplemented, and confirm that it is currently loaded on the source code computer and available for inspection.

- ███████████████████████████████████████████████████████████████████████

---

[1] While it is unclear to Google, the previously provided ████████████████ may have been a partial production of what Sonos now cites as ████████████████████████████ may have been a partial production of what Sonos now cites as ████████

2

**HIGHLY CONFIDENTIAL – SOURCE CODE**

confirm that these repositories are currently loaded onto the source code computer and available for inspection.

In addition, please confirm that Sonos has now produced or made available for inspection *all* documents and information (whether source code or non-source code) that it intends to rely upon in support of its 102(g) theory.

Google reserves all rights, including its right to ask the Court to strike Sonos' invalidity contentions in light of these prejudicial amendments and timing.

Best regards,

*/s/ Patrick Schmidt*
Patrick T. Schmidt

3