# EXHIBIT 8

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| **From:** | Cole Richter <richter@ls3ip.com> |
| **Sent:** | Monday, June 14, 2021 5:32 PM |
| **To:** | Patrick Schmidt; Richard Lowry |
| **Cc:** | qe-google-sonos-ndca-3845; Sonos-NDCA03845-service; Caridis, Alyssa |
| **Subject:** | RE: Google v. Sonos -- Google's Letter Regarding Sonos' Amended Invalidity Contentions |

Patrick,

Below we address the questions you raise in your May 21 letter to the extent we are able to understand them. As an initial matter, however, some of statements require addressing. We disagree that Sonos's invalidity claim chart is "substantially revised." As laid out in Sonos's contentions served December 14, Sonos contended that it "conceived of and reduced to practice an audio-enabled wireless device configured for bidirectional wireless communication in a wireless mesh network prior to May 27, 2004." That contention remains the same today.

Sonos's clam chart was updated in view of Google's revised infringement contentions concerning the '586 Patent. We note that Google's infringement theories as laid out in its October 29 contentions for the '586 Patent (among the other patents) were undeveloped, if cognizable at all. Google substantially revised and further developed those theories in its March 15 "First Amended Infringement Contentions." Sonos's updated claim chart is responsive to these revised infringement theories.

We are unsure what prejudice Google could have possibly suffered as a result of this updated chart; your letter identifies none. Indeed, it is unclear how Sonos's source code from 2004 could possibly help Google "develop its claim construction positions." Thus, we disagree that Google has suffered prejudice in any respect.

We further disagree with the implication that this updated chart is in any way untimely. We note that Google's infringement contentions state "[d]iscovery is ongoing" and that Google reserved the right to amend and supplement your contentions as discovery progresses. Google Amended Disc., 3/15/21 , pp. 1-2, 6. Sonos made a similar reservation. Sonos Invalidity Contentions, p. 1.

Your substantive questions regarding the source code may best be answered by a knowledgeable witness. For instance, we are unsure what you are seeking when you ask [redacted]

Finally, your request for **all** documents and information that Sonos intends to rely on is inappropriate. As you know, fact discovery is ongoing and depositions have not yet been taken. Thus, we obviously cannot represent now that the currently produced "information" is the universe on which Sonos will rely.

Best,
Cole

1

**From:** Patrick Schmidt <patrickschmidt@quinnemanuel.com>
**Sent:** Tuesday, June 8, 2021 6:44 PM
**To:** Richard Lowry <richardlowry@quinnemanuel.com>; Cole Richter <richter@ls3ip.com>
**Cc:** qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>; 'Sonos-NDCA03845-service@orrick.com' <Sonos-NDCA03845-service@orrick.com>; 'acaridis@orrick.com' <acaridis@orrick.com>
**Subject:** RE: Google v. Sonos -- Google's Letter Regarding Sonos' Amended Invalidity Contentions

Counsel—

Would you please provide answers to the questions in the May 21, 2021 letter referenced below?

Thank you,

-Patrick


**From:** Richard Lowry
**Sent:** Friday, May 21, 2021 2:08 PM
**To:** richter@ls3ip.com
**Cc:** qe-google-sonos-ndca-3845 <qe-google-sonos-ndca-3845@quinnemanuel.com>; 'Sonos-NDCA03845-service@orrick.com' <Sonos-NDCA03845-service@orrick.com>; 'acaridis@orrick.com' <acaridis@orrick.com>
**Subject:** RE: Google v. Sonos -- Google's Letter Regarding Sonos' Amended Invalidity Contentions

Counsel,

On behalf of Patrick Schmidt, please see attached correspondence from Google. Password to follow in a separate email.

Regards,
Rich

**Richard Lowry**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8219 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
richardlowry@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.