QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>SONOS, INC.,<br><br>            Defendant. | Civil Action No. 3:20-CV-03845-EMC<br><br>**GOOGLE LLC'S RESPONSE TO SONOS, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Judge: Hon. Edward M. Chen<br>JURY TRIAL DEMANDED |

Google takes no position on whether Sonos can, at this juncture of the case, demonstrate good cause to amend its invalidity contentions regarding U.S. Patent 10,229,586 (the "'586 Patent"). Google files this response simply to clarify certain statements in Sonos' Motion.

By way of background, Google served its initial infringement contentions regarding the '586 Patent on October 29, 2020. Sonos demanded contentions with "pinpoint source code citations" to source code Sonos had made available, on a schedule earlier than the typical schedule under the Patent Local Rules. (Dkt. 44 at 6-10.) As instructed by the Court at the initial scheduling conference, the parties conferred on a schedule for production of technical documents and a schedule for amended infringement contentions with "pinpoint source code citations," and eventually the parties stipulated Google would serve amended infringement contentions 90 days after Sonos produced *both* the source code and technical documents specified in Patent L.R. 3-4(a). (Dkt. 59.) Google timely served its amended infringement contentions with pinpoint citations on March 15, 2021. Nearly two full months later, at 6:33 p.m. on May 10, 2021— literally the eve of the May 11 claim construction hearing—Sonos served a proposed amendment to its contentions, including a brand-new invalidity claim chart for the '586 Patent. The new invalidity claim chart relied extensively on Sonos source code, including code from three previously unproduced Sonos source code repositories. Sonos then waited two additional months, until July 20, to ask whether Google would oppose a motion for leave to amend its contentions. The present Motion was not filed until August 10.

As an initial matter, it is not true, as Sonos contends, that the amended invalidity contentions were necessitated by Google's "inadequate and confused infringement contentions." Mot. at 1. Google's contentions have always been adequate, and Sonos has not filed any challenge to the adequacy of those contentions. Nor has Google's infringement theory changed: Google's theory has remained consistent throughout this case, and Google provided "pinpoint source code" citations on the parties' agreed-upon schedule.

Equally untrue is Sonos' claim that it needed to see Google's amended infringement contentions in order to adequately prepare its invalidity contentions. The invalidity theory at issue is based on Sonos' *own* alleged prior art system. Surely Sonos understands the functionality

of its own source code. It did not and does not need Google's infringement contentions to form its own theory regarding its own products. Tellingly, Sonos points to no portion of the Court's claim construction opinion that necessitates or supports its amended contentions – casting doubt on Sonos' claim that any new construction animates its amendments.

Finally, even if Google's amended infringement contentions in March 2021 could somehow justify a motion to amend invalidity contentions five months later, Google's amendment does not begin to explain why Sonos could not have earlier produced or charted three entirely new Sonos source code repositories from which Sonos' new invalidity evidence is drawn. Sonos was obligated to produce a copy or sample of all prior art on which it intended to rely with its invalidity contentions on December 14, 2020. *See* P.L.R. 3-4. Sonos provides no explanation for why this source code was not previously produced.

Google takes no position on whether Sonos can meet its burden of demonstrating "good cause" on this record. That said, Google does not appreciate Sonos attempting to cast blame on Google for Sonos' own lack of diligence and Sonos' untimely production of source code.

Respectfully submitted,

Dated:   August 24, 2021

By: */s/ David A. Nelson*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

Attorneys for GOOGLE LLC

**ATTESTATION**

I, Patrick D. Curran, am the ECF user whose ID and password are being used to file the foregoing document.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that David A. Nelson has concurred in this filing.

Dated:  August 24, 2021  　　　　　　　　　*/s/ Patrick D. Curran*
　　　　　　　　　　　　　　　　　　　　　Patrick D. Curran