1  CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
   croberts@orrick.com
2  BAS DE BLANK (STATE BAR NO. 191487)
   basdeblank@orrick.com
3  ALYSSA CARIDIS (STATE BAR NO. 260103)
   acaridis@orrick.com
4  EVAN D. BREWER (STATE BAR NO. 304411)
   ebrewer@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA 94105-2669
7  Telephone:   +1 415 773 5700
   Facsimile:   +1 415 773 5759
8
   GEORGE I. LEE (*pro hac vice*)
9  lee@ls3ip.com
   SEAN M. SULLIVAN (*pro hac vice*)
10 sullivan@ls3ip.com
   RORY P. SHEA (*pro hac vice*)
11 shea@ls3ip.com
   J. DAN SMITH (*pro hac vice*)
12 smith@ls3ip.com
   LEE SULLIVAN SHEA & SMITH LLP
13 656 W Randolph St., Floor 5W
   Chicago, IL 60661
14 Telephone:   +1 312 754 0002
   Facsimile:   +1 312 754 0003
15
   *Attorneys for Defendant Sonos, Inc.*
16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                        SAN FRANCISCO DIVISION

20

21  Google LLC,                          Case No. 20-cv-03845-EMC

22              Plaintiff,               **REPLY IN SUPPORT OF SONOS, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

23      v.

24  Sonos, Inc.,

25              Defendant.

26

27

28

1        Google does not claim that it will suffer any prejudice if Sonos is permitted to amend its invalidity contentions.  *See* Dkt. 117.  Thus, even if Google's "clarif[ications]" of the record (Dkt. 117) were accurate (they are not), leave can and should be granted.  *See, e.g.*, *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.,* No. 14-CV-00876-RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016) (the Court "retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party.") (*citing Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. CV 12–00630 LHK, 2012 WL 5632618, at *5–6 (N.D. Cal., Nov. 15, 2012)); *see also* Dkt. 109 at 10.

        Moreover, the "clarifications" Google includes in its Response are inaccurate.  ***First***, Google claims that Sonos waited until July 20 to ask whether Google would oppose a motion for leave to amend its contentions. Dkt. 117 at 1.  Not so.  Sonos asked Google on May 10—the day it provided Google with the proposed amendments—whether "Google objects to Sonos's amendment." Dkt. 109-2, Exhibit 5 at 2.  In response, Google asked several questions about the prior art source code and conducted inspections of the same.  *Id.* at 1-2.  Following those inspections, Google indicated (only after being reminded by Sonos) that it "will not be taking any position" on Sonos's motion. *Id.* at 1.  Sonos filed its motion shortly thereafter.

        *Next,* Google claims that Sonos did not need to see Google's amended infringement contentions before providing amended invalidity contentions. Dkt. 117 at 1.  But Google's amended infringement contentions—for the first time—identified the specific source code and functionality that it alleged infringes the '586 Patent.  After receiving such detail, Sonos was able to trace that same functionality back to prior art versions of its own product.  *See, e.g.*, Dkt. 109-1 at ¶ 8 ("we evaluated at least six historic source code versions and compared that prior art code to the accused source code so as to be able to point out the specific prior art code that implemented the functions that Google argues satisfy the claim limitations"). Sonos could not have done this work any earlier, as the work was predicated on Google's identification of accused source code. *See id*.

        ***Finally***, Google claims that Sonos production of additional source code is unjustified. Dkt. 117 at 2.  To be clear, Sonos disclosed the theory that its own products are prior art to the

1   '586 Patent in its original invalidity contentions, and made its prior art source code available for
2   inspection.  *See* Dkt. 109 at 2.  After Google provided additional details about its infringement
3   theories, Sonos investigated ***those specific theories*** and discovered additional evidence that
4   established the same code and functionality accused by Google was present in Sonos's own prior
5   art products.  *See generally id*.  Sonos promptly produced that additional evidence.

6   Sonos's amended contentions are a direct result of Google—for the first time—identifying
7   the source code it contends infringes.  Sonos diligently sought an amendment (and gave Google
8   sufficient time to study the amendment before Sonos approached the Court).  And even if the
9   Court believes Sonos was not diligent, because Google (by its silence) admits it will suffer no
10  prejudice, Sonos respectfully asks the Court to grant its motion and permit Sonos leave to amend
11  its invalidity contentions.

13  Dated: August 31, 2021

15  By*: /s/ Alyssa Caridis*
    CLEMENT SETH ROBERTS
    ALYSSA CARIDIS
16  EVAN D. BREWER

17  ORRICK, HERRINGTON & SUTCLIFFE LLP

18  GEORGE I. LEE
    SEAN M. SULLIVAN
19  RORY P. SHEA
    J. DAN SMITH

20  LEE SULLIVAN SHEA & SMITH LLP

22  *Attorneys for Defendant Sonos, Inc.*