UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>SONOS, INC.,<br><br>           Defendant. | Case No. 20-cv-03845-EMC   (TSH)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 109 |

## I.   INTRODUCTION

Defendant Sonos, Inc., seeks leave under Patent Local Rule 3-6 to amend its invalidity contentions to respond to Google LLC's amended infringement contentions. ECF No. 109. Sonos contends amendment is necessary to add additional detail to its previously disclosed theory that U.S. Patent No. 10,229,586 is invalid in light of its own invention of the subject matter of that patent before the patent's priority date. Google filed a response indicating it takes no position on whether Sonos can, at this juncture of the case, demonstrate good cause to amend its invalidity contentions, and seeking to clarify certain statements in Sonos's motion. ECF No. 117. The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 16, 2021 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Sonos's motion for the following reasons.

## II.   BACKGROUND

**A.   Google's Allegations**

Google is the owner of U.S. Patent No. 10,229,586, titled "Relaying Communications in a Wireless Sensor System" ("the '586 patent"), issued by the USPTO on March 12, 2019. First Am.

Compl. ¶¶ 95-96, ECF No. 35. The '586 patent is directed at using devices within a wireless mesh network and describes a "wireless sensor unit system providing bi-directional communication between a sensor (e.g., smoke sensor, fire sensor, temperature sensor, water, etc.) and a repeater or base unit in a building protection system." *Id.*, Ex. 22 ('586 Patent) at 1:38-42. The specifications describe the process as follows:

> When the sensor unit **102** detects an anomalous condition (e.g., smoke, fire, water, etc.) the sensor unit communicates with the appropriate repeater unit **110** and provides data regarding the anomalous condition. The repeater unit **110** forwards the data to the base unit **112**, and the base unit **112** forwards the information to the computer **113**. The computer **113** evaluates the data and takes appropriate action. If the computer **113** determines that the condition is an emergency (e.g., fire, smoke, large quantities of water), then the computer **113** contacts the appropriate personnel **120**. If the computer **113** determines that the situation warrants reporting, but is not an emergency, then the computer **113** logs the data for later reporting. In this way, the sensor system **100** can monitor the conditions in and around the building **101**.

*Id.* at 5:26-39.

Google alleges Sonos infringes the asserted '586 claims by making, using, importing, selling for importation, and/or selling after importation into the United States its Sonos One, One SL, Play:1, Play:3, Play:5, Playbar, Playbase, Beam, Move, Connect:Amp, Amp, Connect, Port, and Sub products (the "Accused '586 Products"). First Am. Compl. ¶ 98.

**B.    Procedural History**

On December 14, 2020, Sonos served its invalidity contentions pursuant to Patent Local Rule 3-3. Caridis Decl., Ex. 2, ECF No. 109-2. Sonos identified several "systems and products [as] prior art under 35 U.S.C. §§ 102(a), (b), (f), and/or (g)." *Id.* at 11. It also identified "Sonos (February 2004 or earlier)" as a prior art system for the '586 Patent. *Id.* at 12. Pursuant to Patent Local Rule 3-3(b), Sonos further identified "Sonos" as a prior art reference that anticipates each of the Asserted Claims of the '586 Patent (*id.* at 66-67) and attached as Exhibit D-4 a claim chart. *Id.*, Ex. 3. That claim chart explained:

> Sonos conceived of and reduced to practice an audio-enabled wireless device configured for bidirectional wireless communication in a wireless mesh network prior to May 27, 2004. For example, Sonos developed source code that was checked into the Sonos source code repository on February 4, 2004. This source code establishes that

> Sonos reduced to practice an audio-enabled wireless device configured for bidirectional wireless communication in a wireless mesh network.

*Id.* at 1. The claim chart walked through each limitation of each asserted '586 Patent claim, identifying where and how in the Sonos prior art system each limitation is found. Throughout the claim chart, Sonos cited to Sonos documents, as well as "Sonos Source Code (2004-02-04 check-in)." *See, e.g., id.* at 1. At the time Sonos served its invalidity contentions, "[t]he source code for the Sonos prior art (charted against the '586 Patent) [was] made available on the source code computer." *Id.*, Ex. 2 at 97.

