CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:     +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>SONOS, INC.,<br><br>          Defendant. | Case No. 3:20-cv-03845-EMC<br><br>**SONOS, INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Date: January 6, 2022<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ............................................................................................................. 1

STATEMENT OF THE RELIEF REQUESTED ..................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

I.      INTRODUCTION ....................................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND.................................................. 2

    A.      The Parties' Procedural History. ...................................................................... 2

    B.      The Accused Products and Technology. ........................................................... 3

    C.      IPR Proceedings Efficiently Evaluate Patent Validity. ................................... 3

III.    LEGAL STANDARD ................................................................................................. 4

IV.     ARGUMENT ............................................................................................................... 4

    A.      The Early Stage Of This Case Supports A Stay................................................ 4

    B.      A Stay Will Simplify The Issues In Question. ................................................. 6

    C.      A Stay Would Not Unduly Prejudice Or Tactically Disadvantage Google. ........... 9

        1.      No Undue Prejudice in the Timing of the IPR Petitions............................. 9

        2.      No Undue Prejudice in the Timing of the Request for a Stay................... 10

        3.      No Undue Prejudice in the Status of the IPR Proceedings. ..................... 10

        4.      No Undue Prejudice Based on Parties' Relationship............................... 10

V.      CONCLUSION ......................................................................................................... 13

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Aavid Thermalloy LLC v. Cooler Master, Ltd.*,
   No. 17-cv-05363-JSW, 2019 WL 4009166 (N.D. Cal. Aug. 26, 2019) .................................. 4

5

*Asetek Holdings, Inc. v. Cooler Master Co.*,
   Case No. 13–cv–00457–JST, 2014 WL 1350813 (N.D. Cal. Apr. 3, 2014)......................... 4, 9

6

7

*AT & T Intell. Prop. I v. Tivo, Inc.*,
   774 F. Supp. 2d 1049 (N.D. Cal. 2011) ............................................................................. 5, 8

8

9

*Contour IP Holding, LLC v. GoPro, Inc.*,
   No. 17-cv-04738-WHO, 2018 WL 6574188 (N.D. Cal. Dec. 12, 2018) ............................. 5, 6

10

*Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
   2014 WL 5021100 (N.D. Cal. Oct. 7, 2014)................................................................... 9, 11, 12

11

12

*Evolutionary Intel., LLC v. Millenial Media, Inc.*,
   No. 5:13-cv-04206-EJD, 2014 WL 2738501 (N.D. Cal. June 11, 2014) ................................. 8

13

14

*Finjan, Inc. v. Symantec Corp.*,
   139 F. Supp. 3d 1032 (N.D. Cal. 2015) ............................................................................. 9, 10

15

16

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983)................................................................................................. 5

17

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
   No. C 05-03116 JSW, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006) ................................... 6, 7

18

19

*Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co.*,
   No. 16-CV-03886-BLF, 2017 WL 2633131 (N.D. Cal. June 19, 2017) ......................... 11, 12

20

21

*Microsoft Corp. v. Tivo, Inc.*,
   10-cv-0240 LHK, 2011 WL 1748428 (N.D. Cal. May 6, 2011) ......................................... 5, 8

22

*Motson v. Franklin Covey Co.*,
   No. 03-cv-1067, 2005 WL 3465664 (D.N.J. Dec. 16, 2005)..................................................... 5

23

24

*NetFuel, Inc. v. Cisco Sys. Inc.*,
   No. 5:18-cv-02352-EJD, 2020 WL 836714 (N.D. Cal. Feb. 20, 2020)................................... 10

25

*Palo Alto Networks, Inc. v. Packet Intel. LLC*,
   No. 19-cv-02471-WHO, 2020 WL 5760475 (N.D. Cal. Sept. 28, 2020) ............................. 7, 8

26

27

*PersonalWeb Techs., LLC v. Apple Inc.*,
   69 F. Supp. 3d 1022 (N.D. Cal. 2014) ..................................................................... 5, 7, 8, 10

