QUINN EMANUEL URQUHART &
SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

    David A. Nelson (admitted *pro hac vice*)
    davidnelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

Attorneys for GOOGLE LLC

CLEMENT SETH ROBERTS (STATE
BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO.
191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO.
260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

GEORGE I. LEE (admitted pro hac vice)
lee@ls3ip.com
SEAN M. SULLIVAN (admitted pro hac
vice)
sullivan@ls3ip.com
RORY P. SHEA (admitted pro hac vice)
shea@ls3ip.com
J. DAN SMITH (admitted pro hac vice)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

Attorneys for Defendant Sonos, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>SONOS, INC.,<br><br><br>        Defendants. | Civil Action No. 3:20-CV-03845-EMC<br><br>**JOINT STATUS REPORT PURSUANT TO DKT. 125**<br><br>Date:   December 14, 2021<br>Time:  2:30 p.m.<br>Ctrm:  Courtroom 5, 17th Floor<br>        450 Golden Gate Avenue,<br>        San Francisco, CA 94102<br>Judge:  Hon. Edward M. Chen<br><br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

Pursuant to this Court's November 2, 2021 Notice (D.I. 125), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9, Plaintiff Google LLC ("Google") and Defendants Sonos, Inc. ("Sonos") submit this Joint Status Report.

**I.     FACTS:**

There are three asserted patents in this action:  U.S. Patent Nos. 7,899,187 ("'187 patent"), 10,140,375 ("'375 patent") and 10,229,586 ("'586 patent") (collectively, the "patents in suit").[1]  On June 7, 2021, this Court issued a Claim Construction Order addressing disputed terms in the patents in suit.  (D. I. 108.)  The parties have begun engaging in the discovery process, propounding and responding to preliminary interrogatories and requests for production and producing voluminous documents (including source code made available for inspection).  No depositions have yet taken place other than for claim construction, though the parties anticipate that discovery will soon intensify, including through depositions and further written discovery.  On October 8, 2021, Google noticed Sonos's deposition pursuant to Rule 30(b)(6).  On November 5, 2021, Sonos responded with certain objections.  The parties are meeting and conferring on Sonos's objections to that deposition notice.

On August 10, 2021, the parties filed a Status Report setting forth a joint scheduling request for the remainder of this case.  (D.I. 112.)

On October 26, 2021, Sonos filed an unopposed motion for issuance of a Hague Convention letter of request to obtain evidence in Switzerland from the DVB Project.  (D.I. 122).  On October 29, 2021, that motion was granted.  (D.I. 124).

---

[1] Google filed this action on June 11, 2020, alleging Sonos' infringement of the three patents in suit as well as U.S. Patent Nos. 8,583,489 ("'489 patent") and 7,065,206 ("'206 patent").  (D.I. 1). Sonos initially moved to dismiss the second, third, and fifth causes of action (infringement on '489, '375, and '586) on August 12, 2020.  (D.I. 25.)  Google subsequently filed an Amended Complaint on August 26, 2020.  (D.I. 35.)  Sonos withdrew its initial motion to dismiss on August 28, 2020, and filed a motion to dismiss the Amended Complaint on September 10, 2020.  (D.I. 39.)  In its motion, Sonos moved only to dismiss the claims for infringement on the '489 patent, as set forth in Google's second cause of action.  (*Id.*)  On November 2, 2020, that motion was granted.  (D.I. 60.) On June 2, 2021, the parties stipulated the dismissal of the '206 patent infringement claim, and on June 4, 2021, the Court granted the parties' stipulation.  (D.I. 105, 107.)

1      In late October and early November 2021, the PTO instituted *inter partes* review (IPR) of

2  the '375 and '586 patents.

3  **II.    MOTIONS:**

4      <u>Stay motion</u>.  On November 30, 2021, Sonos filed a motion to stay pending IPR.  (D.I. 126).

