CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>        Defendant. | Case No. 3:20-cv-03845-EMC<br><br>**SONOS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Date: January 20, 2022<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor |

## I.     INTRODUCTION

This case should be stayed pending IPR. In its opposition, Google largely concedes the bases for such a stay. Yet Google insists that the Court should only issue a *partial* stay for the two patents currently undergoing IPR,[1] such that the parties continue litigating the third, unchallenged patent.[2]

This position is nonsensical. While Google specifically contends that "there is no efficiency to be gained" from staying the case in its entirety, this is simply not true. *See* Dkt. 133 ("Google Opp.") at 1. All three patents raise related issues, are asserted against the same products, and will require largely overlapping discovery. Moving forward with the '187 patent will force the parties to undergo costly duplicative discovery, including expert reports and depositions, and may ultimately require the Court to hold multiple trials. And to what end? The Patent Trademark Office ("PTO") will issue its final written decisions no later than November 10, 2022, fewer than eleven months from now. A partial stay would waste judicial and party resources, not preserve them.

At the end of the day, Google has already agreed to a stay as to two patents. The Court should conserve valuable judicial and party resources and stay proceedings for all three patents until the PTO issues its final written decisions.

## II.    A STAY IS WARRANTED HERE.

Contrary to Google's assertions, all three factors considered in this District strongly favor granting a stay. *See Twilio, Inc. v. TeleSign Corp.*, No. 16-cv-06925-LHK, 2018 WL 1609630, at *1 (N.D. Cal. Apr. 3, 2018) ("Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.") (quoting *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014). First,

---

[1] U.S. Patent Nos. 10,229,586 (the "'586 patent") and 10,140,375 (the "'375 patent").
[2] U.S. Patent No. 7,899,187 ("the '187 patent").

1    discovery is incomplete, and no trial date is set. The fact that claim construction is complete in no
2    way precludes a stay. Second, regardless of the technical overlap between the patents, there is no
3    dispute that there will be significant overlap in discovery and trial—and therefore a stay will
4    simplify the issues (including by avoiding the potential of multiple trials). And third, Google's
5    confusion about who is and is not a competitor does not change the fact that Google will not be
6    prejudiced by a stay.

### A. A Stay Is Appropriate After Claim Construction.

Even after claim construction, this case is at an early enough stage such that the procedural development factor should weigh significantly in favor of a stay. As the Court knows, fact discovery is ongoing, the parties have not even begun to conduct depositions or expert discovery, and no trial date has been set. In other words, "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-cv-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014).

Google makes much of the fact that the Court has already issued a claim construction order. Google Opp. at 3-4. But courts in this district routinely grant stays even after claim construction has occurred. *See, e.g.*, *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1026 (N.D. Cal. 2014) (granting stay where claim construction order had been issued); *Facebook*, 2014 WL 116340, at *3 (same); *Contour IP Holding, LLC v. GoPro, Inc.,* No. 17-cv-04738-WHO, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018) ("Although claim construction is complete and some substantial discovery has already occurred, several costlier stages of pretrial preparation remain, not to mention the trial itself."); *E.Digital Corp. v. Dropcam, Inc.*, No. 14-cv-04922-JST, 2016 WL 658033, at *3 (N.D. Cal. Feb. 18, 2016) (granting stay where claim construction order had been issued and trial date set); *Palo Alto Networks, Inc. v. Packet Intel. LLC*, No. 19-CV-02471-WHO, 2020 WL 5760475, at *1-2 (N.D. Cal. Sept. 28, 2020) (granting stay where the case had "proceeded through claim construction" and a trial date had been set).

