CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　　　Defendant. | Case No. 3:20-cv-03845-EMC<br><br>**REPLY DECLARATION OF EVAN BREWER IN SUPPORT OF SONOS, INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Date: January 20, 2022<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor |

I, Evan Brewer, hereby declare:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record to Defendant Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of California. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matter set forth herein. I submit this declaration in support of Sonos's Motion to Stay Pending *Inter Partes* Review.

2. On November 13, 2020, Google served its first set of interrogatories. Relevant to the present motion, Interrogatory No. 7 requested that Sonos "[s]et forth all factual and legal bases for Your contentions and defenses regarding damages, including (a) the damages amount; (b) the methodology of calculating that amount (e.g., reasonably [sic] royalty or some other measure); (c) the nature and amount of the royalty base (including all products and acts that comprise the royalty base); (d) the date of the hypothetical negotiation; (e) the nature of and basis for any apportionment methodology for calculating damages; (f) the royalty rate for calculating damages, including Your position on each *Georgia* Pacific factor; and (g) any license agreements that You contend may be relevant to the calculation of damages."

3. On October 8, 2021, Google served its Rule 30(b)(6) Notice of Deposition. The Deposition Notice included almost a dozen topics focusing on sales, marketing, profits, and related topics for the accused Sonos products.  For instance, Topic No. 5 sought "[a]ll facts related to any claim by You that the Sonos Accused Instrumentalities do not infringe the asserted claims of the Asserted Patents, and all evidence that You rely upon as support for such claim."; Topic No. 7 sought "[a]ny assessment or evaluation of alternatives to the Accused Functionalities used in the Sonos Accused Instrumentalities, and in particular any assessment of the next-best alternatives."; Topic No. 10 sought "[y]our unit sales, revenue, gross profit, operating profit, and net profit from Sonos Accused Instrumentalities…"; Topic No. 11 sought "[y]our sales of the Sonos Accused Instrumentalities and activities relating to those sales, including the location of such activities and the persons involved."; Topic No. 12 sought "[y]our marketing of the Sonos Accused Instrumentalities and activities relating to that marketing, including the location of such

activities and the persons involved."; Topic No. 13 sought "[c]ommunications between You and customers or potential customers of any Sonos Accused Instrumentality concerning the design of, development of, testing of, manufacture of, sale of, or offer to sell any Sonos Accused Insrumentality."; Topic No. 14 sought "[d]eterminations, quantifications, or assessments of Your costs associated with the Sonos Accused Instrumentalities."; Topic No. 15 sought "[d]eterminations, quanifications, or assessments of Your profits associated with the Sonos Accused Instrumentalities."; Topic No. 16 sought "[s]ales projections and forecasts for the Sonos Accused Instrumentalities."; Topic No. 28 sought "[t]he market for the Sonos Accused Instrumentalities, including Your share of the market and competitors in the market."; Topic No. 33 sought "[y]our organizational structure, including the organization of employees involved in the design, development, testing, manufacture, sale, and marketing of the Sonos Accused Instrumentalities."; and Topic No. 36 sought "[a]ny consideration, analysis, study, examination, reverse engineering, or copying of any Practicing Instrumentality by You or any person or entity acting on Your behalf."

4. On January 7, 2020, Sonos sought injunctive relief from the United States International Trade Commission. *See Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*; Inv. No. 337-TA-1191 (2020).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 21st day of December, 2021 in Mercer Island, Washington.

By: _____
Evan Brewer