QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

  David A. Nelson (admitted *pro hac vice*)
  davidnelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

Attorneys for GOOGLE LLC

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

GEORGE I. LEE (admitted pro hac vice)
lee@ls3ip.com
SEAN M. SULLIVAN (admitted pro hac vice)
sullivan@ls3ip.com
RORY P. SHEA (admitted pro hac vice)
shea@ls3ip.com
J. DAN SMITH (admitted pro hac vice)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

Attorneys for Defendant Sonos, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>    Defendants. | Civil Action No. 3:20-CV-03845-EMC<br><br>**JOINT STATUS REPORT PURSUANT TO DKT. 132**<br><br>Date:   January 20, 2022<br>Time:   1:30 p.m.<br>Ctrm:   Courtroom 5, 17th Floor<br>        450 Golden Gate Avenue,<br>        San Francisco, CA 94102<br>Judge:  Hon. Edward M. Chen<br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

Pursuant to this Court's December 14, 2021 Notice (D.I. 132), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9, Plaintiff Google LLC ("Google") and Defendants Sonos, Inc. ("Sonos") submit this Joint Status Report.

## I.  FACTS:

There are three asserted patents in this action: U.S. Patent Nos. 7,899,187 ("'187 patent"), 10,140,375 ("'375 patent") and 10,229,586 ("'586 patent") (collectively, the "patents in suit").[1] On June 7, 2021, this Court issued a Claim Construction Order addressing disputed terms in the patents in suit. (D. I. 108.)  The parties have begun engaging in the discovery process, propounding and responding to preliminary interrogatories and requests for production and producing voluminous documents (including source code made available for inspection).  No depositions have yet taken place other than for claim construction, though the parties anticipate that discovery will soon intensify, including through depositions and further written discovery.  On October 8, 2021, Google noticed Sonos's deposition pursuant to Rule 30(b)(6).  On November 5, 2021, Sonos responded with certain objections.  The parties are meeting and conferring on Sonos's objections to that deposition notice.

On August 10, 2021, the parties filed a Status Report setting forth a joint scheduling request for the remainder of this case. (D.I. 112.)

On October 26, 2021, Sonos filed an unopposed motion for issuance of a Hague Convention letter of request to obtain evidence in Switzerland from the DVB Project. (D.I. 122).  On October 29, 2021, that motion was granted.  (D.I. 124).

---

[1] Google filed this action on June 11, 2020, alleging Sonos' infringement of the three patents in suit as well as U.S. Patent Nos. 8,583,489 ("'489 patent") and 7,065,206 ("'206 patent"). (D.I. 1).  Sonos initially moved to dismiss the second, third, and fifth causes of action (infringement on '489, '375, and '586) on August 12, 2020. (D.I. 25.)  Google subsequently filed an Amended Complaint on August 26, 2020.  (D.I. 35.)  Sonos withdrew its initial motion to dismiss on August 28, 2020, and filed a motion to dismiss the Amended Complaint on September 10, 2020.  (D.I. 39.)  In its motion, Sonos moved only to dismiss the claims for infringement on the '489 patent, as set forth in Google's second cause of action.  (*Id.*)  On November 2, 2020, that motion was granted.  (D.I. 60.)  On June 2, 2021, the parties stipulated the dismissal of the '206 patent infringement claim, and on June 4, 2021, the Court granted the parties' stipulation.  (D.I. 105, 107.)

In late October and early November 2021, the PTO instituted *inter partes* review (IPR) of the '375 and '586 patents.

## II.   MOTIONS:

Stay motion.  On November 30, 2021, Sonos filed a motion to stay pending IPR.  (D.I. 126).  Google filed its response to the motion on December 14, 2021.  (D.I. 133.)   Sonos filed its reply on December 21, 2021.  (D.I. 135.)  The hearing on the motion is set for January 20, 2022 at 1:30 p.m.  (D.I. 132.)

Rule 12(c) motion.  On December 1, 2021, Sonos filed a motion for judgment on the pleadings. (D.I. 127.)  Pursuant to the parties' stipulation and the Court's December 22, 2021 Order (D.I. 136), the briefing schedule on Sonos' Motion for Judgment (D.I. 127) is suspended, the hearing on the motion is deferred, and the parties will file a joint stipulation proposing a new briefing schedule and hearing date on the motion within one week of entry of any Order lifting a stay of proceedings as to the '375 patent.

## III.   SCHEDULE:

The Parties previously proposed a schedule based on the then-current status of the case and the local patent rules of this Court.  (D. I. 112.)  The Court has not yet adopted a schedule for this case.

**Sonos position**: Since the parties submitted the prior proposed scheduled (which the Court has neither adopted nor denied), more than 80% of Google's asserted claims have been put into IPR. For the reasons set forth in Sonos's motion to stay, the Court should stay this case pending resolution of those IPRs. Should the case be stayed, no deadlines need now be set, and that in such a case the parties should re-submit a proposed schedule if and when the stay is lifted and the case resumes.[2] However, should the Court elect not to stay the case, it is Sonos's belief that setting trial shortly after final written decisions from the PTO will be handed down (as would be the case under Sonos's earlier-proposed schedule) is not an efficient use of the parties' or Court's resources. To that end,

---

[2] Indeed, it may make sense for the Court to defer setting a further schedule in this case until resolving whether to grant Sonos's motion to stay.

Sonos proposes that if this case is not stayed, the Court set a trial date for mid-2023 (approximately six months later than originally proposed) and the parties can work backwards from that date to set a full schedule.

**Google's position**: Google continues to believe that the parties' joint scheduling proposal (D.I. 112) is appropriate for this litigation, including the trial date previously requested by the parties in their joint submission.

Both Parties have requested trial by jury. The parties' best estimate of the length of trial is approximately ten Court days for this trial, assuming each trial day starts at 8:30 a.m. and ends at 2:00 p.m. as noted in the Court's Guidelines for Trial in Civil Cases (Jury and Bench) at 1.

Respectfully submitted,

| | |
|---|---|
| Dated: January 13, 2022 | Respectfully submitted, |
| /s/ *Patrick Curran* <br> Patrick Curran <br> Attorneys for GOOGLE LLC | /s/ *Alyssa Caridis* <br> Alyssa Caridis <br> Attorneys for SONOS INC. |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| *Counsel for Plaintiff Google LLC.* | *Counsel for Defendant Sonos Inc.* |

**ECF ATTESTATION**

I, Sean Taheri, am the ECF User whose ID and password are being used to file this JOINT STATUS REPORT PURSUANT TO DKT. 132. In compliance with General Order 45, X.B., I hereby attest that Patrick Curran and Counsel for Sonos have concurred in this filing.

Dated: January 13, 2022

Sean Taheri
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   /s/ *Sean Taheri*
          Sean Taheri