

République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

Genève, le 14 mars 2022

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
CH - 1211 GENEVE 3

FILED
APR 07 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

R P371 59376 4 CH
Please scan - Signature required
Veuillez scanner - Remise contre signature

CR/3/2022 15 SHJ XCR

A-PRIORITY
Avis de réception

UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA
Honorable Thomas S. Hixson
San Francisco Courthouse 15th Fl
450 Golden Gate Avenue
94102 San Francisco California
ÉTATS-UNIS

Réf : **CR/3/2022** 15 SHJ XCR
à rappeler lors de toute communication

Case : N°. 3 :20-CV-03845 EMC (TSH)

Google LLC, Plaintiff, V. Sonos, Inc Defendant

Nous vous remettons ci-joint copie de l'ordonnance dans la cause mentionnée sous rubrique.

CIV_MEM_004
Recommandé accusé recept. A5
Tribunal de première instance - Tél : +41 22 327 66 30
ZSZ



**République et canton de Genève**
**POUVOIR JUDICIAIRE**
**Tribunal civil**



Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
1211 GENEVE 3

Réf : **CR/3/2022 - XCR - 15**
à rappeler lors de toute communication

## ORDONNANCE DU 14 MAR 2022

Rendue dans le cadre de l'entraide judiciaire internationale

requise par l'honorable Thomas S. HIXSON, Juge auprès de la Cour de district des Etats-Unis

pour le district nord de la Californie, division de San Francisco

Vu la procédure opposant GOOGLE LLC à SONOS INC par devant la Cour de district des Etats-Unis pour le district nord de la Californie, dans laquelle la demanderesse allègue une violation de ses brevets et la défenderesse oppose l'invalidité de ceux-ci.

Vu la demande d'entraide judiciaire formée par la Cour précitée le 29 octobre 2021, reçue par le Tribunal de Première instance de Genève le 7 janvier 2022, par l'intermédiaire de Me Vanessa LIBORIO, avocate au sein de l'Etude genevoise ORRICK, HERRINGTON & SUTCLIFFE LLP, mandatée par SONOS INC.

Attendu que cette demande vise à l'obtention de renseignements de la part de DVB PROJET OFFICE, consortium industriel basé dans le canton de Genève, moyennant production de documents et audition en qualité de témoin de son président Peter MAC AVOCK, au sujet d'une proposition soumise à ce consortium par NOKIA CORPORATION.

Qu'est jointe à la requête une ordonnance de protection régissant la production et la divulgation d'informations confidentielles dans le cadre de la procédure judiciaire concernée.

Que l'autorité requérante a demandé à ce que l'audition du témoin soit effectuée dans les locaux de l'Etude ORRICK, HERRINGTON & SUTCLIFFE LLP, sous l'égide d'un commissaire qu'elle a nommé.

Que le Tribunal de céans a en conséquence fait parvenir la requête à l'Office fédéral de la justice afin que celui-ci délivre une autorisation pour cette audition au sens de l'article 17 de la Convention de La Haye du 18 mars 1970 sur l'obtention des preuves en matière civile ou commerciale (CLaH 70).



République et canton de Genève
**POUVOIR JUDICIAIRE**
**Tribunal civil**

Que par courrier du 1er mars 2022, Me Vanessa LIBORIO a précisé la demande d'entraide en ce sens que la production de documents de la part de DVB PROJET OFFICE était requise préalablement à l'audition de Peter MAC AVOCK, indiquant n'avoir pas encore obtenu l'accord nécessaire pour son audition.

Considérant que selon l'art. 1er CLaH 70, le Juge requérant est légitimé à solliciter directement auprès de l'autorité judiciaire d'un autre Etat contractant les moyens de preuves utiles à sa procédure.

Que la requête de production de documents émanant de la Cour de district des Etats-Unis pour le district nord de la Californie est ainsi admissible.

Que la commission rogatoire n'est pas exécutée si la personne qu'elle vise invoque une dispense ou une interdiction de déposer, établies soit par la loi de l'Etat requis soit par la loi de l'Etat requérant (art. 11 CLaH 70).

Que l'autorité judiciaire qui procède à l'exécution d'une commission rogatoire applique les lois de son pays en ce qui concerne les formes à suivre (art. 9 al. 1 CLaH 70).

