QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

  David A. Nelson (admitted *pro hac vice*)
   davidnelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Attorneys for GOOGLE LLC

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

GEORGE I. LEE (admitted pro hac vice)
lee@ls3ip.com
SEAN M. SULLIVAN (admitted pro hac vice)
sullivan@ls3ip.com
RORY P. SHEA (admitted pro hac vice)
shea@ls3ip.com
J. DAN SMITH (admitted pro hac vice)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

Attorneys for Defendant Sonos, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GOOGLE LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>SONOS, INC.,<br><br>   Defendants. | Civil Action No. 3:20-CV-03845-EMC<br><br>**JOINT STATUS REPORT PURSUANT TO DKT. 148**<br><br>Date:  November 22, 2022<br>Time:  2:30 p.m.<br>Ctrm:  Courtroom 5, 17th Floor<br>       450 Golden Gate Avenue,<br>       San Francisco, CA 94102<br>Judge: Hon. Edward M. Chen<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

Pursuant to this Court's July 12, 2022 Notice (D.I. 148), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9, Plaintiff Google LLC ("Google") and Defendant Sonos, Inc. ("Sonos") submit this Joint Status Report.

I.   **FACTS:**

There are three asserted patents in this action:  U.S. Patent Nos. 7,899,187 ("'187 patent"), 10,140,375 ("'375 patent") and 10,229,586 ("'586 patent") (collectively, the "patents in suit").[1] On June 7, 2021, this Court issued a Claim Construction Order addressing disputed terms in the patents in suit.  (D. I. 108.)  The parties have begun engaging in the discovery process, propounding and responding to interrogatories and requests for production and producing voluminous documents (including source code made available for inspection).  No depositions have yet taken place other than for claim construction.  On October 8, 2021, Google noticed Sonos's deposition pursuant to Rule 30(b)(6).  On November 5, 2021, Sonos responded with certain objections.  The parties are meeting and conferring on Sonos's objections to that deposition notice.

On August 10, 2021, December 7, 2021, January 13, 2022, and July 5, 2022, the parties filed prior Status Reports.  (D.I. 112, 128, 137, 146.)

On October 26, 2021, Sonos filed an unopposed motion for issuance of a Hague Convention letter of request to obtain evidence in Switzerland from the DVB Project.  (D.I. 122).  On October 29, 2021, that motion was granted.  (D.I. 124).

---

[1] Google filed this action on June 11, 2020, alleging Sonos' infringement of the three patents in suit as well as U.S. Patent Nos. 8,583,489 ("'489 patent") and 7,065,206 ("'206 patent").  (D.I. 1). Sonos initially moved to dismiss the second, third, and fifth causes of action (infringement on '489, '375, and '586) on August 12, 2020. (D.I. 25.)  Google subsequently filed an Amended Complaint on August 26, 2020.  (D.I. 35.)  Sonos withdrew its initial motion to dismiss on August 28, 2020, and filed a motion to dismiss the Amended Complaint on September 10, 2020. (D.I. 39.)  In its motion, Sonos moved only to dismiss the claims for infringement on the '489 patent, as set forth in Google's second cause of action.  (*Id.*)  On November 2, 2020, that motion was granted. (D.I. 60.) On June 2, 2021, the parties stipulated the dismissal of the '206 patent infringement claim, and on June 4, 2021, the Court granted the parties' stipulation.  (D.I. 105, 107.)

In late October and early November 2021, the PTO instituted *inter partes* review (IPR) of the '375 and '586 patents. On January 20, 2022, the Court granted in part Sonos's motion to stay pending IPR, permitting the parties to continue discovery relating to the '187 patent. (D.I. 138).

II.   **MOTIONS:**

Rule 12(c) motion. On December 1, 2021, Sonos filed a motion for judgment on the pleadings. (D.I. 127.) Pursuant to the parties' stipulation and the Court's December 22, 2021 Order (D.I. 136), the briefing schedule on Sonos' Motion for Judgment (D.I. 127) is suspended, the hearing on the motion is deferred, and the parties will file a joint stipulation proposing a new briefing schedule and hearing date on the motion within one week of entry of any Order lifting a stay of proceedings as to the '375 patent.

III.   **IPR STATUS**:

On November 3, 2022, the PTO issued a final written decision on the '375 patent, finding claims 1–11 and 13–20 invalid. The PTO found all claims asserted in this case invalid for the '375 patent. On October 6, 2022, the PTO issued a final written decision on the '586 patent, finding claims 1–5, 7–12, 14–16, 18, and 20 invalid. The PTO found all claims asserted in this case invalid for the '586 patent. Google is evaluating these decisions and preparing appeals.

IV.   **'187 PATENT DISCOVERY STATUS**:

On March 21, 2022, Google served a Second Set of Interrogatories, and Sonos served its responses on May 4, 2022.

