CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
WILL MELEHANI (SBN 285916)
wmelehani@orrick.com
EVAN D. BREWER (SBN 301411)
ebrewer@orrick.com
SHANE D. ANDERSON (SBN 313145)
sdanderson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>SONOS, INC.,<br><br>        Defendant. | Case No. 3:20-cv-03845-EMC<br><br>**SONOS, INC.'S MOTION TO STRIKE PORTIONS OF THE OPENING EXPERT REPORT OF ALAN T. SHERMAN**<br><br>Date: July 27, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor |

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION ................................................................................................................... 1

STATEMENT OF THE RELIEF REQUESTED ........................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I. INTRODUCTION ............................................................................................................. 2

II. FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 2

III. LEGAL STANDARDS ..................................................................................................... 4

IV. ARGUMENT .................................................................................................................... 4

    A. The Court Should Strike Dr. Sherman's New "DeviceLink" Infringement Theories. .................................................................................................................. 4

    B. The Court Should Strike Dr. Sherman's New "Input To A Cryptographic Algorithm" Theories. ............................................................................................. 6

V. CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Finjan, Inc. v. Symantec Corp.*,
  No. 14-cv-02998-HSG (JSC), 2018 WL 620169 (N.D. Cal. Jan. 29, 2018) ........................ 4, 7

*Klaustech, Inc. v. Google LLC*,
  No. 10-cv-05899-JSW (DMR), 2018 U.S. Dist. LEXIS 222037 (N.D. Cal. Sep. 14, 2018) ............................................................................................................................. 7

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ........................................................................................... 4

*Thought, Inc. v. Oracle Corp.*,
  No. 12-cv-05601-WHO, 2016 WL 3230696 (N.D. Cal. June 13, 2016) ............................. 7

**Other Authorities**

Patent L.R. 3-1(b) ........................................................................................................................ 4

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on July 27, 2023, or as soon thereafter may be heard in Courtroom 5 on the 17th Floor of the San Francisco Courthouse, Defendant Sonos, Inc. ("Sonos") will, and hereby does, move for an order striking portions of the Opening Expert Report of Alan T. Sherman Regarding Infringement of U.S. Patent No. 7,899,187 ("Sherman Report"), served by plaintiff Google LLC ("Google") on May 8, 2023.  This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Alyssa Caridis ("Caridis Decl."), and exhibits thereto, all documents in the Court's file, and such other written or oral argument as may be presented at or before the time this motion is heard by the Court.  The parties met-and-conferred on Wednesday, June 7, 2023.  Google has indicated that it opposes this motion.

**STATEMENT OF THE RELIEF REQUESTED**

Sonos requests that this Court strike the portions of the Sherman Report discussing two previously undisclosed infringement theories.  Specifically, Sonos requests that the Court strike any portions of Dr Sherman's expert report that discuss a previously undisclosed theory that third-party authTokens are "used as an input to a cryptographic algorithm" either when Sonos signs authTokens to create signed authTokens, or if a third-party music provider uses a cryptographic algorithm to verify the authToken.  This includes the following paragraphs: 229, 232-234, 383-384, 387-389, 439-440, 477, 662, 665-667—and 687 to the extent it incorporates any argument from Section X.A.4.(a).(i).(A) of Dr. Sherman's report that is stricken.  Sonos also requests that the Court strike any portion of the report that discuss a previously undisclosed theory that Sonos's DeviceLink functionality infringes the asserted claims, including the following paragraphs: 245-250, 274-289, 315, 417-426, 672, and 686, and the portions of paragraphs 581, 585 and 587-588 that pertain to DeviceLink.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Google's expert on the issue of Sonos's alleged infringement of the '187 Patent, Dr. Alan T. Sherman, raises two new infringement theories that were not previously disclosed in Google's infringement contentions required under this district's Patent Local Rules. Sonos respectfully requests that the Court strike Dr. Sherman's new infringement theories.

