CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
WILL MELEHANI (SBN 285916)
wmelehani@orrick.com
EVAN D. BREWER (SBN 301411)
ebrewer@orrick.com
SHANE D. ANDERSON (SBN 313145)
sdanderson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC, | Case No. 3:20-cv-03845-EMC |
|        Plaintiff, | **SONOS, INC.'S REPLY ISO MOTION TO STRIKE PORTIONS OF THE OPENING EXPERT REPORT OF ALAN T. SHERMAN** |
|    v. | |
| SONOS, INC., | Date: July 27, 2023 |
|        Defendant. | Time: 1:30 p.m. |
| | Place: Courtroom 5, 17th Floor |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ...................................................................................................... 2

    A.     Dr. Sherman's New "DeviceLink" Theory Should Be Stricken ............................ 2

        1.     Google's Opposition Confirms That It Failed to Disclose Its New "DeviceLink" Its Contentions ................................................................. 2

        2.     Google's Other Arguments Are Wrong and Irrelevant. ............................. 4

    B.     Dr. Sherman's New "Input Into A Cryptographic Algorithm" Theories Should Be Stricken ............................................................................... 7

III.    CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. v. Wowza Media Sys.*,
  No. 11-cv-02243-JST, 2014 U.S. Dist. LEXIS 23153 (N.D. Cal. Feb. 22, 2014).............. 3, 11

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 5:12-cv-0630-LHK-PSG, 2014 U.S. Dist. LEXIS 3484 (N.D. Cal. Jan. 9,
  2014) ............................................................................................................................... 9

*BLK Enters., LLC v. Unix Packaging, Inc.*,
  No. CV 18-2151-SVW (KS), 2018 U.S. Dist. LEXIS 225133 (C.D. Cal. Oct. 2,
  2018) ............................................................................................................................... 7

*Droplets, Inc. v. YAHOO! Inc.*,
  No. 12-cv-03733-JST, 2021 U.S. Dist. LEXIS 259658 (N.D. Cal. Apr. 27,
  2021) ............................................................................................................................ 6, 7

*Finjan, Inc. v. Proofpoint, Inc.*,
  No. 13-cv-05808-HSG, 2015 U.S. Dist. LEXIS 44038 (N.D. Cal. Apr. 2, 2015).................... 3

*Finjan, Inc. v. Symantec Corp.*,
  No. 14-cv-02998-HSG (JSC), 2018 U.S. Dist. LEXIS 14953 (N.D. Cal. Jan.
  29, 2018) ......................................................................................................................... 5

*Google LLC v. Sonos, Inc.*,
  No. C 20-06754 WHA, 2022 U.S. Dist. LEXIS 137174 (N.D. Cal. Aug. 2,
  2022) ............................................................................................................................... 9

*Klaustech, Inc. v. Google LLC*,
  No. 10-cv-05899-JSW (DMR), 2018 U.S. Dist. LEXIS 222037 (N.D. Cal. Sep.
  14, 2018) ...................................................................................................................... 2, 3

*Masterobjects, Inc. v. Meta Platforms, Inc.*,
  No. C 21-05428 WHA, 2022 U.S. Dist. LEXIS 180726 (N.D. Cal. Oct. 3,
  2022) ............................................................................................................................... 6

*O2 Micro Int'l Ltd. V. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................. 1

*Oracle Am., Inc. v. Google Inc.*,
  No. C 10-03561 WHA, 2011 U.S. Dist. LEXIS 109544 (N.D. Cal. Sep. 26,
  2011) ............................................................................................................................ 8, 9

*SEC v. Luna*,
  No. 2:10-CV-2166-PMP-CWH, 2014 U.S. Dist. LEXIS 24263 (D. Nev. Feb.
  26, 2014) ......................................................................................................................... 7

ii

*Shared Memory Graphics LLC v. Apple, Inc.*,
  812 F. Supp. 2d 1022 (N.D. Cal. 2010) ................................................................................. 1

*Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*,
  No. C 11-04100 WHA, 2012 U.S. Dist. LEXIS 52486 (N.D. Cal. Apr. 13,
  2012) ................................................................................................................................ 2, 8

**Other Authorities**

L.R. 3-1 .................................................................................................................................... 1

L.R. 3-6 .................................................................................................................................... 5

## I.    INTRODUCTION

Google's opposition demonstrates a fundamental misunderstanding of infringement contentions in this district.  Google appears to believe that if it can find a particular word in its infringement contentions—regardless of its context—then its contentions sufficiently disclosed any theories related to that word.  That, of course, is not the standard.  Disclosures in this district are required so that parties "crystallize their ***theories*** of the case early in the litigation."  *O2 Micro Int'l Ltd. V. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (emphasis added). Importantly, "the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant ***why*** the plaintiff believes it has a reasonable chance of proving infringement." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (citations and internal quotations marks omitted, emphasis added).  Sonos brought the present motion because the ***theories***, or the ***why***, of certain allegations presented in Dr. Sherman's report are brand new.

Google opposes Sonos's motion by providing various quotes and tables that it claims show prior disclosure of Dr. Sherman's new theories.  A review of the cited content reveals these positions to be mere handwaving.  The cited materials largely describe unrelated functionalities, often performed by different (unaccused) devices—not the transmissions or algorithms that Dr. Sherman has newly alleged infringe.  Moreover, even where Google's contentions mention a functionality or element that overlaps with Dr. Sherman's discussion, those contentions lacked any *explanation* of the infringement *theories* that Dr. Sherman raises for the first time.

Google also offers various excuses for its non-disclosure, but none are meritorious.  For Dr. Sherman's new DeviceLink theory, Google argues that the history of litigation reveals that Sonos knew Google was accusing DeviceLink and therefore Sonos suffered no prejudice.  But even if such informal notice was relevant (it isn't), the reality is that Google only (informally) accused DeviceLink after Sonos had relied on Google's contentions to identify DeviceLink as a non-infringing alternative.  And for Dr. Sherman's new "cryptographic algorithm" theories, Google declares that it was not required to explain in its contentions how the accused products satisfied the claim limitation.  But that is exactly what it needed to do, because "expert reports

1    cannot go beyond the bounds of the disclosed infringement theories and introduce new theories

2    not disclosed in the contentions."  *Klaustech, Inc. v. Google LLC*, No. 10-cv-05899-JSW (DMR),

3    2018 U.S. Dist. LEXIS 222037, at *6-7 (N.D. Cal. Sep. 14, 2018).

4    **II.     ARGUMENT**

5         **A.     Dr. Sherman's New "DeviceLink" Theory Should Be Stricken.**

6              **1.     Google's Opposition Confirms That It Failed to Disclose Its New
                         "DeviceLink" Its Contentions.**
7

8         Google's contentions did not disclose a theory for the limitation "providing domain

9    information to a key issuer" where the alleged "domain information" was first sent from an

10   accused Sonos player to an ***un***accused Sonos app, and then subsequently sent by the ***un***accused

11   Sonos app to the alleged key issuer (a.k.a., "DeviceLink"), as Dr. Sherman now accuses.  Mot. at

12   4-5.  In opposition, Google points to a handful of instances where its contentions referenced

13   "DeviceLink" or "Browser Authentication."  Opp. at 5-7.  Of course, a passing reference to an

14   overall process does nothing to put Sonos on notice that Google alleges that an unaccused Sonos

15   application sending a message to an alleged key issuer satisfies the "providing" limitation of the

16   claims.  Indeed, Google does not identify any language in its contentions that describes *a Sonos*

17   *app* "providing" the domain information to the key issuer as occurs with DeviceLink.  *Id.* at 5-9.

18   Because its DeviceLink theory was not previously disclosed, it should be struck.  *See Tessenderlo*

19   *Kerley, Inc. v. Or-Cal, Inc.*, No. C 11-04100 WHA, 2012 U.S. Dist. LEXIS 52486, at *11 (N.D.

