| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>David A. Nelson (admitted pro hac vice)<br>davidnelson@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, Illinois 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Patrick D. Curran (SBN 241630)<br>patrickcurran@quinnemanuel.com<br>111 Huntington Ave., Suite 520<br>Boston, Massachusetts 02199<br>Telephone: (617) 712-7100<br>Facsimile: (617) 712-7200<br><br>Jeffrey S. Gerchick (admitted pro hac vice)<br>jeffgerchick@quinnemanuel.com<br>1300 I Street, NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: (202) 538-8000<br>Facsimile: (202) 538-8100<br><br>Attorneys for Google LLC | CLEMENT SETH ROBERTS (SBN 209203)<br>croberts@orrick.com<br>BAS DE BLANK (SBN 191487)<br>basdeblank@orrick.com<br>ALYSSA CARIDIS (SBN 260103)<br>acaridis@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: +1 415 773 5700<br>Facsimile: +1 415 773 5759<br><br>GEORGE I. LEE (admitted pro hac vice)<br>lee@ls3ip.com<br>SEAN M. SULLIVAN (admitted pro hac vice)<br>sullivan@ls3ip.com<br>RORY P. SHEA (admitted pro hac vice)<br>shea@ls3ip.com<br>J. DAN SMITH (admitted pro hac vice)<br>smith@ls3ip.com<br>LEE SULLIVAN SHEA & SMITH LLP<br>656 W Randolph St., Floor 5W<br>Chicago, IL 60661<br>Telephone: +1 312 754 0002<br>Facsimile: +1 312 754 0003<br><br>Attorneys for Defendant Sonos, Inc. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　　Defendant. | Civil Action No. 3:20-CV-03845-EMC<br><br>**JOINT SCHEDULING PROPOSAL PURSUANT TO THE ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 206)** |

Pursuant to this Court's May 7, 2024, Order (Dkt. 206) (the "Order"), Defendant Sonos, Inc. ("Sonos") and Plaintiff Google LLC ("Google") (together the "Parties") submit this joint scheduling proposal to schedule the second round of briefing on motions for summary judgment to address the issues identified in that Order. Those issues are: (1) "whether there is sufficient evidence in the record to support a jury finding the domain information informs *which key* is issued; i.e., is the key 'based on' the domain information?" and (2) "may the [private] key be any input into a cryptographic algorithm, include [sic] the input that is modified by the algorithm, or must it be the input that prompts the modification to occur?" ("the Issues"). Order, 24.

Counsel for Sonos and Google have conferred regarding the second round of briefing and are at an impasse regarding two issues. The parties' competing proposals are below:

**Sonos's Proposal:** First, Based on the parties meet and confer, Google seeks to engage in rounds of simultaneous *Markman*-style claim construction disclosures, including articulating proposed constructions, regarding the construction of "private key," as though the parties and Court are starting from scratch on the meaning of this term. This is unnecessary because the Court ordered the parties to brief the narrow issue of "*which input* in the cryptographic algorithm the purported key must be." *Id.*, 17. Sonos is, however, willing to exchange extrinsic evidence in advance to allow Google's expert to address Sonos's extrinsic evidence in support of its position.

Relatedly, the Court should reaffirm that its request for briefing regarding the "private key" issue is limited to the claim construction issue described above. Google's proposal indicates that it improperly seeks to pursue discovery regarding "how Sonos's accused products operate … under the parties' proposed constructions of 'private key'," which is beyond the scope of the Court's order.

Second, Google seeks to take fact discovery in the form of a further 30(b)(6) deposition of Sonos regarding the Authentication theory "based on" issue. Sonos disagrees that this is necessary or permissible, as the Court ordered the parties to submit a "second round of summary judgment briefing" and conduct "limited discovery to determine if there is sufficient evidence **in the record**." *Id.*, 14 (emphasis added); *see also id.*, 24. Google should not be permitted a re-do of fact discovery to supplement that record (which would necessarily result in requiring a Sonos engineer to sit for a

second deposition in this case). That said, Sonos's proposal includes a period for expert discovery of the evidence in the record.

Sonos's proposal also has the added benefit of allowing the Court to more promptly resolve these issues and avoids dragging this simple process out for another six months.