At the time that Sonos served its invalidity contentions, Google had yet to serve infringement contentions with pinpoint source code citations.[1] Accordingly, in its invalidity contentions, "Sonos expressly reserve[d] the right to amend or supplement these contentions . . . once Plaintiff serves amended Infringement Contentions with pinpoint source code citations." *Id.* at 2. With regard to the documents produced pursuant to Patent Local Rule 3-4, Sonos noted that "Sonos further reserves the right to supplement these disclosures following the receipt of more fulsome and rules-compliant infringement contentions from Plaintiff." *Id.* at 96.

As instructed by Judge Chen at the initial scheduling conference, the parties conferred on a schedule for production of technical documents and a schedule for amended infringement contentions with "pinpoint source code citations," and eventually the parties stipulated Google would serve amended infringement contentions 90 days after Sonos produced both the source code and technical documents specified in Patent L.R. 3-4(a). ECF No. 59. Google timely served its amended infringement contentions with pinpoint citations on March 15, 2021. Caridis Decl., Ex. 4. In those contentions, Google identified the source code of the accused products that it contended meets the claim limitations of the '586 Patent. Sonos states that these amended contentions enabled it to understand Google's specific infringement theories and make a further assessment of whether the identified functionality was part of the Sonos source code that pre-dated the priority date of the '586 Patent. Mot. at 3. In response, Google states that its contentions

---

[1] According to Google, it served its initial infringement contentions regarding the '586 Patent on October 29, 2020. Response at 1.

3

"have always been adequate, and Sonos has not filed any challenge to the adequacy of those contentions. Nor has Google's infringement theory changed: Google's theory has remained consistent throughout this case, and Google provided 'pinpoint source code' citations on the parties' agreed-upon schedule." Response at 1.

On May 10, 2021, Sonos notified Google that it intended to amend its invalidity contentions relating to the '586 Patent as it related to Sonos's prior invention defense based on Sonos's own prior work. Caridis Decl., Ex. 5 (email chain between David Grosby, Cole Richter and Patrick Schmidt regarding Sonos's amended invalidity contention chart regarding the '586 patent, dated May 10, 2021 to July 28, 2021) at 2 (Grosby email dated May 10, 2021). Sonos explained that it had reviewed Google's amended contentions, including "code citations and accompanying discussions and determined that the same functionality set forth in those code citations were conceived prior to the '586's claimed priority date." *Id.* Sonos attached its proposed amended claim chart (both in clean and redline versions) which included citations to Sonos's prior art source code. *See generally* Caridis Decl, Ex. 1 (Am. Ex. D-4), Ex. 6 (Redline of Am. Ex. D-4). The claim chart explained that Sonos's amended contentions were a result of receiving amended infringement contentions from Google. *See, e.g.*, Ex. 1 at 2 ("With respect to limitation 1.1, functionality that Google accuses of satisfying this limitation (see Exhibit D to Google's 1st Amended Infringement Contentions at pp. 26-27), as well as other functionality that satisfies this limitation under Google's apparent interpretation, was conceived of and/or reduced to practice prior to May 27, 2004.").

Sonos asked Google whether it objected to the amendment. *Id.*, Ex. 5 at 2 (Grosby email dated May 10, 2021). In response, Google asked Sonos several questions about the new claim chart, asked Sonos to confirm that Sonos had made available for inspection all cited source code, and asserted that it was prejudiced by the new contentions. *Id.*, Ex. 7 (Schmidt letter dated May 21, 2021). Sonos responded to Google's questions by email on June 14, 2021. *Id.* Ex. 8. Several weeks later, Sonos again inquired whether Google would oppose its motion for leave to amend its invalidity contentions. *Id.*, Ex. 5 at 1 (Richter email dated July 20, 2021). Google responded that it "will not be taking any position as to whether Sonos can establish good cause to amend the

4

invalidity contentions based on its own source code at this point." *Id.* at 1 (Schmidt email dated July 28, 2021).

### C. Google's Amended Infringement Contentions

In comparing Google's original and amended infringement contentions, Sonos maintains Google's amended claim chart directed to the '586 Patent contain extensive new arguments about how, in Google's estimation, the Accused Products meet each claim limitation. Sonos provided a redline showing changes between Google's original '586 claim chart and its amended claim chart (*Id.*, Ex. 9), showing that for most claim elements, Google included citations to Sonos's source code.