28

SONOS'S MOTION TO STAY PENDING
*INTER PARTES* REVIEW
3:20-cv-03845-EMC

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
    No. C-14-1575 EMC, 2014 WL 3107447 (N.D. Cal. July 3, 2014) ................................ *passim*

*Sec. People, Inc. v. Ojmar US, LLC*,
    No. 14-cv-04968-HSG, 2015 WL 3453780 (N.D. Cal. May 29, 2015) ........................... 10, 11

*Software Rts. Archive, LLC v. Facebook, Inc.*,
    No. 12-cv-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ................................. 9

*Symantec Corp. v. Zscaler, Inc.*,
    No. 17-CV-04426-JST, 2018 WL 3539267 (N.D. Cal. July 23, 2018) ................. 8, 10, 11, 12

*Trusted Knight Corp. v. Int'l Bus. Machines Corp.*,
    No. 19-cv-01206-EMC, 2020 WL 5107611 (N.D. Cal. Aug. 31, 2020) ................. 4, 9, 10, 12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) ..................................................................................... 12, 13

*Zomm, LLC v. Apple Inc.*,
    391 F. Supp. 3d 946 (N.D. Cal. 2019) ................................................................................. 4

**Statutes**

35 U.S.C. § 101 ............................................................................................................................. 1, 2

35 U.S.C. §§ 311–19 (2013) ............................................................................................................. 3

35 U.S.C. § 314(a) ......................................................................................................................... 3, 6

35 U.S.C. § 315(e) ............................................................................................................................. 8

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on January 6, 2022 at 1:30 p.m., or as soon thereafter may be heard in Courtroom 5 on the 17th Floor of the San Francisco Courthouse, Defendant Sonos, Inc. ("Sonos") will, and hereby does, move for an order staying this case pending *inter partes* review. This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Evan D. Brewer ("Brewer Decl."), and exhibits thereto, all documents in the Court's file, and such other written or oral argument as may be presented at or before the time this motion is heard by the Court.

**STATEMENT OF THE RELIEF REQUESTED**

Sonos requests that this Court stay this case until the United States Patent and Trademark Offices ("PTO") issues its final written decisions in the pending *inter partes* review of U.S. Patent Nos. 10,229,586 (the "'586 patent") and 10,140,375 (the "'375 patent").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

In its complaint, plaintiff Google LLC ("Google") alleged that Sonos infringed five patents. Google has already dismissed one patent with prejudice and the Court dismissed a second patent for failing to meet the requirements of 35 U.S.C. § 101. In the past few weeks, the PTO instituted *inter partes* review ("IPR") to consider whether the asserted claims of two of the remaining three patents are invalid.[1] *See* Brewer Decl., Exs. A-B. Sonos expects the PTO will invalidate the asserted claims of the '586 and '375 patents, but in any event the IPR proceedings will substantially narrow the issues in this case. Sonos thus respectfully moves to stay this litigation pending resolution of the IPR proceedings.

The IPRs will be concluded no later than November 10, 2022. Google will not be prejudiced by this stay. This case is still in the early stages: little written discovery has been served, no fact depositions have been taken, and no trial date has been set. In other words, this

---

[1] The third remaining patent at issue is U.S. Patent No. 7,899,187 (the "'187 patent").

case is at a juncture where a stay could significantly preserve judicial and party resources before the parties launch into depositions, expert discovery, summary judgment, and trial. Because most of this case lies ahead, because the IPRs will simplify this matter, and because no prejudice will result, the Court should grant this motion and enter the requested stay.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      The Parties' Procedural History.

Google filed this case on June 11, 2020, alleging infringement of five patents. *See* Dkt. 1. Only three patents remain: on November 2, 2020, the Court granted Sonos's motion to dismiss the '489 patent infringement claim, finding the '489 patent unpatentable under 35 U.S.C. § 101. *See* Dkt. 60. And after realizing that Sonos does not infringe the '206 patent, Google dismissed it with prejudice. *See* Dkt. 107.