5  Google's response is due by December 14, 2021.  (*Id.*)  Sonos's reply is due by December 21, 2021.

6  (*Id.*)  The hearing on the motion is set for January 6, 2022 at 1:30 p.m.  (*Id.*)

7      <u>Rule 12(c) motion</u>.  On December 1, 2021, Sonos filed a motion for judgment on the

8  pleadings.  (D.I. 127.)  Google's response is currently due December 15, 2021 and Sonos's reply is

9  currently due by December 22, 2021.  (*Id.*)  Google intends to file for a short unopposed extension

10  of time for both parties' upcoming filings in connection with that motion, such that Google's

11  opposition would be due December 20, and Sonos's reply would be due December 30.

12      The hearing on the motion is currently set for January 6, 2022 at 1:30 p.m.  (*Id.*)

13      ***Sonos position***: should the Court stay the case pending resolution of Sonos's IPRs, it need

14  not address Sonos's motion for judgement on the pleadings.  The patent subject to Sonos's motion

15  (the '375 patent) is among the two for which the PTO has instituted IPR. (D. I. 126-1, at Ex. A-B.)

16  As a result, resolution of the IPR may render Sonos's motion moot.

17      ***Google position***: this Court's November 2, 2021 Notice (D.I. 125) requested a joint status

18  report, not argument on pending motions.  Google believes argument of this sort is not appropriate

19  for a joint status report, and Google will submit argument on pending motions in separate filings,

20  consistent with the Local Rules.  Google does agree that Sonos's motion for judgment on the

21  pleadings as to the '375 patent need not be addressed if these proceedings are stayed as to the '375

22  patent.

23  **III.    SCHEDULE**:

24      The Parties previously proposed a schedule based on the then-current status of the case and

25  the local patent rules of this Court.  (D. I. 112.)  The Court has not yet adopted a schedule for this

26  case.

27      ***Sonos position***: Since the parties submitted the prior proposed scheduled (which the Court

28  has neither adopted nor denied), more than 80% of Google's asserted claims have been put into IPR.

1  For the reasons set forth in Sonos's motion to stay, the Court should stay this case pending resolution

2  of those IPRs. Should the case be stayed, no deadlines need now be set, and that in such a case the

3  parties should re-submit a proposed schedule if and when the stay is lifted and the case resumes.[2]

4  However, should the Court elect not to stay the case, it is Sonos's belief that setting trial shortly

5  after final written decisions from the PTO will be handed down (as would be the case under Sonos's

6  earlier-proposed schedule) is not an efficient use of the parties' or Court's resources. To that end,

7  Sonos proposes that if this case is not stayed, the Court set a trial date for mid-2023 (approximately

8  six months later than originally proposed) and the parties can work backwards from that date to set

9  a full schedule.

10  **Google's position**: Google continues to believe that the parties' joint scheduling proposal

11  (D.I. 112) is appropriate for this litigation, including the trial date previously requested by the parties

12  in their joint submission.

13  Both Parties have requested trial by jury.  The parties' best estimate of the length of trial is

14  approximately ten Court days for this trial, assuming each trial day starts at 8:30 a.m. and ends at

15  2:00 p.m. as noted in the Court's Guidelines for Trial in Civil Cases (Jury and Bench) at 1.

18  Respectfully submitted,

19  Dated:  December 7, 2021

20  /s/ Patrick Schmidt
Patrick Schmidt
21  Attorneys for GOOGLE LLC

22  QUINN EMANUEL URQUHART &
SULLIVAN, LLP

24  *Counsel for Plaintiff Google LLC.*

Respectfully submitted,

/s/ Alyssa Caridis
Alyssa Caridis
Attorneys for SONOS INC.

ORRICK, HERRINGTON & SUTCLIFFE
LLP

*Counsel for Defendant Sonos Inc.*

[2] Indeed, it may make sense for the Court to defer setting a further schedule in this case until resolving whether to grant Sonos's motion to stay.

## ECF ATTESTATION

I, Patrick Schmidt, am the ECF User whose ID and password are being used to file this JOINT STATUS REPORT. In compliance with General Order 45, X.B., I hereby attest that Counsel for Sonos has concurred in this filing.

Dated:  December 7, 2021

Patrick Schmidt
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By:   */s/ Patrick Schmidt*
Patrick Schmidt