The cases Google cites are readily distinguishable. In *Interwoven*, for instance, the plaintiff waited until after receiving an unfavorable claim construction order before filing its IPR

1  petition, thus clouding its motivations for seeking the stay. *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C 10-04645 RS, 2012 WL 761692, at *2 (N.D. Cal. Mar. 8, 2012) ("That Interwoven waited until after receiving an unfavorable ruling to request reexamination lends credence to Vertical's contention that the current motion is simply a delaying strategy."). The *Interwoven* court's expressed concern that the stay was sought as "dilatory tactic" explains why it denied the stay. *Id.* Here, in contrast, Sonos filed its IPR petitions on May 9, 2021, before the Court conducted its claim construction hearing, and in advance of receiving the Court's claim construction order. Dkt. No. 98; Dkt. No. 108. Unlike in *Interwoven*, Sonos did not strategically delay in seeking IPR—as explained in its motion, Sonos diligently filed petitions for IPR after receiving Google's complete infringement contentions. *See* Dkt. 126 ("Mot.") at 3-4. And in *Aylus Networks*, the court found that the case was in an "advanced stage" ***not*** simply because claim construction was complete, but because "discovery [was] all but complete [and] a trial date [was] set." *Aylus Networks, Inc. v. Apple Inc.*, No. C-13-4700 EMC, 2015 WL 12976113, at *1 (N.D. Cal. June 2, 2015). Here discovery is far from complete (no expert discovery, no depositions outside claim construction, and limited written discovery) and no trial date is set.

In fact, Google itself has sought stays pending IPR in cases that are much more procedurally advanced. In *Space Data Corporation*, for example, Google sought a stay pending IPR after a claim construction order had been issued, after fact and expert discovery had both closed, after Google's summary judgment motion had been fully briefed, and after a trial date was set. *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 1131420, at *1-2 (N.D. Cal. Mar. 12, 2019) (denying Google's motion to stay pending IPR).

In sum: this case is young enough that a stay would avoid unnecessary expenditure of both court and party resources. This factor thus favors granting a stay.

### B. A Stay Will Simplify The Issues In Question.

The baseline premise of Google's opposition is that the '187 patent is "wholly distinct" from the '586 and '375 patents and therefore Google concludes that a stay "will not simplify" the issues in question. Google Opp. at 6. Both the premise and its conclusion are wrong.

First, Google's opposition takes the position that absent overlap between the patents such that an IPR will affect the validity of the non-instituted patent, there can be no simplification of issues. This is simply not true. *Even if* the patents were not related, and *even if* the IPR decisions for the '586 and '375 patents do not affect the validity of the '187 patent, courts routinely stay unrelated patents for the very reasons on which Sonos bases its request here. *See, e.g.*, *Twilio,* 2018 WL 1609630.

*Twilio* helpfully illustrates why courts stay cases in their entirety pending IPR proceedings, even in the presence of an unrelated patent. In *Twilio*, the defendant sought a stay after the PTO instituted IPR on two of the three patents at issue in the case. *Id.* at *1-2. In opposition, the plaintiff argued that because the third patent was not part of the IPR proceedings, it would not meaningfully simplify the issues in the case as to that patent, and thus a stay was not justified. *Id.* at *2. The *Twilio* Court concluded that:

> Even assuming that the IPR proceedings will have no effect on the '021 patent . . . the Court finds that the potential simplification of issues related to the other two patents outweighs the delay that will result in the adjudication of the '021 claims. Indeed, it would make little sense to proceed only on the '021, thereby risking a second trial on the other two patents if they survive IPR, nor would it make sense to proceed on all three patents when two of them may later be invalidated.

*Id.*

This rationale has led courts from across the country to stay cases in their entirety, even when not all of the patents at issue are subject to IPR. *See, e.g., Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1360 (Fed. Cir. 2016) (affirming district court's decision to stay case in its entirety where district court "justified staying the entire case based on Murata's assertion . . . that litigating the Original and Additional Patents piecemeal would make little sense due to a significant overlap in discovery); *DivX, LLC v. Netflix, Inc.*, No. 19-cv-1602-PSG-DFMx, 2020 WL 3026034, at *3 (C.D. Cal. May 11, 2020) (granting stay where not all patents and claims were subject to pending IPR petitions without considering whether patents were related*)*; *Serv. Sols. U.S., L.L.C. v. Autel.US Inc.*, No. 13-10534, 2015 WL 401009, at *2-3 (E.D. Mich. Jan. 28, 2015) (staying case in its entirety where only one of seven patents was subject to

IPR without considering whether patents were related); *Intell. Ventures II LLC v. SunTrust Banks, Inc.*, No. 1:13-cv-02454-WSD, 2014 WL 5019911, at *2 (N.D. Ga. Oct. 7, 2014) (staying case in its entirety where PTAB had instituted IPR on two of the five patents in suit without considering whether patents were related); *The Lincoln Elec. Co. v. Seabery Soluciones*, No. 1:15-cv-1575, 2017 WL 159132, at *1-2 (N.D. Ohio Jan. 13, 2017) (staying case in its entirety where only one of the four patents at issue was subject to IPR without considering whether patents were related).