Qu'en Suisse, l'article 160 al. 1 du Code de procédure civile (CPC) dispose que les parties et les tiers à une procédure sont tenus de collaborer à l'administration des preuves, notamment de faire une déposition en qualité de témoin ou de de produire les documents requis, l'article 167 CPC prévoyant des sanctions en cas de refus injustifié de collaborer de tiers.

Que les articles 165 et 166 CPC, dont le texte est joint en annexe à la présente ordonnance, énumèrent les cas dans lesquels un tiers peut refuser de collaborer.

Que peuvent ainsi notamment refuser de collaborer les titulaires de secrets dont la révélation serait punissable en vertu de l'article 321 du Code pénal suisse, ou d'autres droits de garder le secret protégés par la loi s'ils rendent vraisemblable que l'intérêt à garder le secret l'emporte sur l'intérêt à la manifestation de la vérité (art. 166 al. 1 let b et al. 2 CPC)

Qu'il y a dès lors lieu de donner préalablement à DVB PROJET OFFICE l'occasion de faire valoir ses observations s'agissant d'un éventuel secret l'empêchant de collaborer dans le cadre de la présente commission rogatoire.

Qu'à cet effet, l'ordonnance de protection régissant la production et la divulgation d'informations confidentielles dans le cadre de la procédure judiciaire concernée sera jointe à la présente ordonnance (annexe 2).

Qu'à défaut d'un tel avis dans le délai imparti, il sera ordonné à DVB PROJET OFFICE de produire les documents requis.

---

République et canton de Genève
**POUVOIR JUDICIAIRE**
**Tribunal civil**

3

**Par ces motifs,**
**LE TRIBUNAL :**

1. Impartit à DVB PROJECT OFFICE un délai de vingt jours dès la notification de la présente ordonnance pour indiquer si elle entend se prévaloir du droit de refuser de collaborer, ainsi que, le cas échéant, exposer ses motifs.

<u>A défaut</u> :

2. Ordonne à DVB PROJET OFFICE de produire les documents décrits dans l'annexe 1 à la présente ordonnance (annexe A, "demandes d'inspection de documents ou d'autres biens").

3. Lui impartit à un délai d'un mois dès la notification de la présente ordonnance pour s'exécuter.

Joël SCHWARZENTRUB
Juge

*Indication des voies de recours :*

*Conformément aux articles **319 ss** du Code de procédure civile (CPC), la présente décision peut faire l'objet d'un **recours** par devant la Cour de justice, Place du Bourg-de-Four, case postale 3108, 1211 Genève 3, dans les **10 jours** qui suivent sa notification (art. 321 al. 2 CPC).*

La présente ordonnance est communiquée pour notification à DVB PROJET OFFICE par le greffe le  14 MAR. 2022

Copie en est transmise à l'autorité requérante, à Me Vanessa LIBORIO et à l'Office fédéral de la justice

---

Tribunal de première instance

## Extraits du Code de procédure civile
### Art. 160 - Obligation de collaborer

1. Les parties et les tiers sont tenus de collaborer à l'administration des preuves. Ils ont en particulier l'obligation :

    a. de faire une déposition conforme à la vérité en qualité de partie ou de témoin;

    b. de produire les titres requis, à l'exception des documents concernant des contacts entre une partie ou un tiers et un avocat autorisé à les représenter à titre professionnel ou un conseil en brevets au sens de l'art. 2 de la loi du 20 mars 2009 sur les conseils en brevets;

    c. de tolérer un examen de leur personne ou une inspection de leurs biens par un expert.

2. Le Tribunal statue librement sur le devoir de collaborer des mineurs. Il tient compte du bien de l'enfant.

3. Les tiers qui ont l'obligation de collaborer ont droit à une indemnité équitable

### Art. 165 - Droit de refus absolu

1. Ont le droit de refuser de collaborer :

    a. le conjoint d'une partie, son ex-conjoint ou la personne qui mène de fait une vie de couple avec elle;

    b. la personne qui a des enfants communs avec une partie;

    c. les parents et alliés en ligne directe d'une partie et, jusqu'au troisième degré, ses parents et alliés en ligne collatérale;

    d. les parents nourriciers, les enfants recueillis et les enfants élevés comme frères et sœurs d'une partie;

    e. la personne désignée comme tuteur, conseil légal ou curateur d'une partie.