On May 2, 2022, Google sent a letter to Sonos challenging the sufficiency of Sonos's prior responses to certain requests in Google's First Set of Interrogatories. In response, Sonos produced further source code for products accused of infringing the '187 patent and, on May 27, 2022, served Second Amended Responses to Google's First Set of Interrogatories. The parties have since exchanged further correspondence regarding the adequacy of certain of Sonos's discovery responses. The parties are working on scheduling deposition dates in the upcoming weeks for Sonos's witnesses. At this stage there is not a dispute that requires Court intervention, but if such a dispute arises the parties will bring it to the Court's attention in a joint letter, as permitted by the Court's notice. (D.I. 138).

Following resolution of outstanding objections to Google's deposition notice pursuant to Rule 30(b)(6), Google will depose Sonos's witnesses.

V.  **SONOS' POSITION ON THE SCHEDULE GOING FORWARD**:

Google brought this case in the summer of 2020. Google originally asserted five patents against Sonos. (D.I. 1) Since then, four of the five patents were found invalid or dismissed due to the lack of a viable infringement theory. Not only did this Court or the US Patent Office find these patents invalid or noninfringed, but foreign adjudicators also found the same.

Despite these global defeats, Google continues to assert US Patent No. 7,899,187 ("the '187 Patent"). Google's assertion of the '187 Patent is exceptional on multiple fronts. Google asserted a European counterpart to the '187 Patent in separate proceedings in three different countries. Each of those countries independently found that Sonos did not infringe. Yet Google continues to assert the same infringement theory that multiple foreign courts already rejected. Specifically, in those actions Google asserted that values named "AuthToken" and "private key" used when registering and validating a music service on a Sonos speaker were the "private key" of the asserted claims ("AuthToken Theory"). But in those proceedings Google presented no evidence that those values were cryptographic (as required by this Court's claim construction). And Google's infringement contentions in this case similarly present no evidence (or even allegation) that those values are cryptographic. Google's continued pursuit of this theory—now its fourth attempt—is exceptional and warrants attorney's fees under 35 U.S.C. § 285. Google also conjured a new infringement theory for the '187 patent, unrelated to the previously-rejected AuthToken theory. This theory is equally baseless and exceptional.

Given this history, Sonos respectfully requests that the Court not set a trial date. Sonos should not be forced to prepare for a trial on Google's baseless and multiply rejected allegations. At this time, the Court should first issue an Order to Show Cause Why The Court Should Not Enter a Judgment of Noninfringement on Google's AuthToken infringement theory. This will minimize the burden on the Court and Sonos, who has already defended these allegations three times. Once that Order to Show Cause is resolved, the Court should enter a schedule setting discovery and

dispositive motions deadlines for Google's alternative infringement theory. If any issues remain after the Court decides those motions, the parties can discuss a trial schedule.

## VI. GOOGLE'S POSITION ON THE SCHEDULE GOING FORWARD:

At 5:44pm PT today, Sonos raised for the first time the notion of an "Order To Show Cause" regarding the '187 patent. Sonos had not mentioned this proposal in any fashion prior to this evening, despite ongoing discussions between the parties on discovery and depositions. Sonos also had not attempted to meet and confer on a trial date or future case scheduling prior to providing this position at 5:44pm PT this evening.

Sonos's last-minute addition to the Joint Status Report requesting a highly unusual "Order To Show Cause" is a clear violation of Civil Local Rule 7-1. Sonos's submission is not an update on the status of discovery, and not responsive to the Court's order seeking a joint report on the status of discovery. Sonos's position is also illogical and meritless. Sonos appears to be requesting early dispositive motion practice, prior to completing its discovery obligations—an apparent attempt to avoid those discovery obligations, or to delay providing outstanding discovery.

To be clear, Google disagrees with the substance of Sonos's position, but consideration of the issue would require at a minimum a properly noticed motion and briefing. Sonos's attempt to bypass Civil Local Rule 7-1 should be rejected. Google and Sonos have not conferred on trial schedules or future discovery schedules. That process should occur before any schedules are discussed. And Sonos, like all litigants in this Court, must follow the Civil Local Rules for any motions it wishes to file—particularly with regard to overreaching requests like the one Sonos currently proposes with no prior notice. Sonos previously presented unreasonable claim construction positions for the '187 patent which this Court rightly rejected. This latest attempt to distort the '187 patent, and avoid a ruling on Sonos's infringement, fares no better, procedurally or substantively.

Respectfully submitted,

Dated: November 15, 2022

/s/ *Patrick Curran*
Patrick Curran
Attorneys for GOOGLE LLC

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*Counsel for Plaintiff Google LLC*

Respectfully submitted,

/s/ *Alyssa Caridis*
Alyssa Caridis
Attorneys for SONOS INC.

ORRICK, HERRINGTON & SUTCLIFFE
LLP

*Counsel for Defendant Sonos Inc.*

**ECF ATTESTATION**

I, Patrick Curran, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with General Order 45, X.B., I hereby attest that Counsel for Sonos has concurred in this filing.

Dated:  November 15, 2022

Patrick Curran
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:     *Patrick Curran*
         Patrick Curran