First, Dr. Sherman adds a new theory with regard to the claim limitation requiring that Sonos's accused devices "provid[e] the domain information to a key issuer." For this limitation, Google's infringement contentions disclosed only one theory whereby Sonos's accused playback devices send certain data to a third-party music service. But Dr. Sherman's report alleges for the first time that this step also occurs in connection with a previously unaccused feature, DeviceLink, where a mobile device (and not a playback device) sends data to a third-party music service.

Second, Dr. Sherman disclosed a new theory as to how the alleged "private key" meets the requirements of Google's own claim construction. Specifically, Dr. Sherman provides multiple theories, for the first time, as to *how* Sonos's accused authTokens are "used as an input to a cryptographic algorithm" as required by the Court's claim construction. *See* Dkt. 108 at 11. Worse, some of Google's theories are based on speculation that third-party music services may input the authToken into a cryptographic algorithm. Because Google never raised these theories in its contentions as it was required to do, Sonos had no ability to seek discovery from the implicated third parties and obtain the evidence it would need to rebut Google's accusations.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

The asserted claims of '187 Patent generally relate to a method (and an apparatus with circuitry to perform the method) of providing domain information to a key issuer to receive in response a private key that is used by all the devices in the domain to access protected digital content within a digital-rights management system.

Google first provided Infringement Contentions in this case concerning the '187 Patent on October 29, 2020. Since then, Google amended its contentions on March 15, 2021. Google

provided its latest corrected amended infringement contentions on March 30, 2021, to fix some source code citations in its March 15 amended contentions.  In its operative contentions, Google identifies the "Sonos One, One SL, Play:1, Play:3, Five, Play:5, Arc, Playbar, Playbase, Beam, Move, Connect:Amp, Amp, Connect, and Port devices, and all variants thereof" as the products that are accused of infringing the '187 Patent.  Ex. A (Google Infringement Contentions) at 2.[1]  Each of these accused products are playback devices, but for ease of reference in this brief, the accused products will be referred to as speakers.  Google did not accuse the Sonos Controller applications for mobile devices of infringing the '187 Patent.  *Id.*  The Court construed the claims of the '187 Patent on June 7, 2021, and in the nearly two years since, Google never sought to amend its infringement contentions.  Dkt. 108.

On May 8, 2023, Google served the Sherman Report.  Like Google's infringement contentions, the Sherman Report discloses two alternative theories as to how Sonos allegedly infringes the claims of the '187 Patent.  Under his first theory,[2] Dr. Sherman contends that the claimed "private key" is an authToken provided to Sonos speaker devices by third-party music services.  *See* Ex. B (Sherman Report) ¶ 229.  He accuses two different functionalities by which Sonos speaker devices obtain authTokens from third-party music services: AppLink and DeviceLink.  The first functionality—AppLink—involves a Sonos speaker requesting and receiving an authToken from a third party.  *Id.* ¶¶ 237-244.  The second functionality—DeviceLink—instead involves the Sonos Controller app (running on, e.g., a smart phone) requesting and obtaining the authToken for use by the accused Sonos speaker device.  *Id.* ¶¶ 245-250.  As discussed in more detail below, Dr. Sherman's theory as to how Sonos's "DeviceLink" functionality allegedly infringes the asserted claims was not previously disclosed.

---

[1] All exhibits cited herein are attached to the Declaration of the Alyssa Caridis In Support of Sonos's Motion to Strike, filed herewith.

[2] Dr. Sherman's second theory, the "Strong Encryption" theory, posits that the claimed "private key" is a private device key that he contends Sonos devices receive during initial registration and it is not relevant to this motion.

## III. LEGAL STANDARDS

The Patent Local Rules in this district require patentees to serve a disclosure of asserted claims and infringement contentions that addresses "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware." Patent L.R. 3-1(b). "The identification shall be as specific as possible." *Id.* The purpose of these disclosures is to "require parties to crystallize their theories of the case early in the litigation," *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citations omitted).