20   Cal. Apr. 13, 2012) (explaining that a plaintiff's contentions must "articulate the precise way in

21   which it believes the product is infringing").

22        Google tacitly admits that it did not disclose any such theory by asserting that no such

23   disclosure was required.  Opp. at 7.  As Google contends, "[s]ince the '187 patent claims are

24   agnostic regarding whether the 'domain information' is provided directly or indirectly, this

25   difference between AppLink and DeviceLink is irrelevant to Google's infringement theory."  *Id.*

26   In other words, Google now contends it was employing an implicit claim construction of

27   "providing domain information to a key issuer," that "allows" the providing to be performed

28

"indirectly."[1]  And based on this undisclosed claim construction, Google felt there was no need to explain its theory as to how the "providing" actually occurs in connection with DeviceLink.  If that was Google's contention, it "was required by the local rules to make that notion clear in the contentions."  *Adobe Sys. v. Wowza Media Sys.*, No. 11-cv-02243-JST, 2014 U.S. Dist. LEXIS 23153, at *51 (N.D. Cal. Feb. 22, 2014).  Google's contentions do not indicate that it is applying the claim language in this way, nor did Google raise this issue during claim construction.  Indeed, Google's contentions mention no transmission from a Sonos app to the alleged "key issuer" at all.

This is precisely the kind of "implicit" theory that courts in this district have repeatedly struck down as inadequately disclosed.  *See Klaustech*, 2018 U.S. Dist. LEXIS 222037, at *12 (granting a similar Google motion to strike in part because "[i]mplicit disclosures are contrary to the purpose of the local patent rules").  It was not Sonos's burden to deduce that Google had construed "providing … to the key issuer" in a way that would cover undisclosed transfers using an unaccused device.  "Neither the Court nor the Defendants should be required to guess which aspects of the accused products allegedly infringe each claim element."  *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 U.S. Dist. LEXIS 44038, at *22-23 (N.D. Cal. Apr. 2, 2015); *see also Adobe*, 2014 U.S. Dist. LEXIS 23153, at *14 (The "ambiguity [in the infringement contentions] must be construed against [the patentee] in light of the purpose of the patent local rules, which is to establish the universe of infringement theories that will be litigated in any given case.").

An examination of what was actually disclosed in its contentions shows that Google did not put Sonos on notice of its DeviceLink theory.  In particular, Google points to one screenshot mentioning both "app authentication" and "browser authentication" as a supposed disclosure of its infringement theory whereby the "providing" step occurs via two distinct transmissions.  *See* Opp. at 7 (citing Ex. A at 50)[2].  This screenshot says nothing about how DeviceLink satisfies the "providing" step.  Indeed, the only screenshot that shows the alleged "providing" transmission is

---

[1] Of course, had Google actually put Sonos on notice of this theory in its contentions, the issue could have been teed up during the claim construction dispute.

[2] Lettered exhibits cited herein were filed with Sonos's Motion.  Numbered exhibits cited herein were filed with Google's Opposition.

a diagram that appears a few pages later and *only shows the AppLink process.*  Ex. A at 54.  And, although similar diagrams depicting the DeviceLink process are available on the same Sonos website, Google opted not to include them in its contentions.  *See* Ex. B ¶ 274 (citing, for the first time, the DeviceLink diagram depicting the newly alleged transmissions from the Sonos app to the alleged key issuer).

The only other supposed disclosure that Google identifies in its contentions is a cursory discussion of ███████████████████ in the source code.  Opp. at 7.  This cited disclosure is not part of Google's contentions for the "providing" step at issue.  Nonetheless, Google implies ████████████████

## 2.    Google's Other Arguments Are Wrong and Irrelevant.

Google next argues that, regardless of what it included in its contentions, Sonos should have known that DeviceLink was accused based on two events that occurred during litigation (and well after the contentions deadline).  Opp. at 7.  Even if such outside events could excuse Google's deficient contentions, neither event demonstrates that Sonos had any understanding that DeviceLink was accused.  In fact, both events show the opposite.  And neither event revealed Google's new theory for how DeviceLink allegedly practices the "providing" step.