**Sonos's Proposed Schedule**:

| Event | Deadline |
|---|---|
| Simultaneous exchange of non-expert opinion extrinsic evidence to support the party's affirmative claim construction position[1] | May 31, 2024 |
| Google's Supplemental Expert Report Limited To Addressing The Issues | June 7, 2024 |
| Sonos's Rebuttal Expert Report | June 21, 2024 |
| Last Day To Conduct Expert Depositions | June 28, 2024 |
| Sonos's Opening Brief (10 pages) | July 12, 2024 |
| Google's Opposing Brief (10 pages) | July 26, 2024 |
| Sonos's Reply Brief (5 pages) | August 2, 2024 |

**Google's Proposal:** The Court's Order sets forth a procedure for limited additional claim construction discovery, fact discovery, and expert discovery. Google's proposed schedule provides the parties the opportunity to conduct this limited fact and expert discovery to fully address the remaining issues.

With respect to the term "private key," the Court recognized that whether the AuthToken constitutes a private key "requires further claim construction of the term 'private key,' not fully briefed by the parties." Order, 16. The parties have not yet disclosed proposed constructions for "private key" that characterize their respective positions relative to this dispute, nor have they identified evidence supporting these positions as required by Patent Local Rule 4-2. Google's

---

[1] This disclosure shall be without prejudice to the parties' ability to rely on additional extrinsic evidence to rebut the other party's extrinsic evidence.

proposed schedule complies with the patent local rules by setting forth dates for the parties to exchange proposed constructions and supporting evidence for the term "private key." This schedule, which provides for an exchange of proposed constructions, will ensure that the parties are accurately addressing the parties' respective positions and applying them in the contemplated expert reports and supplemental briefing. The Court also recognized that additional limited discovery may be needed on this point. Order, 24.

With respect to the term "based on," the Court construed this term for the first time in its summary judgment Order. Order, 10-14. The parties were not able to conduct fact and expert discovery applying the Court's construction of "based on." As the Court stated in its Order, this new construction may require "limited discovery to determine if there is sufficient evidence in the record to raise a triable issue as to whether the key is 'based on' the domain information per the Court's construction of the term." Order, 14. Google's proposed schedule provides for limited additional fact discovery to determine how Sonos's accused products operate both under the parties' proposed constructions of "private key" and under the Court's new construction of "based on." This additional discovery may provide more direct evidence to the parties' experts, to more directly provide their respective supplemental infringement analysis and response under the new constructions. Google proposes that such additional fact discovery consist of, at most, 3-4 hours of 30(b)(6) testimony from a Sonos representative.

**Google's Proposed Schedule**:

| Event | Deadline |
|---|---|
| Simultaneous exchange of proposed claim constructions and non-expert opinion extrinsic evidence to support the party's affirmative claim construction position with respect to "private key"[2] | 14 days from the Court's Order on the schedule |
| Deposition of Sonos's 30(b)(6) designee on AuthToken implementation | Within 60 days from preliminary exchange |
| Google Opening Supplemental Expert Report | Within 21 days of deposition |
| Sonos Supplemental Rebuttal Expert Report | Within 21 days of Opening Supplemental Expert Report |

---

[2] This disclosure shall be without prejudice to the parties' ability to rely on additional extrinsic evidence to rebut the other party's extrinsic evidence.

| Last Day To Conduct Expert Depositions | Within 21 days of Rebuttal Expert Report |
|---|---|
| Sonos's Opening Brief (10 pages) | Within 21 days of last expert deposition |
| Google's Opposing Brief (15 pages) | 21 days after Opening Brief |
| Sonos's Reply Brief (5 pages) | 15 days after Opposing Brief |

Dated:  May 14, 2024                                       Respectfully submitted,

*/s/ Jeffrey S. Gerchick*                                    */s/ Alyssa Caridis*

Jeffrey S. Gerchick                                          Alyssa Caridis
QUINN EMANUEL URQUHART &               ORRICK, HERRINGTON & SUTCLIFFE
SULLIVAN, LLP                                                 LLP

*Counsel for Plaintiff Google LLC*                *Counsel for Defendant Sonos Inc.*

**ECF FILER ATTESTATION**

I, Sean Taheri, am the ECF User whose ID and password are being used to file this JOINT SCHEDULING PROPOSAL PURSUANT TO THE ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 206). In compliance with LR 5-1(h)(3), I hereby attest that the other signatory on this document has concurred in the filing of this document.

Dated:  May 14, 2024                    */s/ Sean Taheri*
                                        Sean Taheri
                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN LLP