As an example, Sonos points to claim element 1(g), which reads "receive a communication packet using the wireless transceiver, the communication packet including a preamble portion, an identification code portion, a data payload portion, and an integrity portion." On its face, this element requires that communication packets include specific portions. Sonos contends Google's original contentions "parroted" the claim language and noted that the Accused Products may utilize certain communications protocols, but Google did not provide any specifics as to what it contended was any of the required portions of the communication packets. Mot. at 4; *see* Caridis Decl., Ex. 10 (Google's Original '586 Contentions) at 71. In contrast, Google's amended contentions cite specific portions of Sonos's source code, arguing that the cited code evidences the claimed portions of communication packets. For example, at page 102, Google includes a subheader for "Preamble Portion" and cites several source code files that, according to Google, show the claimed preamble. Similarly, Google includes subheadings for "Identification Code Portion" (page 105), "Data Payload Portion" (page 107), and "Integrity Portion" (page 108). Each of these subheadings reference Sonos's source code. Caridis Decl., Ex. 11 (Google's Amended '586 Contentions). Before receiving these amended contentions, Sonos maintains it had no way of knowing what specific portions of its source code Google believed evidenced the claimed packet portions.

As another example, Sonos points to claim element 1(h), which requires comparing the identification code portion with a table of identifiers. Sonos states that Google's original '586

contentions did not identify what Google asserted was the claimed "comparison" nor the claimed "identifiers." *See id.*, Ex. 10 (Google's Original '586 Contentions) at 87-106. Instead, Sonos maintains Google "parroted" the claim language and cited documents that Google believed suggested the presence of a comparison and a table, but Google didn't identify what it claimed meets those limitation. Mot. at 5 (citing Caridis Decl., Ex. 10). In its amended '586 contentions, Google relies on Sonos's produced source code to identify various "lists" and "databases" that Google contends are the claimed "table of identifiers." Caridis Decl., Ex. 11 (Google's amended '586 contentions) at 127-134. Sonos again maintains that without these amended contentions, it had no way of knowing what specific data structures or functions Google contended infringed this claim element. Mot. at 5.

### III.   LEGAL STANDARD

This Court's Patent Local Rules require parties to identify their respective infringement and invalidity theories early in the litigation. *See* Patent L.R. 3-1, 3-3. The Patent Local Rules "exist to further the goal of full and timely discovery and to provide all parties with adequate notice and information with which to litigate their cases." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.*, 2006 WL 1329997, at *4 (N.D. Cal., May 15, 2006). The Rules "requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006).

Patent Local Rule 3-6 allows a party to amend its infringement or invalidity contentions only upon a showing of good cause:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Nonexhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and

6

> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

The moving party has the burden of demonstrating good cause. *O2 Micro*, 467 F.3d at 1366. "The good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *24/7 Customer, Inc. v. Liveperson, Inc.*, 2016 WL 6673983, at *2 (N.D. Cal. Nov. 14, 2016).

## IV.   DISCUSSION

Sonos argues good cause exists to permit its amendments for three reasons: (1) the requested amendments respond directly to Google's amended infringement contentions; (2) it diligently investigated Google's amended infringement contentions and sought amendment; and (3) Google would suffer no prejudice were its request granted. Mot. at 7. Google "takes no position on whether Sonos can meet its burden of demonstrating 'good cause' on this record," but "does not appreciate Sonos attempting to cast blame on Google for Sonos' own lack of diligence and Sonos' untimely production of source code." Response at 2.

**A.   Sonos's Amendments Respond to Google's Amended Infringement Contentions**

As a preliminary matter, "[i]t is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2014 WL 1648175, at *2 (N.D. Cal. Apr. 23, 2014) (citing *DCG Sys. v. Checkpoint Techs., LLC*, 2012 U.S. Dist. LEXIS 117370, at *4 (N.D. Cal. Aug. 20, 2012)). This fact constitutes good cause for permitting Sonos leave, particularly in light of the fact that Sonos does not seek leave to add a new invalidity theory, but rather only to add detail to its existing theory in response to Google's amended infringement contentions. *See, e.g., Facebook, Inc. v. BlackBerry Ltd.*, 2020 WL 864934, at *3 (N.D. Cal. Feb. 13, 2020), *report and recommendation adopted*, 2020 WL 9422395 (N.D. Cal. Mar. 30, 2020) ("Courts in this Circuit have recognized that it is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions.") (internal quotation marks and citation omitted); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2018 WL 5619743, at *6 (N.D. Cal.