With respect to the remaining patents, this case remains in its early stages: while the parties have proposed dates for discovery to close in 2022, the Court has yet to set a schedule for close of fact discovery, expert discovery, or trial. Little fact discovery has taken place. Collectively, the parties have exchanged three sets of interrogatories and four sets of requests for production. No depositions have been taken other than two short expert depositions for the purposes of claim construction. No depositions are scheduled and no requests for admission have been served. Google did not complete its initial infringement contentions until March 30, 2021, when it served corrected amended infringement contentions. *See* Brewer Decl. ¶ 2. On June 7, 2021, the Court issued a claim construction order for claim terms in the '187 patent,[2] '375 patent, and '586 patent. *See* Dkt. 108. On August 10, 2021, the parties jointly proposed that fact discovery close on February 20, 2022, and expert discovery close on May 19, 2022. *See* Dkt. 112. The parties also proposed dates for summary judgment briefing and trial, but the Court has yet to issue a scheduling order. *Id.*

---

[2] Shortly after the Court issued its claim construction order, the Landgericht München I (the First Regional Court in Munich, Germany) issued an order dismissing an action filed by Google against Sonos alleging infringement of EP1579621B1, the European counterpart to the '187 Patent. *See* Brewer Decl. ¶ 7, Exs. C-D; *see also* Brewer Decl., Ex. F (EP1579621B1). In that ruling, the German court found that the accused Sonos products did not infringe the claims of the European counterpart of the '187 Patent. *See id.*

### B.     The Accused Products and Technology.

Google largely accuses the same Sonos products of infringing the patents under review at the PTO and the unchallenged '187 patent. For example, Google accuses the same set of Sonos products—the Sonos One, One SL, Play:1, Play:3, Five, Play:5, Arc, Playbar, Playbase, Beam, Move, Connect:Amp, Amp, Connect, and Port devices—of infringing both the '586 patent (under IPR) and the '187 patent (not challenged in IPR).[3] For purposes of this case, these products all operate in generally the same relevant respects, and largely share a code base. The scope of discoverable material for each of Google's infringement claims is overlapping. While there may, for example, be different expert witnesses for different patents, fact witness testimony and written discovery will likely significantly overlap between Google's claims.

### C.     IPR Proceedings Efficiently Evaluate Patent Validity.

The Leahy–Smith America Invents Act ("AIA") established *inter partes* review to provide "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *2 (N.D. Cal. July 3, 2014) (internal citation omitted). After the PTO institutes IPR, three technically-trained Administrative Patent Judges review the patentability of the claims in a patent and issue a final decision as to patentability within a year. *Id.*; *see also* 35 U.S.C. §§ 311–19 (2013) (describing IPR process and deadlines). Importantly, the PTO may *only* institute an IPR when it determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).

While under Patent Local Rule 3-1 Google's infringement contentions were due by October 29, 2020, Google did not disclose its infringement theories with source code-level detail until March 15, 2021. *See* Brewer Decl. ¶ 2. Once Sonos was sure what claims were asserted and Google's interpretation of those claims, Sonos diligently worked to prepare its IPR petitions. Sonos filed petitions challenging all the asserted claims of the '586 and '375 patents on May 9,

---

[3] Although Google has asserted the '375 patent against the Sonos controller apps—not Sonos speaker devices like the other two patents—the Sonos system operates as a cohesive whole, with the controller apps working hand-in-hand with the speaker.

2021 -- within seven weeks of receiving Google's corrected amended infringement contentions. The PTO reviewed Sonos's petitions, agreed there was a reasonable likelihood that challenged claims are invalid, and instituted the IPRs on October 18, 2021 and November 10, 2021 for the '586 patent and '375 patent, respectively. Brewer Decl. Exs. A-B. Because an IPR must be completed within a year of institution, the Final Written Decisions addressing the validity of the asserted claims of the '586 and '375 patents will be provided no later than November 10, 2022.