Second, by failing to rebut Sonos's points in its opposition, Google has already conceded that there is (near complete) overlap between the products accused of infringing each patent and that there will be significant non-technical discovery overlap between them. As Sonos noted in its opening brief, Google accuses the same set of Sonos products—the Sonos One, One SL, Play:1, Play:3, Five, Play:5, Arc, Playbar, Playbase, Beam, Move, Connect:Amp, Amp, Connect, and Port devices—of infringing both the '586 patent (under IPR) and the '187 patent (not challenged in IPR). *See* Mot. at 3. Even if the functionality between the '586 patent and the '187 patent were "entirely distinct," as Google claims, *see* Google Opp. at 5, there will unquestionably be overlap with regard to, e.g., damages discovery.

In fact, Google's interrogatory requests have ***already*** sought products-based damages information that would be unnecessarily duplicative if the case was partially stayed. Brewer Decl. ¶ 2. And Google's Rule 30(b)(6) Deposition Notice, for instance, included almost a dozen topics focusing on sales, marketing, profits, and related topics for the accused Sonos products. Brewer Decl. ¶ 3. In neither case did Google distinguish between the different asserted patents. If the parties are required to litigate their claims and defenses for the '187 patent while the '586 and '375 patents are stayed, Sonos will have to proceed with, e.g., marketing, financial, and customer-related discovery in the near term, and then may be forced to revisit or duplicate that very same discovery (and potentially conduct a second trial on the same issues) based on the outcome of the pending IPRs. Neither the parties nor the Court should bear these unnecessarily duplicative costs, especially when the PTO is statutorily required to issue its final written decisions by November 10, 2022. *See* 35 U.S.C. §316(a)(11).

Google's arguments to the contrary miss the mark. Google's opposition, in an apparent attempt to distract from the weakness of its position, repeatedly mischaracterizes Sonos's arguments as made in bad faith. As but one example, Google argues that "[b]ecause the [IPR] relates only to the '586 patent and the '375 patent, Sonos's claims of efficiency are again false promises." Opp. at 8. Of course Google can only make this facile argument because it, *in its opposition*, agreed to stay the '586 and '375 patents. And more importantly still, even if a stay of these two patents would confer *some* efficiency benefits, a complete stay would result in even more. For example, Google completely ignores that large swathes of discovery will be non-technical. As such, the fact that discovery into sales, marketing, profits, and related topics for the accused products (which are common to all patents) will largely overlap is entirely unrebutted.

In sum, there is ample reason to find that the IPR proceedings will simplify the issues in this case. This factor thus supports a stay.

### C. A Stay Would Not Unduly Prejudice Or Tactically Disadvantage Google.

Google's opposition claims that it would suffer undue prejudice, but fails to articulate any specific harm that would result from a stay. Delay alone is not undue prejudice that precludes a stay. *See, e.g., Twilio*, 2018 WL 1609630, at *2. Rather, in evaluating prejudice, courts consider four subfactors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Trusted Knight Corp. v. Int'l Bus. Machines Corp.*, No. 19-CV-01206-EMC, 2020 WL 5107611, at *4 (N.D. Cal. Aug. 31, 2020) (internal citation omitted).