2. Le partenariat enregistré est assimilé au mariage.

3. Les demi-frères et demi-sœurs sont assimilés aux frères et sœurs.

### Art. 166 - Droit de refus restreint

1. Tout tiers peut refuser de collaborer :

    a. à l'établissement de faits qui risquerait de l'exposer ou d'exposer un de ses proches au sens de l'article 165 à une poursuite pénale ou d'engager sa responsabilité civile ou celle de ses proches;

    b. dans la mesure où, de ce fait, la révélation d'un secret serait punissable en vertu de l'article 321 CP; les réviseurs sont exceptés; à l'exception des avocats et des ecclésiastiques, le tiers soumis à une obligation de dénoncer ou délié de l'obligation de garder le secret a le devoir de collaborer, à moins qu'il ne rende vraisemblable que l'intérêt à garder le secret l'emporte sur l'intérêt à la manifestation de la vérité;

    c. à l'établissement de faits qui lui ont été confiés en sa qualité officielle de fonctionnaire au sens de l'article 110 ch. 4 CP ou de membre d'une autorité, ou dont il a eu connaissance dans l'exercice de ses fonctions; il doit collaborer s'il est soumis à une obligation de dénoncer ou si l'autorité dont il relève l'y a habilité;

    d. lorsqu'il serait amené en tant qu'ombudsman ou de médiateur à révéler des faits dont il a eu connaissance dans l'exercice de ses fonctions;

    e. lorsqu'il serait amené, en tant que collaborateur ou auxiliaire participant à la publication d'informations dans la partie rédactionnelle d'un média à caractère périodique à révéler l'identité de l'auteur ou le contenu et les sources de ses informations.

2. Les titulaires d'autres droits de garder le secret qui sont protégés par la loi peuvent refuser de collaborer s'ils rendent vraisemblable que l'intérêt à garder le secret l'emporte sur l'intérêt à la manifestation de la vérité.

3. Les dispositions spéciales du droit des assurances sociales concernant la communication de données sont réservées.

### Art. 167 - Refus injustifié

1. Lorsqu'un tiers refuse de manière injustifiée de collaborer, le tribunal peut :

    a. lui infliger une amende d'ordre de CHF 1000.- au plus;

    b. le menacer de prendre les sanctions prévues à l'article 292 CP;

    c. ordonner la mise en œuvre de la force publique;

    d. mettre les frais causés par le refus de collaborer à la charge du tiers.

2. En cas de défaut, le tiers encourt les mêmes conséquences que s'il avait refusé de collaborer sans motif valable.

3. Le tiers peut interjeter un recours contre la décision du tribunal.

---

**DOKUMENTE** **DOCUMENTS**

Annahmestelle/Bureau de dépôt/Ufficio d'impostazione/Office of posting
Sendungsnummer/Numéro d'envoi/Numero d'invio/Item number

[illegible]RIORITY

Postdienstsache
Service des postes
Servizio postale
On postal service

Stempel der zurücksendenden Stelle
Timbre du bureau renvoyant l'avis
Bollo dell'ufficio che rinvia l'avviso
Stamp of the office returning the advice

Aufgabedatum/Date de dépôt/Data d'impostazione/Date of posting

ad 14.3.2022

[illegible] du destinataire/
[illegible] of the addressee

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA
Honorable Thomas S. Hixson
San Francisco Courthouse 15th Fl
450 Golden Gate Avenue
94102 San Francisco California
ÉTATS-UNIS

**Zurücksenden an**
**Renvoyer à**
**Rimandare a**
**Return to**

**B[illegible] auszufüllen/A remplir à la distribution**
**Da riempire alla distribuzione/To be completed at delivery**

Datum und Unterschrift/Date et signature/Data e firma/Date and signature*

* Dieser Schein ist vom Empfänger oder, je nach den Vorschriften des Bestimmungslandes, von einer anderen autorisierten Person zu unterzeichnen. / Cet avis doit être signé par le destinataire ou par une personne autorisée en vertu des règlements du pays de destination. / Quest' avviso dev'essere firmato dal destinatario o dal suo mandatario, secondo i regolamenti del paese di destinazione. / This advice must be signed by the addressee or, if the regulations of the country of destination so provide, by another authorized person.

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
1211 Genève 3
Switzerland

ELCO QUICK VITRO