"A 'party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art references not disclosed in the parties' infringement contentions or invalidity contentions.'" *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998-HSG (JSC), 2018 WL 620169, at *2 (N.D. Cal. Jan. 29, 2018) (citing *ASUS Comp. Int'l v. Round Rock Research, LLC*, No. 12-CV-02099-JST, 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014)). "The dispositive inquiry in a motion to strike is thus whether the allegedly undisclosed 'theory' is in fact a new theory or new element of the accused product alleged to practice a particular claim that was not previously identified in the plaintiff's contentions, or whether the 'theory' is instead the identification of additional evidentiary proof showing that the accused element did in fact practice the limitation." *Id.*

## IV. ARGUMENT

### A. The Court Should Strike Dr. Sherman's New "DeviceLink" Infringement Theories.

Dr. Sherman's theory that Sonos's "DeviceLink" functionality infringes the asserted claims of the '187 Patent should be stricken because Google's infringement contentions contain no such theory. As explained above, DeviceLink differs from the accused AppLink process in that, for DeviceLink, a mobile device running the Sonos app (*i.e.*, a Controller) sends a request to the third-party digital content service, whereas with the accused AppLink process, the accused speaker device itself sends that request. Dr. Sherman has alleged that both DeviceLink and AppLink infringe Claim 1 and Claim 10 of the '187 Patent. For example, for Claim 1's step

1 requiring "providing the domain information to a key issuer," Dr. Sherman explains that this step
2 occurs in connection with Sonos's AppLink functionality when the accused Sonos speaker "sends
3 a getDeviceAuthToken SMAPI request including the household ID (*i.e.*, domain information) to a
4 digital content provider (*i.e.*, key issuer)…" when a speaker seeks to gain access to a music
5 service. Ex. B (Sherman Report) ¶¶ 237-238. But for DeviceLink, this getDeviceAuthToken
6 request is instead sent by the Controller (*e.g.*, a smart phone running the Sonos app). *Id.* ¶ 155.

In order to present a DeviceLink infringement read wherein the accused speaker still
"provid[es]" the household ID to the key issuer, Dr. Sherman provides a new theory. According
to this new theory, the Sonos speaker does the "providing" step in two parts. ▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. And then, if at some point later a speaker
needs access to a third-party music service, "the Controller sends a getDevice AuthToken request
to a digital content provider (*i.e.*, key issuer) that includes the household ID." *Id.* ¶ 246. In this
new theory, Dr. Sherman seems to contend that these two separate processes—(1) the Controller
obtaining the household ID from a Sonos speaker and (2) the Controller separately sending a
request including the household ID to a music service—together constitute the *Sonos speaker*
"providing the domain information to a key issuer." *Id.*

This disjointed "DeviceLink" infringement theory was not disclosed in Google's
infringement contentions. Google's contentions for Claim 1's step of "providing the domain
information to a key issuer," do not discuss any theory whereby the claimed "providing" step
happens when *a Sonos Controller obtains the household ID from a Sonos speaker* when a new
Controller connects to an existing household. *See* Ex. A (Google Infringement Contentions, Ex.
A) at 49-59. Nor is there any disclosure of a Controller, rather than an accused speaker, sending
the household ID to a third-party music service.[3] *Id.* Indeed, Google's contentions for this claim

---

[3] Besides, the Sonos Controller is not even an accused product, so it would be entirely improper for Google to allege that an unaccused product practices a limitation of the claims.

1 limitation do not even mention the Sonos Controller at all. *See id.* at 59 (describing Google's infringement theory that this claim step occurs when "the Sonos Devices [*i.e.*, the accused speakers] transmit the household ID ... to digital content providers via the getDeviceAuthToken API call").