As an initial matter, Google cites no authority for its suggestion that its failure to disclose a theory in its infringement contentions can be excused by alleged notice provided elsewhere.  There is no such rule.  If plaintiffs could simply disclose a new theory via notice in a letter or via

---

[3] Google's brief mischaracterizes this code as serving "to forward an authToken and authKey to the requesting Sonos speaker."  Opp. at 7.  This is incorrect, and as explained above, it is also irrelevant.

1   other "conduct," there would be no need for the process set forth in this district's L.R. 3-6 for

2   amending contentions.  The existence of this strict amendment process demonstrates that

3   Google's notice-via-"history of litigation" arguments are meritless.

4          But even if the Court were inclined to consider such "notice," the referenced litigation

5   events fail to disclose Dr. Sherman's new theories.  The first event Google claims provided notice

6   is an email that counsel for Google sent Sonos after the close of fact discovery following Sonos's

7   identification of DeviceLink as a non-infringing alternative.  Opp. at 7-8, Ex. 9.  The email states,

8   without explanation, that "Google's operative infringement contentions already accused

9   DeviceLink functionality."  Ex. 9.  But, because Sonos already had Google's contentions and

10  knew that they did not disclose any such theory, this misstatement provided notice only of

11  Google's intent to potentially argue in the future that its contentions somehow extended to

12  DeviceLink.  As explained above, they do not.  And nothing in this email discloses Google's

13  theory as to how DeviceLink performs the "providing" step at issue.

14         The second event that Google asserts as evidence of Sonos's notice of Google's

15  DeviceLink theory is the deposition of a Sonos Engineer, Konstantin Vovk, on various subjects

16  including DeviceLink.  Opp. at 8.  But, as Google acknowledges in its opposition, Sonos had

17  identified DeviceLink as a *non-infringing alternative*, so it was relevant regardless of Google's

18  failure to accuse it.  *Id.* at 7.  Further, Google's own exhibits show that Mr. Vovk was designated

19  to testify on Topic 7, which pertained to non-infringing alternatives, i.e., DeviceLink.  *See* Opp.

20  Ex. 2 (designating Mr. Vovk to testify on 30(6)(6) topic 7); Ex. 7, 22:1-25:24 (questioning Mr.

21  Vovk on Topic 7 and DeviceLink as a non-infringing alternative).  Because DeviceLink, as a non-

22  infringing alternative, was within the scope of Mr. Vovk's 30(b)(6) testimony, Sonos had no

23  reason to object to questions on the subject.

24         Google also argues that its contentions can be excused because Sonos has suffered no

25  prejudice.  This is legally wrong.  "If the theory is *new*, prejudice is inherent in the assertion of a

26  new theory after discovery has closed."  *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998-HSG

27  (JSC), 2018 U.S. Dist. LEXIS 14953, at *7 (N.D. Cal. Jan. 29, 2018) (citations and internal

28  quotations marks omitted).  It is also factually wrong.  Sonos relied on Google's contentions to

identify non-infringing alternatives.  But when Sonos identified this non-infringing alternative, Google seemingly conjured up the position that it had actually accused that functionality all along.  Accordingly, Google's non-disclosure of its DeviceLink theory prejudiced Sonos's ability to identify non-infringing alternatives.

In light of these circumstances, the cases Google cites regarding prejudice are inapposite. First, Google cites *Masterobjects, Inc. v. Meta Platforms, Inc.*, No. C 21-05428 WHA, 2022 U.S. Dist. LEXIS 180726, at *4 (N.D. Cal. Oct. 3, 2022) and implies that the court there suggested that prejudice cannot exist when a defendant's own system is accused.  *See* Opp. at 8.  Google further adds that Sonos cannot claim prejudice because "DeviceLink is Sonos's own software."  *See* Opp. at 8.  In *Masterobjects*, the court did not deny a motion to strike simply because the accusations concerned the defendant's own product.  Rather, the court found that the defendant had misused the knowledge of its own product to conceal and misrepresent the aspects of its product that were "most vulnerable to a theory" of infringement.  *Masterobjects*, 2022 U.S. Dist. LEXIS 180726, at *4-7.  That is nothing like what occurred here—Google failed to properly accuse DeviceLink despite having access to documents and source code for the feature.  Moreover, as explained above, the prejudice to Sonos does not stem from a need to "understand how DeviceLink works" but rather from Sonos's inability to rely on Google's contentions in determining what is and is not accused for purposes of assessing non-infringing alternatives.