7

1   Oct. 29, 2018) (same); *Verinata*, 2014 WL 1648175, at *2 (same); *Advanced Micro Devices, Inc.*
2   *v. LG Elecs., Inc.*, 2017 WL 2774339, at *6 (N.D. Cal. June 26, 2017) (same); *see also DCG Sys.,*
3   *Inc. v. Checkpoint Techs., LLC*, 2012 WL 12140357, at *1 (N.D. Cal. Aug. 20, 2012) ("DCG's
4   amended infringement contentions warrant additional amendments to the invalidity contentions.").
5   Here, as in each of these cases, Google's amended infringement contentions warrant amendments
6   to Sonos's invalidity contentions.

**B.   Sonos Diligently Investigated Google's Disclosures and Sought Amendment**

In addition, it appears that Sonos was diligent in seeking amendment of its contentions. Diligence is "the critical issue" in the good cause determination. *Sunpower Corp. Sys. v. Sunlink Corp.*, 2009 WL 1657987, at *1 (N.D. Cal., June 12, 2009). "[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013) (citing *Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007)).

After Google served its amended infringement contentions on March 15, 2021, identifying the source code it accuses of infringement, Sonos investigated and confirmed that the functionality and code was invented by Sonos prior to the '586 Patent priority date. Boyea Decl. ¶ 10. All told, Sonos spent less than two months reviewing Google's amended infringement contentions and the source code cited therein and investigating Sonos's invention of the accused functionality. The Court finds this was a diligent investigation under the circumstances. *See, e.g., In re RAH Color Techs. LLC Pat. Litig.*, 2021 WL 1197478, at *3 (N.D. Cal. Mar. 30, 2021) (finding diligence where accused infringer obtained access to source code in May and sought amendment in August); *Network Appliance Inc. v. Sun Microsystems Inc.*, 2009 WL 2761924, at *3 (N.D. Cal. Aug. 31, 2009) (finding two-month source code review diligent in investigating basis for amended invalidity contention); *Synchronoss*, 2018 WL 5619743, at *6; *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2016 WL 2855260, at *6 (N.D. Cal. May 13, 2016) (finding delay of "four-plus months" diligent). Sonos was not required to have anticipated Google's future arguments at the earliest possible moment. *See, e.g., Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 491745,

at *4 (N.D. Cal. Feb. 5, 2014) ("Although hindsight is often '20/20,' . . . new information learned in discovery can lead a party to understandably reevaluate evidence found earlier."). Thus, even if it would have been theoretically possible for Sonos to anticipate and investigate every possible Sonos functionality that Google might accuse, this does not negate a showing of good cause.

Sonos also diligently sought leave to amend once it discovered the basis for the requested amendments. After confirming that the accused Sonos functionality was invented before the priority date of the '586 Patent, Sonos prepared amended invalidity contentions and provided to Google a full claim chart detailing the amended theory. This notice, within two months of receiving Google's amended infringement contentions, was diligent under the circumstances. *See, e.g., Karl Storz Endoscopy-America, Inc.*, 2016 WL 2855260, at *7 (recognizing with approval that "courts in this District have held that mere notice, short of an actual motion, can be sufficient for diligence") (citing *The Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 2008 WL 624771, at *3 (N.D. Cal. Mar. 4, 2008) (finding four-month delay diligent where "[plaintiff] was arguably not diligent in pursuing amendment with th[e] court," but was diligent in providing defendant with notice of amended contentions)). Although nearly three further months have passed since Sonos provided Google notice of its proposed amendments, this delay was the result of Sonos's attempts to give Google time to determine whether it would oppose the motion. During this time, Google was in possession of the claim chart that Sonos now seeks to add to its contentions. Once Google informed Sonos of its position, Sonos filed the instant motion.