## III.   LEGAL STANDARD

While "[t]he party seeking the stay bears the burden of persuading the court that a stay is appropriate," *Trusted Knight Corp. v. Int'l Bus. Machines Corp.*, No. 19-cv-01206-EMC, 2020 WL 5107611, at *1 (N.D. Cal. Aug. 31, 2020), the determination of whether to grant a stay is soundly within the Court's discretion. *Aavid Thermalloy LLC v. Cooler Master, Ltd.*, No. 17-cv-05363-JSW, 2019 WL 4009166, at *1 (N.D. Cal. Aug. 26, 2019). "Courts in this district have often recognized a liberal policy in favor of granting motions to stay pending IPR." *Zomm, LLC v. Apple Inc*., 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (collecting cases).

Courts consider three factors in deciding whether a civil action should be stayed pending IPR proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Bosch*, 2014 WL 3107447, at *3, 4 (internal citation omitted). These factors are "general considerations that are helpful in determining whether to order a stay," but "ultimately the Court must decide stay requests on a case-by-case basis." *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-cv-00457-JST, 2014 WL 1350813, at *1 (N.D. Cal. Apr. 3, 2014).

## IV.   ARGUMENT

All three factors strongly favor granting a stay. This Court should conserve party and judicial resources until the PTO completes its review.

### A.   The Early Stage Of This Case Supports A Stay.

While this case is no longer in its infancy, it is still early enough to weigh decisively in favor of a stay. There has been no fact witness depositions, limited fact discovery, and the Court

has not set a schedule for completing discovery or for trial. Such an "early stage of litigation weighs in favor of a stay pending IPRs." *Bosch*, 2014 WL 3107447, at *4; *id.* ("Where discovery has not yet been completed and a trial date has not been set, courts are more likely to issue stays to save the parties and the Court the unnecessary expenditure of judicial resources.").

Courts in this district routinely stay cases with similar or even later procedural postures. In *PersonalWeb*, for example, the court granted a stay where "several costly stages of discovery" remained in the case, even though the parties had exchanged over 100 requests for production, had taken a dozen depositions, produced over 500,000 pages, and a claim construction order had been issued. *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1026 (N.D. Cal. 2014); *see also Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-cv-04738-WHO, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018) ("Although claim construction is complete and some substantial discovery has already occurred, several costlier stages of pretrial preparation remain, not to mention the trial itself."); *AT & T Intell. Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (rejecting argument that case was in its "advanced stages" and granting stay where parties had not yet exchanged expert reports and no trial date was scheduled); *Microsoft Corp. v. Tivo, Inc.*, 10-cv-0240 LHK, 2011 WL 1748428, at *6 (N.D. Cal. May 6, 2011) ("Many courts have stayed patent infringement suits pending reexamination even after discovery was complete.").

Courts have granted stays in cases far more advanced. *See, e.g.*, *Motson v. Franklin Covey Co.*, No. 03-cv-1067-RBK, 2005 WL 3465664, at *2 (D.N.J. Dec. 16, 2005) (granting stay where discovery was complete and summary judgment decided);[4] *id.* (noting that in *Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983), the Federal Circuit upheld stay "even where it was entered five years after commencement of litigation and only 20 days before scheduled start of trial").

In sum, because the parties have not yet completed fact discovery or even begun

---

[4] While this case pre-dates the AIA and IPR review, courts apply the same standard for staying a matter pending IPR that was applied to pre-AIA forms of patent review before the PTO. *See, e.g.*, *PersonalWeb Techs.*, 69 F. Supp. 3d at 1025 (citing and applying pre-AIA caselaw for three-part standard).

1    substantive expert discovery, a stay would save the parties and the Court from the unnecessary

2    expenditure of judicial resources. This factor thus favors granting a stay. *See Bosch*, 2014 WL

3    3107447, at *4.

4         **B.      A Stay Will Simplify The Issues In Question.**

5         All of the asserted claims of the '586 and '375 patents are at issue in the pending IPRs.

6    Thus, resolution of the IPRs will simplify the issues in this litigation. "[I]n almost every motion to

7    stay pending IPR, courts find the PTAB's decision is likely to simplify the issues because if the

8    PTAB invalidates any of the claims at issue in the IPR petition, those claims will be mooted in the

9    litigation." *Contour IP Holding,* 2018 WL 6574188, at *3 (granting stay pending IPR). By

10   instituting IPRs, the PTO has already signaled that at least one of the challenged claims in the

11   patents is likely unpatentable. *See* 35 U.S.C. § 314(a). Based on the strength of its petitions,

12   Sonos anticipates that the PTO will cancel all challenged claims from both patents by mid-

13   November of next year, which would then moot those infringement claims. Regardless of how the

14   PTO rules, however, for the following four reasons, the IPRs will simplify the issues in this case

15   and the entire case should be stayed.

16        *First,* because Google accuses largely the same Sonos products and technology of

17   infringing the asserted patents, Sonos anticipates that there will be overlapping issues between all

18   three patents. "When there are overlapping issues between the reexamined patents and other

19   patents in suit, courts have found staying the entire case to be warranted." *KLA-Tencor Corp. v.*

20   *Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 WL 708661, at *4 (N.D. Cal. Mar. 16, 2006)

21   (staying case where two of the three patents were subject to reexamination). Google accuses the

22   same set of products of infringing the '586 and the '187 patents,[5] and all these accused products

23   share a code base. Discovery will thus overlap between each of the patents. Courts have

24   recognized that staying a case in such circumstances pending resolution of IPRs can "further

25   simplify the issues and trial of this case, thus increasing judicial economy and conserving both the

26   parties' and the Court's resources." *PersonalWeb Techs.*, 69 F. Supp. 3d at 1028 (granting stay

27   _____

28   [5] Google accuses one additional product (the Sonos Sub) of infringing the '586 patent, which is under review by the PTO.

SONOS'S MOTION TO STAY PENDING
*INTER PARTES* REVIEW
3:20-CV-03845-EMC

where all of the patents were related even though 19 claims from 5 of the 7 patents were not subject to IPR); *see also KLA-Tencor Corp.*, 2006 WL 708661, at *4 ("If the court stayed the litigation with respect to the reexamined patents-in-suit only, duplicative discovery could have resulted because there were likely to be common documents and witnesses in the infringement litigation of the two patents."); *Bosch*, 2014 WL 3107447, at *5 (staying case in its entirety because the patents were interrelated even though only four of the six patents were subject to IPR). Because there will be significant overlapping issues and substantially similar discovery required here, a stay will likely result in simplification of the issues in this case going forward. This conclusion is further buttressed by the fact that Sonos products already have been adjudged ***not*** to infringe the claims of the European counterpart of the '187 patent in Germany.[6] *See* Brewer Decl., ¶ 7, Exs. C-D. It hardly makes sense from an efficiency perspective to proceed on infringement claims of such dubious merit while other claims are tested before the PTO. Rather, it will best serve both the parties' and the court's time to let the IPRs play out and litigate the '187 patent with whatever remains of the other two. Doing so will both "increase[e] judicial economy and conserve[e] both the parties' and the Court's resources." *PersonalWeb Techs.*, 69 F. Supp. 3d at 1028.

 *Second,* even if the patents-at-issue did not address similar technologies and accused products, a stay would still simplify the issues in question. As this Court put it, "even though not all of the claims are in IPR, the value of simplification still obtains." *Bosch*, 2014 WL 3107447, at *5. This is because any claim that the PTAB finds invalid would not need to be litigated before this Court. "The standard is whether the PTAB's decision could simplify the issues in this matter, not whether they would eliminate the issues." *Palo Alto Networks, Inc. v. Packet Intel. LLC*, No. 19-cv-02471-WHO, 2020 WL 5760475, at *2 (N.D. Cal. Sept. 28, 2020) (granting stay where PTO instituted review of four out of five patents); *see also Microsoft Corp.* , 2011 WL 1748428, at *1 (granting stay where PTO had instituted review of six of the seven patents in suit); *Symantec Corp. v. Zscaler, Inc.*, No. 17-CV-04426-JST, 2018 WL 3539267, at *2 (N.D. Cal. July 23, 2018)

---

[6] As noted above, the German court ruled on infringement of EP1579621B1, the European counterpart to the '187 Patent. *See* Brewer Decl., ¶ 7, Exs. C-D, F.

(granting stay where PTO instituted review for some but not all of the asserted claims at issue).

Thus, "even if an IPR will only simplify some, but not all, of the issues in a case, this factor will

weigh in favor of a stay." *Bosch*, 2014 WL 3107447, at *4. This is particularly the case where, as

here, exclusively patent infringement claims are at issue and no non-patent issues would or could

proceed during the stay. *See, e.g.*, *PersonalWeb Techs.,* 69 F. Supp. 3d at 1028-29 ("[I]n

determining whether to grant a stay of an entire case, courts consider whether there would remain,

after the PTAB reexamination, issues completely unrelated to patent infringement for which a

stay would not reduce the burden of litigation on both the parties and the court. . . . If such

matters would continue to be an issue . . . a stay would not preserve many resources. Here,

however, the case at hand exclusively involves patent infringement claims. . . . In this

circumstance, unlike in a case involving both patent and other claims, a stay can be particularly

effective.") (internal quotation marks and citation omitted).

   *Third,* as this Court has recognized, even in the unlikely event that *all* of the asserted

claims survive IPR, the PTAB's order will "facilitate trial by providing the court with the expert

opinion of the PTAB and clarifying the scope of the claims." *Bosch*, 2014 WL 3107447, at *4. In

other words, "[e]ven if the IPR proceeding does not result in any cancelled or modified claims,

this court will receive the benefit of the PTO's expertise and guidance on those claims." *See*

*Evolutionary Intel., LLC v. Millenial Media, Inc.*, No. 5:13-cv-04206-EJD, 2014 WL 2738501, at

*4 (N.D. Cal. June 11, 2014) (granting stay pending IPR).

   *Finally,* a stay will simplify this case because Sonos will be barred from offering

arguments regarding invalidity that it raised or "reasonably could have raised" in the IPR

proceedings once the PTO issues its final written decision on the merits. *See* 35 U.S.C. § 315(e);

*see also AT & T Intell. Prop. I*, 774 F. Supp. 2d at 1053 (characterizing estoppel provisions as

offering the possibility for "substantial" simplification of issues given the "significant role" that

invalidity plays in patent litigation).

   In sum, there is ample reason to find that the IPR proceedings will simplify the issues in

this case. This factor thus supports a stay.

**C.      A Stay Would Not Unduly Prejudice Or Tactically Disadvantage Google.**

Google cannot credibly claim that it would suffer undue prejudice or a clear tactical disadvantage from a stay. In evaluating prejudice, courts consider four subfactors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Trusted Knight*, 2020 WL 5107611, at *4 (internal citation omitted). All of these subfactors support a stay.

**1.      No Undue Prejudice in the Timing of the IPR Petitions.**

Sonos petitioned for the IPRs on May 19, 2021—within weeks of receiving Google's corrected amended disclosures on March 30, 2021, and within the statutory deadline for filing IPRs. Courts in this district have recognized that "waiting until after receiving infringement contentions to analyze the claims alleged and then filing petitions for review does not cause undue prejudice." *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, 2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014) (collecting cases). "Provided an accused infringer is diligent, delay due to preparing an IPR petition, ascertaining the plaintiff's theories of infringement, or otherwise researching the patents that have been asserted in an action does not unduly prejudice the patent owner." *Asetek Holdings,* 2014 WL 1350813, at *5.

Google may argue that Sonos delayed filing its IPR petitions because it did so eleven months after the complaint was filed. *See* Dkt. 1. But courts regularly determine that stays are appropriate as long as the IPR petitions were timely filed even if the petitions were close to the statutory bar date. *See, e.g.*, *Finjan, Inc. v. Symantec Corp.,* 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) ("[T]he Court declines to condition a stay on Symantec seeking IPR earlier than the end of its statutory deadline, or to read a dilatory motive into the timely exercise of its statutory rights."); *Software Rights Archive, LLC v. Facebook, Inc.,* No. 12-cv-3970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) ("Although defendants did wait nearly a year to file the IPR petitions, they properly filed the petitions within the statutory time frame, and the delay was not unreasonable under the facts here."). There is no undue prejudice in the timing of the IPR petitions.

### 2.     No Undue Prejudice in the Timing of the Request for a Stay.

Sonos promptly moved to stay the present case within a month of getting the PTO's decision to institute the IPRs and its finding that there is a reasonable likelihood that asserted claims are invalid. In fact, Sonos moved to stay within 20 days of the PTO instituting IPR on the '375 patent. Courts in the Northern District have recognized that moving for a stay one month after the PTO institutes an IPR shows diligence that favors granting the stay. *See, e.g.*, *Symantec*, 2018 WL 3539267, at *3 (noting party's diligence in seeking stay within a month of the instituted IPR); *NetFuel, Inc. v. Cisco Sys. Inc*., No. 5:18-cv-02352-EJD, 2020 WL 836714, at *2 (N.D. Cal. Feb. 20, 2020) (same); *cf. PersonalWeb Techs.,* 69 F. Supp. 3d at 1030 (granting stay where defendant "waited a year after [] suit was filed to petition for *inter partes* review and almost another year to file" its motion to stay). Sonos's expedient request for a stay does not unduly prejudice Google.

### 3.     No Undue Prejudice in the Status of the IPR Proceedings.

The PTO has instituted IPR proceedings on all of the asserted claims of the '586 and '375 patents, which is a total of 30 of the remaining 35 claims that Google has asserted against Sonos. Brewer Decl. Exs. A-B. Sonos is bringing this motion after the IPRs were instituted which means the parties are guaranteed that the PTO will issue its final decisions on patentability less than a year from now. There can be no undue prejudice to Google from the status of the IPR proceedings.

### 4.     No Undue Prejudice Based on Parties' Relationship

The last factor considers prejudice based on the relationship of the parties. "[W]hen the parties are direct competitors, the risk of prejudice to the non-moving party is higher than it would be otherwise." *Symantec*, 2018 WL 3539267, at *3 (internal citation omitted). This is because infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages. *See Trusted Knight*, 2020 WL 5107611, at *5.

As an initial matter, Google evidently does not consider Sonos a direct competitor. For instance, in 2020, Alphabet Inc.—Google's parent company—listed over twenty of the

company's competitors on its Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934. *See* Alphabet Inc., Annual Report (Form 10-K), at 7-8 (2020). Sonos was not included on the list. *Id.* Google is a search engine company and sees itself that way (*see, e.g., id.* (emphasizing search engines and information services in describing its business and competitors)).[7]

And even if Google and Sonos *were* considered direct competitors, that is not the end of our inquiry. "In evaluating claims that direct competition will result in prejudice from a stay, courts require evidence." *Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co.*, No. 16-CV-03886-BLF, 2017 WL 2633131, at \*4 (N.D. Cal. June 19, 2017) (granting stay where there was no "concrete evidence of competitive injury"). In *Symantec*, for instance, the court observed that the plaintiff's evidence "show[ed] the two companies are competitors in a general sense […] but fail[ed] to show *how much* prejudice Symantec will suffer absent a stay." *Symantec*, 2018 WL 3539267, at \*3 (emphasis in original). Likewise, in *Cypress*, the court granted a stay despite finding that there was direct competition where the plaintiff failed to provide evidence of competitive injury. *See Cypress Semiconductor*, 2014 WL 5021100, at \*4-5 ("[W]hile the Court can assume that Cypress will suffer some prejudice as a result of a stay due to the parties' status as competitors, the Court cannot assess the degree of prejudice without at least some probative evidence on the point."). And in *Security People*, the CEO's declaration estimating lost profits due to defendant's sales did not provide the court with sufficient evidence to evaluate the degree of prejudice that the plaintiff would suffer from a stay. *Sec. People, Inc. v. Ojmar US, LLC*, No. 14-cv-04968-HSG, 2015 WL 3453780, at \*5 (N.D. Cal. May 29, 2015).

Google will be hard-pressed to muster the requisite evidence of competitive injury: this Court need only look at Google's own actions in this suit to know that monetary damages would make it whole. Google's damages contentions, for instance, seek a reasonable royalty, and not lost profits. Brewer Decl. ¶ 4. And most tellingly, at no point in the litigation has Google sought a

---

[7] While Sonos is not a competitor of Google, Google *is* a competitor of Sonos. Sonos exclusively produces audio products, and Google produces competing products.

preliminary injunction.[8] "Failing to seek a preliminary injunction weighs against prejudice because it suggests that money damages would compensate any loss." *Symantec*, 2018 WL 3539267, at \*3; *see also Trusted Knight*, 2020 WL 5107611, at \*5 ("[S]ome courts have found that failure to file for a preliminary injunction ... suggests that monetary damages will adequately compensate Plaintiff should Defendants be found liable for patent infringement.") (citing *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST, 2013 WL 8014977, at \*3 (C.D. Cal. May 22, 2013)).

Not only did Google not seek a preliminary injunction, but it also licenses its patents.[9] A party's willingness to license its patents undercuts a claim of special harm due to the parties' competitive relationship. *See Bosch*, 2014 WL 3107447, at \*7; *see also Lighting Sci. Grp*, 2017 WL 2633131, at \*4 ("[T]he fact that Lighting Science has been willing to license its patents and has never moved for a preliminary injunction also weakens its claims of undue prejudice because this shows that, even if Lighting Science were prejudiced by a stay, it could be later made whole by money damages.").

At bottom, "[a] stay will not diminish the monetary damages to which [Google] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). To the extent that Google and Sonos directly compete, Google's failure to seek injunctive relief and ongoing licensing activities emphasize that monetary damages will make it whole. Because monetary damages will remain available to Google should any claims from the '586 and '375 patents survive IPR, Google will not be unduly prejudiced by a stay.

---

[8] Indeed, the German court's determination that Sonos does not infringe the European counterpart to the '187 Patent (Brewer Decl., ¶ 7) is a strong indication that any attempts by Google to file for a preliminary injunction here would fail.

[9] Google's licensing practices are public knowledge. In 2017, for instance, a press release on Business Wire announced a cross-license between Nest Labs, Inc., a sister company of Google under the Alphabet, Inc. umbrella, and ecobee Inc. *See* BusinessWire, *Nest and ecobee Enter Long-Term Cross-License Agreement*, June 2, 2017, *available at* https://www.businesswire.com/news/home/20170602005867/en/Nest-and-ecobee-Enter-Long-Term-Cross-License-Agreement.

In sum, given that all four sub-factors weigh in favor of a stay, the Court should find no undue prejudice or tactical disadvantage to Google.

**V.      CONCLUSION**

For the reasons stated herein, Sonos respectfully asks that the Court to grant its motion and stay the case pending resolution of the instituted IPRs. Each factor weighs decisively in favor of staying this action: the lion's share of the work and expense has yet to be borne; a stay would simplify the issues and any trial; and Google would not be unduly prejudiced.

Dated: November 30, 2021                     By: */s/ Alyssa Caridis*

CLEMENT SETH ROBERTS
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

GEORGE I. LEE
SEAN M. SULLIVAN
RORY P. SHEA
J. DAN SMITH

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Defendant Sonos, Inc.*