Google glosses over the first three subfactors—the timing of the petition for review, the timing of the request for the stay, and the status of review proceedings—with a single conclusory statement that that the subfactors "weigh heavily against a stay." Google Opp. at 9. Without providing any substantive analysis of these subfactors, Google then claims that "[a]ny delay as to the '187 patent would prejudice Google." *Id.* But delay caused by the IPR proceedings is not sufficient to show undue prejudice. *See Twilio*, 2018 WL 1609630, at *2 ("The delay inherent to the reexamination process does not generally constitute, by itself, undue prejudice.") (internal citation omitted). The authorities Sonos cited in its opening brief indicate that there is no undue

prejudice in the timing of Sonos's IPR petitions; in the timing of Sonos's request for a stay; or in the status of the IPR proceedings. Mot. at 9-10. These three subfactors all support a stay.

Google devotes most of its energies to the fourth subfactor, the relationship of the parties. But even though the nature of the parties' relationship is the sole focus of this subfactor, Google avoids taking a position as to whether or not the parties directly compete. Google Opp. at 9. Instead, Google seems content to ponder Sonos's characterization of the parties' relationship. *Id.* Google's "head-scratching" aside, Sonos's point about the parties' relationship is quite simple: Sonos perceives Google to be a direct competitor because Sonos's entire business is in audio products, and Google produces competing audio products. Mot. at 11, n.7. Google, on the other hand, is a search engine company and perceives itself that way. *Id.* at 10-11. Competition is not necessarily a two-way street: Sonos sees Google (particularly, Google's continued infringement of Sonos's intellectual property)[3] as a direct business threat, whereas Google did not even include Sonos in its list of twenty-some competitors included in its Annual Report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934. *Id.*

In addition to its points about the relationship of the parties, Sonos provided concrete examples showing that Google would not suffer prejudice from a stay. First, Sonos pointed out that Google licenses its patents, which undercuts any claim of special harm due to the parties' competitive relationship. *See* Mot. at 12; *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *7 (N.D. Cal. July 3, 2014). Google did not even address this point, let alone dispute it. Second, Sonos noted that Google did not seek a preliminary injunction, which "weighs against prejudice because it suggests that money damages would compensate any loss." *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 3539267, at *3 (N.D. Cal. July 23, 2018). In a footnote, Google noted that parties may decide to forego seeking a preliminary injunction for a variety of reasons. Google Opp. at 10 n.6. This is true. But "at the same time, some courts have found that 'failure to file for a preliminary injunction ... suggests that monetary damages will adequately compensate Plaintiff should

---

[3] *See, e.g.*, *In the matter of Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1191, Initial Determination of Violation of Section 337 (Sept. 23, 2021).

Defendants be found liable for patent infringement.'" *Trusted Knight*, 2020 WL 5107611 at *5 (quoting *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013)). In other words, Google's failure to seek injunctive relief is not dispositive, but it is relevant to the question of prejudice, and indicates Google can be adequately compensated with money damages should it ultimately prevail on its claims. Sonos, on the other hand, *has* sought injunctive relief from the United States International Trade Commission. Brewer Decl. ¶ 4.

Finally, while Google's previous actions amply demonstrate that it would not suffer prejudice from a stay, this Court now has one more piece of evidence before it: Google agreed to a stay with regard to the '586 and '375 patents. Google Opp. at 3. Google provides zero reason to believe that Google would suffer "undue prejudice" from a stay of the '187 patent, given that it consented to a stay of the '586 and '375 patents.

In sum: the sole harm that Google articulated—the delay from the IPR proceedings—does not constitute undue prejudice, *Twilio,* 2018 WL 1609630, at *2; Google failed to rebut or even respond to all of Sonos's points regarding the lack of prejudice; and Google has agreed to a stay for two of the three patents in suit. Regardless of whether or not the parties are characterized as direct competitors, this factor supports a stay.

## III.   CONCLUSION

For the reasons stated herein, Sonos respectfully asks that the Court grant its motion and stay the case in its entirety pending resolution of the instituted IPRs. Each factor weighs decisively in favor of staying this action: the lion's share of the work and expense has yet to be borne; a stay would simplify the issues and any trial; and Google would not be unduly prejudiced.

Dated: December 21, 2021

By: */s/ Alyssa Caridis*

CLEMENT SETH ROBERTS
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

GEORGE I. LEE
SEAN M. SULLIVAN
RORY P. SHEA
J. DAN SMITH

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Defendant Sonos, Inc.*