### B. The Court Should Strike Dr. Sherman's New "Input To A Cryptographic Algorithm" Theories.

The Court should strike Dr. Sherman's never-before-seen allegations as to how Google contends that the authToken constitutes a "private key" that is "used as an input to a cryptographic algorithm" as required by the Court's claim construction. Specifically, Dr. Sherman provides two new theories as to how the authToken is used as an input to a cryptographic algorithm. First, he contends that "the authToken is used as [an] input to a cryptographic algorithm when [read: if] any [third-party] music service or digital content provider uses a cryptographic algorithm to verify the authToken." *See, e.g.*, Ex. B (Sherman Report) ¶ 384. He does not provide or discuss any evidence that any third-party actually does this, but merely speculates that they might. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

None of these theories as to how the authToken is "used as an input to a cryptographic algorithm" are disclosed in Google's contentions. Although Google's contentions identify the authToken as the claimed private key, they do not expressly set forth how the authToken qualifies as a private key under the Court's claim construction as the local rules require. Google's contentions include no discussion regarding the algorithms that third parties allegedly use to verify authTokens. And they include only a passing reference to the concept of signed authTokens, with no contention that this process uses the authToken as input to a cryptographic algorithm. *See* Ex. A (Google Infringement Contentions, Ex. A) at 118.[4] If Google had wished

---

[4] Google's failure to address this requirement is particular problematic in light of the fact that the requirement that the claimed private key be used as an input to a cryptographic algorithm was part of Google's own proposed construction. Nor did Google seek at any time in the intervening period of nearly two years to amend its contentions to identify its theory as to how the Court's claim construction is satisfied.

to assert that authTokens are used as an input into a cryptographic algorithm as its expert now contends, then Google was required to make its theory *explicit* rather than simply assume that Sonos might piece together Google's intent from its meager disclosures.  *See Thought, Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO, 2016 WL 3230696, at *6 (N.D. Cal. June 13, 2016) ("The purpose of requiring parties to disclose the basis for their contentions is to make them explicit and streamline patent litigation"); *see also Klaustech, Inc. v. Google LLC*, No. 10-cv-05899-JSW (DMR), 2018 U.S. Dist. LEXIS 222037, at *12 (N.D. Cal. Sep. 14, 2018) (granting a similar Google motion to strike in part because "[i]mplicit disclosures are contrary to the purpose of the local patent rules").

Google's attempt to spring a new infringement theory on Sonos after the close of fact discovery is highly prejudicial.  This is particularly so because part of Google's new infringement theory relies on mere speculation as to what third-party music services may or may not do with the authToken (*i.e.*, whether they use it as input to a cryptographic algorithm).  Had Google properly disclosed that it intended to rely on a theory that was based on third-party functionalities, Sonos could have sought discovery from the third-party music services to rebut Google's contention.  *See Finjan*, 2018 WL 620169, at *2 ("If the theory is *new*, prejudice is 'inherent in the assertion of a new theory after discovery has closed.'") (citing *Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-CV-02243-JST, 2014 WL 709865, at *15 n.7 (N.D. Cal. Feb. 23, 2014)).

## V.   CONCLUSION

For the reasons stated herein, Sonos respectfully requests that Google's new infringement theories be stricken.

Dated:  June 21, 2023

          ORRICK HERRINGTON & SUTCLIFFE LLP
          *and*
          LEE SULLIVAN SHEA & SMITH LLP

          By:  */s/ Alyssa Caridis*
                Alyssa Caridis

          *Attorneys for Sonos, Inc.*

**CERTIFICATE OF CONFERENCE**

Counsel for Google LLC and counsel for Sonos Inc. have conducted a conference regarding Defendant's Motion to Strike Portions of the Opening Expert Report of Alan T. Sherman, which was served on May 8, 2023. Google has indicated that it opposes the motion.

Dated: June 21, 2023

Respectfully submitted,

/s/ Alyssa Caridis
Attorneys for SONOS, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP

LEE SULLIVAN SHEA & SMITH LLP

*Counsel for Sonos, Inc.*