Second, Google argues that the decision in *Droplets, Inc. v. YAHOO! Inc.*, No. 12-cv-03733-JST, 2021 U.S. Dist. LEXIS 259658, at *25 (N.D. Cal. Apr. 27, 2021) suggests that Google's new DeviceLink accusations are permissible because the "accused Applink process is substantively identical to DeviceLink."  Opp. at 8.  This is false (which is why Dr. Sherman addressed AppLink and DeviceLink separately in his expert report).  *See, e.g.*, Ex. B ¶¶ 686 (addressing DeviceLink), 687 (addressing AppLink).  To support this misleading premise, Google repeatedly cites to Mr. Vovk's testimony agreeing that "the flow [] with the authtoken being used to authenticate a user and access a resource" would be the same for both AppLink and DeviceLink.  But the cited testimony concerns how the authToken is used *after* it is obtained using one of those processes.  It does not pertain to the different processes for "providing domain

information" (a step that precedes obtaining the authToken), which is what is at issue here.  *See* Ex. 7, 56:21-57:6 (explaining that AppLink and DeviceLink are different "authentication mechanisms" for "getting the authtoken").  This case is therefore unlike *Droplets*, where the expert did not accuse *different mechanisms* (as Google seeks to do here) but instead simply cited a different "version" of the code pertaining to the same functionality, that "operated in the same way."  *Droplets*, 2021 U.S. Dist. LEXIS 259658, at *25.

Third, Google cites out-of-district decisions from non-patent cases to suggest that Sonos has suffered no prejudice because its expert served a rebuttal report explaining how Dr. Sherman's DeviceLink infringement theories are incorrect.  Opp. at 8-9.  Sonos's expert report, however, does nothing to remedy the fact that Google is belatedly contending that one of Sonos's non-infringing alternatives is in fact accused.  This case is therefore unlike *BLK Enters., LLC v. Unix Packaging, Inc.*, No. CV 18-2151-SVW (KS), 2018 U.S. Dist. LEXIS 225133, at *7 (C.D. Cal. Oct. 2, 2018) or *SEC v. Luna*, No. 2:10-CV-2166-PMP-CWH, 2014 U.S. Dist. LEXIS 24263, at *27 (D. Nev. Feb. 26, 2014), both of which involved a defendant attempting to strike new materials without the ability to identify any prejudice.[4]

**B.     Dr. Sherman's New "Input Into A Cryptographic Algorithm" Theories Should Be Stricken.**

Google's infringement contentions failed to provide any notice of Dr. Sherman's new theories that authTokens (the claimed "private key") are "used as an input to a cryptographic algorithm" as the Court's claim construction requires. Mot. at 6-7.  Google responds largely by noting that it identified the "authToken" as the claimed "private key."  But merely identifying the data structure that Google contends is the private key failed to put Sonos on notice of Dr. Sherman's new theories regarding *how* authToken meets the requirements that the claimed "private key" be used as "input to a cryptographic algorithm."  Specifically, Google does not

---

[4] Google's brief also implies that Sonos has sought to strike Google's theories because they are substantively meritless.  *See* Opp. at 9.  While Sonos believes the theories are meritless, Sonos's basis for this motion is that Google did not disclose these theories in its contentions.  The materials Google cites as alleged argument over "substance" are simply explanations of how DeviceLink and AppLink differ.  *See, e.g.,* Opp. at 9 (discussing Sonos's explanation that DeviceLink involves "two separate processes" and involves "a Controller, rather than an accused speaker, sending the household ID to a third-party music service").

appear to contest that its contentions fail to disclose the two "cryptographic algorithm" theories that Dr. Sherman sets out in his report.  Much like the prior dispute, Google's opposition simply pretends that the requirement to disclose *theories* in its contentions does not exist.

Google argues that the local rules do not require Google to disclose its contentions for the particular requirements of the Court's claim construction.  *See* Opp. at 10.  According to Google, such a level of detail is appropriate for expert reports but not contentions.  *Id.*  In particular, Google asserts that the local rules in this district require Google to identify "where" an element can be found.  Google has failed to do even this, as Google's contentions do not disclose "where" the required "cryptographic algorithm(s)" can be found.  But in any event, Google is wrong to suggest that it was not obligated to disclose its specific *theory* as to *how* the identified element meets the claim language.  *See Tessenderlo*, 2012 U.S. Dist. LEXIS 52486, at *11 (explaining that infringement contentions must "articulate the precise way" that a product infringes).

In *Oracle Am., Inc. v. Google Inc., No. C 10-03561 WHA*, 2011 U.S. Dist. LEXIS 109544, at *14 (N.D. Cal. Sep. 26, 2011), Google successfully moved to strike an expert report that reached beyond the infringement contentions in the same way that Dr. Sherman's does here.  The claim at issue required "removing [] duplicate elements" and the court explained that Oracle's contentions had identified a particular "Android dx tool" as the infringing item.  *Id.*  But Oracle's contentions did not explain what process was used to remove duplicates.  *Id.*  Instead, the contentions only showed that use of the accused dx tool produced a file that allowed one to "infer[] that the duplicated elements must have been removed along the way."  *Id.*  However, in its expert report, Oracle identified for the first time a TreeMap sub-process within the dx tool that allegedly embodied the "removing" claim requirement.  *Id.* at *14-15.  Siding with Google, the court struck the TreeMap material from Oracle's expert report—despite the fact that the contentions identified the subsuming dx tool— because "the contentions did not disclose *any* specific theory as to where this [removing] limitation was found in the dx tool process."  *Id.* at *15.  The contentions, the Court explained, must "identify specifically where *each limitation* of each asserted claim is found in the accused item."  *Id.* at *14.  The same reasoning applies here. Just as Oracle's contentions identifying the high-level dx tool were not enough to disclose a

SONOS'S REPLY ISO MOTION TO STRIKE
3:20-cv-03845-EMC

theory regarding the particular Tree-map subprocess, Google's prior identification of an authToken as the private key is not enough to disclose the particular cryptographic algorithm theories Dr. Sherman now describes.  Rather, if Google wished to rely on a theory that identifies particular algorithms, Google's contentions were required to explain a "specific theory" as to how that authToken was "input into a cryptographic algorithm."  *Id.*  They do not.

Neither of Google's cited cases suggest a party can neglect to address specific requirements of a claim (whether set forth in the text of the claim itself or through claim construction).  In *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 5:12-cv-0630-LHK-PSG, 2014 U.S. Dist. LEXIS 3484, at *65 (N.D. Cal. Jan. 9, 2014), the court was simply remarking that contentions "need not disclose specific evidence."  And in *Google LLC v. Sonos, Inc.*, No. C 20-06754 WHA, 2022 U.S. Dist. LEXIS 137174, at *5 (N.D. Cal. Aug. 2, 2022), the court declined to strike an invalidity theory that simply "spelled out what [the] invalidity contentions recite."  Neither case suggests that an expert can address claim requirements for the first time in his report.

Google's attempt to demonstrate that its contentions explain how authTokens constitute an "input to a cryptographic algorithm" is mere handwaving.  None of the cited contentions disclose a theory as to what algorithm is the required "cryptographic algorithm" and, indeed, neither the contentions, nor Google's argument in opposition, even make mention of such a "cryptographic algorithm."

As explained in Sonos's motion, Dr. Sherman's first new "cryptographic algorithm" theory alleges that the authToken is used an an input into a cryptographic algorithm when/if a third party music provider "uses a cryptographic algorithm to verify the authToken."  Mot. at 6 (citing Ex. B (Sherman Report) ¶ 384).  Google's opposition fails to point to ***any*** disclosure of its theory that the authToken is input into a music service provider's "cryptographic algorithm."  Google provides a comparative table citing software code, but all that code runs on Sonos players, and so has no bearing on Dr. Sherman's new contention that the authToken is an input to a cryptographic algorithm used by a third-party music service.  Nor does any of the material cited in the table show that Google provided any *explanation* of a *theory* that it was relying on third-party algorithms as the required "cryptographic algorithm."  The same is true with regard to

1   Google's various statements that the authToken is used as "input to API calls."  *See* Opp. at 11-

2   12.  These API calls are not the third-party cryptographic algorithms that are the lynchpin of Dr.

3   Sherman's theory, and Google does not even attempt to argue otherwise.  It was not until Dr.

4   Sherman's report that Google suggested that the algorithms (potentially) employed by third

5   parties are the required "cryptographic algorithm."  Ex. B (Sherman Report) ¶ 384.[5]

6          Dr. Sherman's second theory, which identifies ████████████████████████

7   ████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████

17  ████████████████████████   Indeed, the cited passages are provided only for the

18  limitation "receiving a private key from the key issuer for use in accessing protected digital

19  content."  *See* Ex. A at 110.  Google did not cite those passages for limitation 1.c, which is the

20  first claim limitation where the "private key" is introduced.  *See id.* at 49-110.  Accordingly, the

21  contentions Google cites do nothing to put Sonos on notice as to which of the various processes

22  discussed in Google's chart constitute the required "cryptographic algorithm."  Nor do they reveal

23  that Google has multiple alternative theories whereby different processes performed by different

24  parties can be the required "cryptographic algorithm."

25

26  ―――――――――――――――
    [5] Google suggests that Sonos should have known to take discovery from third parties relating to
27  this theory.  Opp. at 13.  This is another example of Google expecting Sonos to divine what
    Google failed to actually disclose.  Sonos had no way of knowing that Google intended to rely on
28  the operations (algorithms) of third parties to meet this limitation, and therefore had no reason to
    seek discovery.

1  Google's perplexing argument that it did not need to address the requirements of the

2  Court's claim construction because Google proposed the construction is likewise unavailing.

3  Opp. at 13-14.  If Google knew that a "private key" was required to be used as input to a

4  cryptographic algorithm all along, then it has even less excuse for failing to disclose Dr.

5  Sherman's new theories in its infringement contentions.  The fact that the Court adopted Google's

6  construction simply means that Google has no excuse for failing to disclose the theories earlier.

7  But that failure does not give Google free reign to disclose new theories for the first time via its

8  expert report.  *See Adobe*, 2014 U.S. Dist. LEXIS 23153, at *47 (explaining that an expert cannot

9  opine on new infringement theories that were not previously identified in the party's infringement

10  contentions).

11  Finally, Google complains that Sonos is seeking to strike portions of its expert report

12  based on non-infringement arguments.  Opp. at 13.  Not so.  Google is correct that its failure to

13  prove, for example, that third parties use "cryptographic algorithms" is a basis for granting

14  summary judgement of non-infringement in this case, and Sonos will argue that point in its

15  upcoming motion.  The issue here, however, is Google's failure to disclose such a theory in

16  Google's contentions.  But that does not mean Google's lack of disclosure and lack of proof are

17  unrelated.  Indeed, it should not come as a surprise that Google failed to disclose its theories

18  while likewise failing to obtain evidence to prove those theories.  Rather, that is to be expected

19  for new theories originally raised in an expert report, after the time for obtaining evidence to

20  support them has expired.

21  **III.    CONCLUSION**

22  For the reasons stated herein, Sonos respectfully requests that Google's new infringement

23  theories be stricken.

24  Dated: July 12, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Alyssa Caridis*

Alyssa Caridis

*Attorneys for Sonos, Inc.*

SONOS'S REPLY ISO MOTION TO STRIKE
3:20-CV-03845-EMC