In sum, Sonos's requested amendments respond directly to information disclosed for the first time in Google's amended infringement contentions, Sonos diligently investigated Google's new allegations, and Sonos diligently sought amendment once it discovered the basis for the instant motion. These facts provide good cause to grant Sonos's motion.

C.     **Sonos's Requested Amendment Will Not Unduly Prejudice Google**

Moreover, amendment of Sonos's invalidity contentions would not prejudice Google. Even if the Court determined that Sonos was not diligent, it retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to Google. *See, e.g., Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 5632618, at *5-6 (N.D. Cal., Nov. 15, 2012).

Prejudice is typically found when the movant seeks to amend late in a case's pre-trial schedule or when amendment would disrupt a previous motion or order. *See, e.g., Yodlee, Inc.*, 2007 WL 1454259, at *3 (finding no prejudice when non-movant had not filed any substantive motion that would be impacted/mooted by amendment, and "ample time" was left for discovery); *Apple Inc.*, 2012 WL 5632618, at *6 (finding no prejudice when non-movant had "ample" time left for discovery); *Berger v. Rossignol Ski Co.*, 2006 WL 1095914, at *4 (N.D. Cal. Apr. 25, 2006), *aff'd*, 214 F. App'x 981 (Fed. Cir. 2007) (finding prejudice when non-movant had already prepared a summary judgment motion based on non-amended contentions); *Google, Inc. v. Netlist, Inc.*, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010) (finding prejudice when amendment was sought a day before the close of fact discovery). The prejudice inquiry is included to "prevent the parties from shifting their theories in reaction to adverse substantive rulings," in order to "prevent the 'shifting sands' approach to claim construction." *Yodlee, Inc.*, 2007 WL 1454259, at *1–2.

While Google has taken no position as to any prejudice it would suffer, the Court finds that any prejudice that may be caused by Sonos's amendment invalidity contentions is not undue because Sonos seeks to amend as a direct result of Google's amended infringement contentions. *See Synchronoss*, 2018 WL 5619743, at *6 ("The Court finds, in its discretion, that Dropbox should be permitted to amend its Invalidity Contentions for at least the equitable reason that Synchronoss has been permitted to amend its Infringement Contentions."). Further, Google has been on notice of the substance of Sonos's requested amendments since Sonos's initial invalidity contentions, which disclosed the Sonos system as prior art to the '586 Patent, including under 35 U.S.C. § 102(g). In its initial contentions, Sonos explained that each limitation of the '586 Patent was found in the Sonos prior art system, citing Sonos documents and the Sonos source code base. Sonos provided this source code for Google's review. Boyea Decl. ¶ 4. Sonos's requested amendments disclose this theory in more detail based on Google's amended infringement contentions. Because Google was on notice of this theory from the outset, the Court finds no undue prejudice. *See, e.g., Synchronoss*, 2018 WL 5619743, at *6 (no prejudice where initial invalidity contentions placed patentee on notice of invalidity theory).

Finally, Sonos disclosed its proposed amendments well in advance of the close of fact

1  expert discovery.  Courts routinely find no prejudice where, as here, the proposed amendments
2  pose no risk to discovery and motion deadlines or the trial schedule.  *See, e.g., Verinata*, 2014 WL
3  1648175, at *3 (no prejudice where the deadlines for fact discovery, expert discovery, and trial
4  were four, seven, and ten months away, respectively); *Golden Hour Data Sys., Inc. v. Health*
5  *Servs. Integration, Inc.*, 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008) (finding no prejudice
6  where three months remained in fact discovery); *Yodlee, Inc.*, 2007 WL 1454259, at *3 (finding
7  no prejudice where two months remained in fact discovery).  Here, the presiding judge has not set
8  deadlines fact and expert discovery (let alone trial).  As a result, there remains ample time for
9  Google to investigate and respond to Sonos's proposed amendments without any adverse impact
10 on the case schedule.

Accordingly, the Court finds that Sonos's amendment will not prejudice Google.

## V.   CONCLUSION

For the reasons stated above, the Court finds Sonos has established good cause to amend and therefore **GRANTS** Sonos's motion to amend its infringement contentions.

**IT IS SO ORDERED.**

Dated: September 7, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge